

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 00-37 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC., AND JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY, | § § § § § § § | |
| Defendants | § | |

United States District Court
Southern District of Texas
FILED

APR 17 2000

Michael N. Milby
Clerk of Court

## LEGION INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Legion Insurance Company ("Legion") files this Response in Opposition to Plaintiffs' Motion to Remand[1] and shows the following:

### I. INTRODUCTION

1. The Court should deny Plaintiffs' Motion to Remand. Removal of this action was proper because Plaintiffs' fraudulently joined John Little. As such, this case should remain in this Court.

### II. DISCUSSION

2. Legion amply demonstrated Mr. Little's fraudulent joinder in its Notice of

---

[1] Legion incorporates its Notice of Removal by reference as if fully set out herein.

262506

Removal. Plaintiffs Motion for Remand provides no reason for the Court to remand the case. Instead, the Notice for Remand reveals Plaintiffs' misunderstanding of the relevant test for fraudulent joinder, the claims they attempt to assert against Mr. Little, the law regarding diversity jurisdiction, and the procedure relating to removal.

### A. **Legion applied the proper test**

3. Legion properly applied the test for determination of whether Mr. Little was fraudulently joined. As stated by the Fifth Circuit:

> [The Court] must determine whether there is any reasonable basis for predicting that [the Plaintiffs] might be able to establish [Little's] liability on the pleaded claims in state court.

Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999) (analyzing fraudulent joinder of an insurance agent in a case filed against the agent and an insurer).

4. Legion applied this test in analyzing the claims asserted against Mr. Little in the Notice of Removal. After application of the test, it is clear that Plaintiffs' have no chance of establishing liability of Mr. Little on the claims alleged in their petition.

### B. **Plaintiffs' misunderstand the flaws in their Count I misrepresentation claim against Little**

5. In addition to misunderstanding the test for fraudulent joinder, Plaintiffs completely misunderstand the fatal flaw in their Count I misrepresentation claim asserted against Little. The problem is not one of specificity of pleading, but of the nature of the claim for misrepresentation.

6. Here, the Plaintiffs claim that certain representations were made about the

2

terms of the policies issued by Legion. See Original Petition at ¶9. <u>Plaintiffs also allege that the policies themselves contained those exact terms.</u> See Original Petition at ¶19.[2] Thus, their claim is not one of misrepresentation of the particular terms of the policy, but that particular claims, which they believed would fall within the ambit of the policy, were not paid. Again, as detailed in the Notice of Removal, such allegations do not state a claim for fraud. See e.g. <u>Burton v. State Farm Mutual Automotive Insurance Company</u>, 869 F.Supp. 480, 486 (S.D.Tex. 1994), aff'd, 66 F.2d 319 (5th Cir. 1995); <u>Parkins v. Texas Farmers Ins. Co.</u>, 645 S.W.2d 775, 777 (Tex. 1983); <u>State Farm County Mutual Ins. Company of Texas v. Moran</u>, 809 S.W.2d 613, 620-621 (Tex.App.--Corpus Christi 1991, writ den'd).

### C. Plaintiffs seek to alter their Original Petition to allege a claim under the Count II misrepresentation claim

7. Next, the Plaintiffs seek to alter the Count II claim for misrepresentation against Little to avoid removal. Their alteration does not save the claim.

8. First, as detailed in the Notice of Removal, in the Original Petition, Plaintiffs admit that they knew the Castillo claim was excluded by the policy. See Original Petition at ¶26. Thus, there can be no claim for misrepresentation based upon a representation that the claim was covered. See e.g. <u>Haralson v. E.F. Hutton Group, Inc.</u>, 919 F.2d 1014, 1026 (5th Cir. 1990); <u>Chitsey v. Nat'l Lloyds Ins. Co.</u>, 698 S.W.2d 766, 769 (Tex.App.--Austin 1985), aff'd, 738 S.W.2d 641 (Tex. 1987).

