

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RIO GRANDE ORTHOPAEDIC § <br> INSTITUTE AND RIO GRANDE § <br> ORTHOPAEDIC INSTITUTE AMBULATORY § <br> SURGERY CENTER, LTD. § <br> § <br> VS. § <br> § <br> LEGION INSURANCE COMPANY, CLAIMS § <br> ADMINISTRATION SERVICES, INC. AND § <br> JOHN LITTLE, D/B/A INSURANCE § <br> ASSOCIATES OF THE VALLEY § | CIVIL ACTION NO. B-00-37 |

# DEFENDANT JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY'S FIRST AMENDED ANSWER

COMES NOW JOHN LITTLE, sued as D/B/A INSURANCE ASSOCIATES OF THE VALLEY, and files this his First Amended Answer to Plaintiffs' Original Petition, and as grounds therefore, would show the Court as follows:

1. This Defendant does not have knowledge sufficient to admit or deny Paragraph 1 of Plaintiffs' Original Petition.

2. This Defendant does not have sufficient knowledge to admit or deny the allegations in Paragraph 2 of Plaintiffs' Original Petition, except to the extent that the petition may allege that JOHN LITTLE sold insurance to various school districts in Texas, which allegation is denied.

3. This Defendant does not have sufficient knowledge to admit or deny the allegations set out in Paragraph 3 of Plaintiffs' Original Petition.

4. JOHN LITTLE denies that he does business as INSURANCE ASSOCIATES OF THE VALLEY or that he has offices doing business as INSURANCE ASSOCIATES OF THE VALLEY in Harlingen, Texas. Defendant JOHN LITTLE admits the other allegations set out in Paragraph 4 of Plaintiffs' Original Petition.

5. This Defendant admits that discovery should be conducted pursuant to the Texas Rules of Civil Procedure 190.3.

6. This Defendant admits the allegations set out in Paragraph 6 of Plaintiffs' Original Petition.

7. This Defendant does not have sufficient knowledge to admit or deny the allegations set out in Paragraph 7 of Plaintiffs' Original Petition.

8. Defendant JOHN LITTLE denies that he sold the LEGION INSURANCE COMPANY policies as alleged in Paragraph 8 of Plaintiffs' Original Petition. He admits the other allegations set out in that paragraph.

9. Defendant JOHN LITTLE denies that he made any representations as alleged in Paragraph 9 of Plaintiffs' Original Petition.

10. This Defendant does not have sufficient knowledge to admit or deny the allegations set out in Paragraph 10 of Plaintiffs' Original Petition.

11. This Defendant does not have sufficient knowledge to admit or deny the allegations set out in Paragraph 11 of Plaintiffs' Original Petition.

12. This Defendant does not have sufficient knowledge to admit or deny the allegations set out in Paragraph 12 of Plaintiffs' Original Petition.

13. This Defendant does not have sufficient knowledge to admit or deny the allegations set out in Paragraph 13 of Plaintiffs' Original Petition.

14. Defendant JOHN LITTLE denies the allegations made in the last sentence of Paragraph 14 of the Plaintiffs' Original Petition, wherein it is alleged that JOHN LITTLE is LEGION's local agent and that he specifically instructed LEGION to have WILLIAM D. SYNDER, M.D., treat a patient and that services would be covered. Defendant JOHN LITTLE does not have sufficient knowledge to admit or deny the other allegations set out in Paragraph 15 of Plaintiffs' Original Petition.

15. This Defendant does not have sufficient knowledge to admit or deny the factual allegations made in Paragraphs 15 through 18, makes no comments on the statements of law made by Plaintiffs in those paragraphs.

16. Defendant JOHN LITTLE denies that it made any representations regarding the subject insurance policies. As to the other allegations made in Paragraph XIX of Plaintiffs' Original Petition, Defendant JOHN LITTLE has insufficient knowledge to admit or deny.

17. Defendant JOHN LITTLE denies the allegations set out in Paragraph 20, 21, and 22 of Plaintiffs' Original Petition.

18. Defendant JOHN LITTLE denies that he is liable under any breach of contract theory inasmuch as he was, during the times mentioned in Plaintiffs' Original Petition and thereafter, a salaried employee of INSURANCE ASSOCIATES OF THE VALLEY, and owned no interest, either directly or indirectly, in that company. Defendant JOHN LITTLE would show that, as an employee of INSURANCE ASSOCIATES OF THE VALLEY, he presented insurance products to various school districts in the Rio Grande Valley, but that he did so as an employee of INSURANCE ASSOCIATES OF THE VALLEY and not as a principal or insuror. Defendant JOHN LITTLE would show that he signed no contracts of any kind whatsoever in connection with the insurance policies in question. Defendant JOHN LITTLE would show that he has insufficient knowledge to admit or deny the other allegations set out in Paragraph 23 of Plaintiffs' Original Petition.

19. This Defendant does not have sufficient knowledge to admit or deny the allegations set out in Paragraph 24 of Plaintiffs' Original Petition.

