


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD. | § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-37 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC. AND JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY | § § § § | |

## DEFENDANT JOHN LITTLE'S (SUED AS INSURANCE ASSOCIATES OF THE VALLEY) RESPONSE TO PLAINTIFF'S MOTION TO REMAND

COMES NOW JOHN LITTLE, sued as JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY, and files this his Response to Plaintiffs' Motion to Remand, and would show the Court as follows:

I.

Plaintiffs' pleadings and their Motion to Remand are predicated on the assumption that JOHN LITTLE does business as INSURANCE ASSOCIATES OF THE VALLEY. In fact, as shown by his First Amended Answer and the Affidavit attached thereto, JOHN LITTLE does not do business as INSURANCE ASSOCIATES OF THE VALLEY. He is an employee of INSURANCE ASSOCIATES OF THE VALLEY and receives a salary for his work. His job is to present insurance proposals to various school districts throughout the Rio Grande Valley, as an employee agent of INSURANCE ASSOCIATES OF THE VALLEY. He does not have authority to bind either INSURANCE ASSOCIATES OF THE VALLEY or LEGION INSURANCE COMPANY or CLAIMS ADMINISTRATION SERVICES, INC. From time to time he has assisted in resolving problems with claims under INSURANCE ASSOCIATES OF THE VALLEY's policies but he is not authorized to and he does not represent to anyone that he can extend coverage beyond that provided by the applicable policy. He receives no commissions from INSURANCE ASSOCIATES OF THE VALLEY or anyone else for his work. Contrary to what Plaintiffs allege in Paragraph

8 of their Motion to Remand, no insurance policies were sold by JOHN LITTLE during any of the relevant times. Defendant JOHN LITTLE, during those times, was an employee of INSURANCE ASSOCIATES OF THE VALLEY and in that capacity presented various insurance plans to school districts throughout the Rio Grande Valley. He did not "sell" insurance to anyone.

II.

Contrary to Paragraph 10 of Plaintiffs' Motion to Remand, JOHN LITTLE made no representations regarding the insurance policies in question. The policies spoke for themselves. JOHN LITTLE's role was limited to presenting specific proposals to school districts. CLAIMS ADMINISTRATION SERVICES, INC. and not LITTLE, adjusted claims under the policies.

III.

Defendant JOHN LITTLE has filed an amended answer, supported by his affidavit, which sets out his role in connection with the issues raised in Plaintiffs' lawsuit. His answer addresses the points attempted to be made by Plaintiffs in Paragraph 12 of their Motion to Remand.

IV.

Plaintiffs' misrepresentation claims against JOHN LITTLE, as set out in Paragraph 13 through 14 of their Motion to Remand, can never be successful against him. He does not do and has never done business as INSURANCE ASSOCIATES OF THE VALLEY, and he does not have the authority and does not make representations regarding the coverages provided by the policies written through INSURANCE ASSOCIATES OF THE VALLEY.

V.

As shown in JOHN LITTLE's amended answer, and the affidavit supporting it, he is merely an employee of INSURANCE ASSOCIATES OF THE VALLEY. He has entered into no contractual relationships with anyone who is a party to this lawsuit. Therefore, any claims based on alleged breaches of contract by Mr. Little must fail. Contrary to Plaintiffs' allegations in Paragraph 15, 16 and 17 of their Motion to Remand, JOHN LITTLE did not receive any

commission from the policies sold by INSURANCE ASSOCIATES OF THE VALLEY. He does not do business as INSURANCE ASSOCIATES OF THE VALLEY.

## VI.

### Conclusion as to Fraudulent Joinder

Plaintiffs' claims against JOHN LITTLE are predicated on their mistaken assumption that he does business as INSURANCE ASSOCIATES OF THE VALLEY and that he receives commissions on policies sold by INSURANCE ASSOCIATES OF THE VALLEY. In fact, Mr. Little is no more than a salaried employee of INSURANCE ASSOCIATES OF THE VALLEY whose job it is to present insurance proposals to various school districts throughout the Rio Grande Valley. Plaintiffs should have sued INSURANCE ASSOCIATES OF THE VALLEY rather than JOHN LITTLE.

WHEREFORE, Defendant JOHN LITTLE prays that Plaintiffs' Motion for Remand be denied, and for such other relief to which he may be entitled at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA AND FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 FAX

ATTORNEYS FOR JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY

By: _____
W. Michael Fisher
State Bar No. 07062420
Federal Admission No. 1080

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing has been sent to the following:

Timothy E. Weitz
McDONALD, MACKAY & WEITZ, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas 78701

Mark A. Weitz
LAW OFFICE OF MARK A. WEITZ
P.O. Box 9673
Austin, Texas 78766-9673

Greg Pierce
SCOTT, DOUGLASS & McCONNICO, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589

Charles M. Jefferson
LAW OFFICE OF CHARLES M. JEFFERSON
700 North St. Mary's Street, Suite 1000
San Antonio, Texas 78205-3585

on this 25th day of May, 2000.

_____
W. Michael Fisher

<u>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**</u>     4
/mf.federal/21782.respremand