IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, ET AL. | § § § | |
| VS. | § | CIVIL ACTION NO. B-00-037 |
| LEGION INSURANCE COMPANY, ET AL. | § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is Plaintiffs' Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd.'s Motion to Remand (Docket No. 2).

For the reasons set forth below, this Motion should be denied.

### BACKGROUND

According to Plaintiffs' Original Petition they are surgical clinics operating in McAllen, Texas. The defendants are Legion Insurance Company ("Legion"), Claims Administration Services, Inc. ("CAS") and John Little d/b/a Insurance Associates of the Valley ("Little"). Legion and CAS are foreign corporations with permits to do business in Texas. Little is a Texas resident.

The gravamen of Plaintiffs' Petition is that Little sold Legion accident policies to school districts in the Rio Grande Valley. Legion stopped paying claims under these policies.

This case was removed from the Texas courts. The removing defendants claim that Little was fraudulently joined to avoid diversity jurisdiction.

### RECOMMENDATION

The test for determining fraudulent joinder is whether or not there is any possibility of a cause of action against the non diverse party. *Cavallini v. State Farm Mutual Auto Insurance*

*Company*, 44 F.3d 256, 259 (5th Cir. 1995)

*Cavallini* also mandates that in determining fraudulent joinder claims district courts employ a summary judgment like procedure. That is, the court may consider affidavits in addition to the pleadings. It is significant that *Cavallini* also holds that in evaluating fraudulent joinder claims the district court may not consider post removal filings which raise new causes of action or new theories of recovery.

The question to be determined in this case is whether or not the plaintiffs pre removal pleadings raise any possible cause of action against Little.

Paragraph 8 of Plaintiffs' Original Petition states that Little and CAS sold "Accident Only Policies" to various school districts in the Rio Grande Valley.

Paragraph 9 of Plaintiffs' Original Petition states that Legion, CAS and Little represented that these policies would pay certain types of claims. According to this paragraph, Little made direct representations to Plaintiffs when questions about coverage arose.

Paragraph 11 of Plaintiffs' Original Petition states that Little and the other defendants furnished claims forms to plaintiffs.

Paragraph 14 of Plaintiffs' Original Petition states that Little specifically instructed a representative of a school district to have a student, Jennifer Castillo, treated by a physician involved with plaintiffs and that the claim would be paid. The Legion policy stated that claims would be paid only if incurred within ninety days of the claim being made. Apparently, it was known to all parties that the Castillo claim arose more than ninety days prior to it being made.

Paragraph 23 of Plaintiffs' Original Petition states that Little is guilty of breach of contract.

Paragraph 25 of Plaintiffs' Original Petition claims that Little is guilty of negligently or

2

intentionally misrepresenting the way in which claims made under Legion's policies would be paid.

Paragraph 26 of Plaintiffs' Original Petition states that Little held himself out as Legion and CAS representative and that his statements were binding on those entities. This paragraph states that Little made representations that a claim, the Castillo claim, which fell outside the term of the Legion policy would in fact be covered.

In an affidavit attached to his First Amended Original Answer (Docket No. 12), Little states that he is an employee of Insurance Associates of the Valley. He presents proposals and bids for insurance to school districts. He states that he has no authority to bind any insurance company and he never represented to anyone that Legion or CAS would pay for services rendered outside a policy's terms.

Plaintiffs' Original Petition does not claim that Little misrepresented any policy terms. The entire thrust of Plaintiffs' Petition is that claims presented in accordance with the terms of the policy were not being paid by Legion. In one case, the Castillo case, Plaintiffs complaint is that Little told them that a claim they knew to be outside the terms of the policy would be paid.

There can be no claim for fraud arising out of an agent's accurate representations of the terms of a policy. *Burton v. State Farm Insurance Company*, 869 F.Supp. 480, 486 (S.D. Tex. 1994) aff'd. 66 F.3d 319 (5th Cir. 1995).

There can be no claim for breach of contract against Little. Assuming he was an agent, he was a disclosed agent. He is not liable in that capacity. *C&A Investments, Inc. v. Bonnett Resources Corp.*, 959 S.W. 2d 258, 262 (Tex. App. Dallas, 1997, *writ den'd*).

Finally, with respect to the Castillo claim, there was no misrepresentation. Apparently it

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, ET AL. | § § § | |
| VS. | § | CIVIL ACTION NO. B-00-037 |
| LEGION INSURANCE COMPANY, ET AL. | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is Plaintiffs' Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd.'s Motion to Remand (Docket No. 2).