9. Now, Plaintiffs change their position to allege that their true claim is that Mr.

---

[2] Indeed, the Motion to Remand attaches (as **Exhibit A** to the Affidavit of Timothy E. Weitz) a purported copy of

3

262506

Little falsely represented that Legion would pay the Castillo claim in spite of the fact that it was not covered under the policy. Of course, a promise of future performance cannot serve as the basis for a claim of fraud unless the defendant made the representation with the intent not to perform. See e.g. In the Matter of Haber Oil Co., Inc., 12 F.3d 426, 437 (5th Cir. 1994); Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998). Here, however, Legion was the entity that was to perform, not Mr. Little. Accordingly, only Legion could be held responsible for making a representation that it would pay the Castillo without the intent to perform. As such, Plaintiffs have no chance of establishing Mr. Little's liability on their Count II misrepresentation claim.

### D. No claim for breach of contract can be established against Little

10. As detailed in Legion's Notice of Removal,[3] there is no possibility that Plaintiffs' will be able to establish Little's liability on their claim for breach of contract. The Plaintiffs' Original Petition itself admits that Little was a disclosed agent. Thus, as a matter of law, Plaintiffs have no claim for breach of contract against Little. See e.g. C&A Investments, Inc. v. Bonnet Resources Corp., 959 S.W.2d 258, 262 (Tex.App.--Dallas 1997, writ den'd); Bernard Johnson, Inc. v. Continental Constructors, Inc., 630 S.W.2d 365, 369 (Tex.App.--Austin 1982, writ ref'd n.r.e.).

11. Plaintiffs seek to avoid this basic notion of law by alleging that Mr. Little's disclosed agency constitutes a "defense," that has been waived. To the contrary, Mr.

---

the policy at issue, which contains the precise terms Plaintiffs' allege were represented to be in the policy.
[3] Plaintiffs incorrectly state that Legion "admits" their allegations regarding Little's agency. To the contrary, Legion

4

Little's status as disclosed agent[4] is not an affirmative defense. "The plaintiff has the burden of proving that the defendant has obligated himself under the contract, and it therefore follows that the defendant's denial of this element does not constitute an affirmative defense." C&C Partners v. Sun Exploration & Production Company, 783 S.W.2d 707, 721-722 (Tex.App.--Dallas 1989, writ den'd). Moreover, "[I]n the absence of purported execution of the contract by or on behalf of a defendant, we conclude that a defendant sued for breach of contract does not have to allege in a verified pleading that he is not a party to the contract." C&C, 783 S.W.2d at 722.

12. Nowhere do the Plaintiffs allege that Mr. Little signed or issued any of the policies on which they base their claims for breach of contract. Instead, they allege only that Legion signed and issued those policies. See Original Petition at ¶ 23. As such, Mr. Little is not required to affirmatively plead any defense based upon the fact that he was, at best, a disclosed agent and not party to the contracts.

13. Second, even if Mr. Little's status constituted an affirmative defense, no pleading was necessary to preserve that defense in Texas State Court practice. Where a plaintiff's pleading anticipates an affirmative defense, the defendant need not plead it. See e.g. Phillips v. Phillips, 820 S.W.2d 785, 789 (Tex. 1991). Here, Plaintiffs' pleading specifically alleges and admits that Little was a disclosed agent. Thus, Plaintiffs anticipated the issue in their pleading, and Little did not waive the defense by failing to plead it in his answer in Texas State Court.