20. Defendant JOHN LITTLE denies that he sold any of the insurance policies which are the subject of Plaintiffs' Original Petition or that he made any representations to Plaintiffs regarding the benefits which were provided under

these insurance policies. Defendant JOHN LITTLE denies that the Plaintiffs are entitled to an award of punitive damages from any of the Defendants herein.

21. Defendant JOHN LITTLE denies that he made any of the representations attributed to him Paragraph 27 of Plaintiffs' Original Petition or that he was the duly authorized agent or local representative of Defendant LEGION or its claims payer, CAS. Defendant JOHN LITTLE specifically denies that Plaintiffs are entitled to punitive or exemplary damages from any of the Defendants herein.

22. Defendant JOHN LITTLE would show that he does not sufficient knowledge to admit or deny the allegations set out in Paragraph 27, 28, 29, 30, 30 (Plaintiffs' Original Petition has two paragraphs numbered 30), 31, 32, and 33, except to the extent that these paragraphs are intended to allege any claims against JOHN LITTLE, which are denied.

## AFFIRMATIVE DEFENSES

23. JOHN LITTLE denies that he is liable to Plaintiffs in the capacity in which they have sued him, inasmuch as he does not do business as INSURANCE ASSOCIATES OF THE VALLEY, has no ownership interest in INSURANCE ASSOCIATES OF THE VALLEY, receives no commissions for insurance policies sold by INSURANCE ASSOCIATES OF THE VALLEY and is in fact only a salaried employee of INSURANCE ASSOCIATES OF THE VALLEY. Defendant JOHN LITTLE denies that he is an agent or employee of LEGION INSURANCE COMPANY or CLAIMS ADMINISTRATION SERVICES, INC.

WHEREFORE, Defendant JOHN LITTLE prays that Plaintiffs' claims against him be dismissed, that he collect his court costs and that he recover any relief to which he may be entitled at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas   78520

**DEFENDANT JOHN LITTLE D/B/A INSURANCE ASSOCIATES
OF THE VALLEY'S FIRST AMENDED ANSWER**                                    4
/mf.federal.21782.1stamendans

(956) 542-5666
(956) 542-0016     FAX

ATTORNEYS FOR JOHN LITTLE D/B/A INSURANCE
ASSOCIATES OF THE VALLEY

By: _____
W. Michael Fisher
State Bar No. 06072420
Cameron County ID. 3502

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing has been mailed to Timothy E. Weitz, McDONALD, MACKAY & WEITZ, L.L.P., 1411 West Avenue, Suite 200, Austin, Texas 78701 and Mark A. Weitz, LAW OFFICE OF MARK A. WEITZ, P.O. Box 9673, Austin, Texas 78766-9673 , by certified mail, return receipt requested, and by regular mail to Greg Pierce, SCOTT, DOUGLASS & McCONNICO, L.L.P., 600 Congress Avenue, 15th Floor, Austin, Texas 78701-2589 and Charles M. Jefferson, LAW OFFICE OF Charles M. Jefferson, 700 North St. Mary's Street, Suite 1000, San Antonio, Texas 78205-3585, on this 25th day of May, 2000.

_____
W. Michael Fisher

## AFFIDAVIT

THE STATE OF TEXAS

BEFORE ME, the undersigned authority, on this day personally appeared JOHN LITTLE, IV, who being by me duly sworn, on his oath deposed as follows:

I am fully authorized and competent to make this affidavit.

I am an employee of INSURANCE ASSOCIATES OF THE VALLEY. I do not do business as INSURANCE ASSOCIATES OF THE VALLEY, and I have no legal or equitable ownership interest in INSURANCE ASSOCIATES OF THE VALLEY.

My job with INSURANCE ASSOCIATES OF THE VALLEY is to present proposals for insurance programs to various school districts in Texas. I present various plans to school administrators on behalf of my employer, INSURANCE ASSOCIATES OF THE VALLEY. I present bids to various school districts for various coverages. I do not have authority to bind INSURANCE ASSOCIATES OF THE VALLEY or any of the insurance companies which I may work with, including LEGION INSURANCE COMPANY. I have no authority to bind any claims administrators which the insurance companies may hire and specifically I do not have authority to bind CLAIMS ADMINISTRATION SERVICES, INC. Contrary to what is set out in Plaintiffs' Original Petition filed in this lawsuit, I did not represent to Plaintiffs or anyone that LEGION INSURANCE COMPANY or CLAIMS ADMINISTRATION SERVICES, INC. would pay for services outside the coverages of the applicable insurance policy.

The factual statements set out in the foregoing First Amended Answer are true and correct.

_____
JOHN LITTLE, IV

SUBSCRIBED AND SWORN TO BEFORE ME by the said JOHN LITTLE, IV, on this the 25th day of May, 2000.

_____
Notary Public, State of Texas

NANCY CLOUGH
MY COMMISSION EXPIRES
FEBRUARY 24, 2001

**DEFENDANT JOHN LITTLE D/B/A INSURANCE ASSOCIATES
OF THE VALLEY'S FIRST AMENDED ANSWER**                               6
/mf.federal.21782.1stamendans

ClibPDF - www.fastio.com