For the reasons set forth below, this Motion should be denied.

### BACKGROUND

According to Plaintiffs' Original Petition they are surgical clinics operating in McAllen, Texas. The defendants are Legion Insurance Company ("Legion"), Claims Administration Services, Inc. ("CAS") and John Little d/b/a Insurance Associates of the Valley ("Little"). Legion and CAS are foreign corporations with permits to do business in Texas. Little is a Texas resident.

The gravamen of Plaintiffs' Petition is that Little sold Legion accident policies to school districts in the Rio Grande Valley. Legion stopped paying claims under these policies.

This case was removed from the Texas courts. The removing defendants claim that Little was fraudulently joined to avoid diversity jurisdiction.

### RECOMMENDATION

The test for determining fraudulent joinder is whether or not there is any possibility of a cause of action against the non diverse party. *Cavallini v. State Farm Mutual Auto Insurance*

*Company*, 44 F.3d 256, 259 (5th Cir. 1995)

*Cavallini* also mandates that in determining fraudulent joinder claims district courts employ a summary judgment like procedure. That is, the court may consider affidavits in addition to the pleadings. It is significant that *Cavallini* also holds that in evaluating fraudulent joinder claims the district court may not consider post removal filings which raise new causes of action or new theories of recovery.

The question to be determined in this case is whether or not the plaintiffs pre removal pleadings raise any possible cause of action against Little.

Paragraph 8 of Plaintiffs' Original Petition states that Little and CAS sold "Accident Only Policies" to various school districts in the Rio Grande Valley.

Paragraph 9 of Plaintiffs' Original Petition states that Legion, CAS and Little represented that these policies would pay certain types of claims. According to this paragraph, Little made direct representations to Plaintiffs when questions about coverage arose.

Paragraph 11 of Plaintiffs' Original Petition states that Little and the other defendants furnished claims forms to plaintiffs.

Paragraph 14 of Plaintiffs' Original Petition states that Little specifically instructed a representative of a school district to have a student, Jennifer Castillo, treated by a physician involved with plaintiffs and that the claim would be paid. The Legion policy stated that claims would be paid only if incurred within ninety days of the claim being made. Apparently, it was known to all parties that the Castillo claim arose more than ninety days prior to it being made.

Paragraph 23 of Plaintiffs' Original Petition states that Little is guilty of breach of contract.

Paragraph 25 of Plaintiffs' Original Petition claims that Little is guilty of negligently or

2

intentionally misrepresenting the way in which claims made under Legion's policies would be paid.

Paragraph 26 of Plaintiffs' Original Petition states that Little held himself out as Legion and CAS representative and that his statements were binding on those entities. This paragraph states that Little made representations that a claim, the Castillo claim, which fell outside the term of the Legion policy would in fact be covered.

In an affidavit attached to his First Amended Original Answer (Docket No. 12), Little states that he is an employee of Insurance Associates of the Valley. He presents proposals and bids for insurance to school districts. He states that he has no authority to bind any insurance company and he never represented to anyone that Legion or CAS would pay for services rendered outside a policy's terms.

Plaintiffs' Original Petition does not claim that Little misrepresented any policy terms. The entire thrust of Plaintiffs' Petition is that claims presented in accordance with the terms of the policy were not being paid by Legion. In one case, the Castillo case, Plaintiffs complaint is that Little told them that a claim they knew to be outside the terms of the policy would be paid.

There can be no claim for fraud arising out of an agent's accurate representations of the terms of a policy. *Burton v. State Farm Insurance Company*, 869 F.Supp. 480, 486 (S.D. Tex. 1994) aff'd. 66 F.3d 319 (5th Cir. 1995).

There can be no claim for breach of contract against Little. Assuming he was an agent, he was a disclosed agent. He is not liable in that capacity. *C&A Investments, Inc. v. Bonnett Resources Corp.*, 959 S.W. 2d 258, 262 (Tex. App. Dallas, 1997, *writ den'd*).

Finally, with respect to the Castillo claim, there was no misrepresentation. Apparently it

3

was known that the claim fell outside the term of the policy. Little did not misrepresent the terms of the policy. *Chitsey v. Nat'l. Lloyds Ins. Co.*, 698 S.W. 2d 766,769 (Tex. App. Austin 1985) aff'd. 738 S.W. 2d 641 (Tex. 1987).

IT IS THEREFORE **RECOMMENDED** that Plaintiffs' Motion to Remand be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 27th day of June, 2000.

John Wm. Black
United States Magistrate Judge

4