---

accepted those allegations as true only for purposes of the Notice of Removal.
[4] Plaintiffs falsely state that Legion admits that Mr. Little was its agent. Instead, Legion assumed, for purposes of

5

### E. 28 U.S.C. § 1332 does not render Legion a resident of Texas for purposes of diversity jurisdiction

14. Next, Plaintiffs' claim that 28 U.S.C. § 1332 renders Legion a resident of Texas because this is a "direct action." Plaintiffs completely misunderstand the meaning of the term "direct action."[5] In order to this lawsuit to constitute a "direct action" under § 1332, the claims asserted herein must be such that they could have been asserted against Legion's insureds. See e.g. Rosa v. Allstate Ins. Company, 981 F.2d 669, 675 (2d Cir. 1992); Holland America Ins. Company v. Succession of Roy, 777 F.2d 992, 995 (5th Cir. 1985) ("[§1332] was amended in 1964 to prohibit federal diversity jurisdiction in lawsuits filed under a state direct action statute which allows a plaintiff **harmed by the insured**, when both are citizens of the same state, to sue a foreign insurance company for recovery of benefits under the policy without having first to secure a judgment against the insured." (emphasis supplied)); John Cooper Produce v. Paxton Nat'l Ins. Company, 774 F.2d 433, 435 (11th Cir. 1985); Basel v. Allstate Ins. Co., 757 F.Supp. 39, 41 (N.D. Cal. 1991).

15. None of Plaintiffs' claims allege that Legion's insureds (various school districts in Southern Texas) acted wrongfully. None of Plaintiffs' claims allege that such insureds are liable to Plaintiffs in any way. Instead, Plaintiffs' claims seek to establish liability of Legion based upon Legion's alleged wrongful acts. As such, this is not a "direct action," and Legion is not deemed to be a resident of Texas.

---

argument, that Plaintiffs' allegations were true.
[5] Luckily for Plaintiffs, this is not a "direct action" within the meaning of 28 U.S.C. § 1332 -- if it were, Plaintiffs' would have no claims against Legion. See e.g. Matter of Edgeworth, 993 F.2d 51, 54 n. 5 (5th Cir. 1993) (direct actions barred under Texas law).

6

### F. <u>Legion's removal was not procedurally defective.</u>

16. Finally, Plaintiffs' allege that removal was defective because two of the defendants -- Claims Administration Services, Inc. ("CAS") and Mr. Little did not file any separate pleadings stating that they join in the removal.

17. Here, it is undisputed that all defendants consented to the removal, and authorized the undersigned counsel to notify the Court of their consent. As such, the unanimity requirement for removal has been met, and the case was properly removed.

### III. <u>CONCLUSION</u>

18. The Court should deny Plaintiffs' Motion for Remand. Legion has amply demonstrated the propriety of its removal of this action.

WHEREFORE, PREMISES CONSIDERED, Legion Insurance Company requests that the Court deny Plaintiffs' Motion to Remand, and that the Court award Legion all other relief to which it is entitled.

Respectfully Submitted,

By /s/ Greg Pierce
Greg Pierce
Attorney-in-Charge
SDT Admission No. 13785
State Bar No. 15994250
One American Center
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
512/495-6300
512/474-0731 (fax)

Of Counsel:

Julie Springer
State Bar No. 18966770
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589

ATTORNEYS FOR LEGION INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing LEGION INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND has been served on counsel of record, as indicated below, by the methods indicated below, on April 14, 2000.

| | |
|---|---|
| Jeff B. McDonald<br>Timothy E. Weitz<br>McDonald, Mackay & Weitz, L.L.P.<br>1411 West Avenue, Suite 200<br>Austin, Texas 78701 | VIA CM RRR #Z 176285367 |
| Mark A. Weitz<br>Law Office of Mark A. Weitz<br>P.O. Box 9673<br>Austin, Texas 78766-9673 | VIA CM RRR # Z 176285368 |
| Charles M. Jefferson<br>One Riverwalk Place, Suite 1000<br>700 North St. Mary's Street<br>San Antonio, Texas 78205-3585 | VIA CM RRR # Z 176285369 |
| Elizabeth G. Neally<br>Roerig, Oliveira & Fisher, L.L.P.<br>855 West Price Road, Suite 9<br>Brownsville, Texas 78520 | VIA CM RRR # Z 176285365 |

_____
Greg Pierce

9

262506

ClibPDF - www.fastio.com