15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 07 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., PLAINTIFFS | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-037 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC., AND JOHN LITTLE, DBA INSURANCE ASSOCIATES OF THE VALLEY, DEFENDANTS | § § § § § § | |

### PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW, Plaintiffs Rio Grande Orthopaedic Institute (RGOI) and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (RGOI-ASC) filing these Objections to Magistrate Judge's Report and Recommendation signed June 27, 2000 and entered June 28, 2000.

### BACKGROUND

Plaintiffs filed suit against the Defendants in the 197th Judicial District Court of Cameron County, Texas on January 21, 2000. On February 28, 2000, Defendant Legion Insurance Company filed Notice to State Court of Removal based solely on the alleged fraudulent joinder of Defendant Little in an attempt to establish diversity and support removal. On March 24, 2000, Plaintiffs' Motion for Remand was filed. On April 14, 2000, Defendant Legion filed its Response in Opposition to Plaintiffs' Motion to Remand. Neither the Defendant's original pleadings, Notice of Removal, nor Response

PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION            1

in Opposition to Plaintiffs' Motion to Remand contained affidavits to support the removal. On May 25, 2000, Defendant John Little filed a First Amended Original Answer with a self-serving supporting affidavit of Defendant Little. This pleading was not only filed a significant length of time after the Notice of Removal and is only superficially supported by the Defendant's own affidavit, but was actually filed the day of a May 25th hearing requested by Defendants on the Motion to Remand in which no oral argument was actually heard nor the record substantially supplemented. At no time did Defendants Claims Administration Services (CAS) or John Little show consent by signing the Notice of Removal, by filing a separate form confirming consent, or simply by stating their consent on the record. Based on the pleadings and applicable law, the Magistrate Judge has erroneously recommended that the Plaintiffs' Motion to Remand be denied.

## POSITION SUMMARY

There has been an appalling failure on the part of the Magistrate Judge to apply the standards for determining fraudulent joinder, the propriety of removal, and the appropriateness of remanding this case back to state court. This failure is all the more disturbing in that the Magistrate Judge has correctly acknowledged the standards while at the same time he has totally disregarded their application in rendering his report and making his recommendation. The Magistrate Judge has either overlooked critical components of the Plaintiffs' pleadings, chosen to selectively read the pleadings as a whole, or for some reason opted to just ignore the content of the pleadings which overwhelmingly support remand. Consequently, Plaintiffs object to the Magistrate Judge's Report and Recommendations as a gross misapplication of the prevailing standards for evaluating fraudulent joinder and the legitimacy of removal and the need for remand. Similarly, Plaintiffs object to the Magistrate Judge's glaring oversights in

the recitation of the facts of this case and the clear error in weighing and construing the available information before the Court. Plaintiffs maintain that the Magistrate Judge's Report and Recommendation falls so far outside the parameters of the law and the proper exercise of Court discretion that to follow his recommendations will result in mandatory reversal on appeal and an unavoidable overturning of any outcome based on a clear lack of proper jurisdiction.

## OBJECTIONS

Plaintiffs object to the Magistrate Judge's Report and Recommendation as follows:

## I.
## FAILURE TO APPLY PROPER STANDARDS OF REVIEW

1.1   Although acknowledging that the test for determining fraudulent joinder is whether or not there is any possibility of a cause of action against the non-diverse party, the Magistrate Judge has entirely failed to apply the standard to the pleadings in this case and has specifically overlooked the claim of misrepresentation and fraud against non-diverse Defendant John Little for representing that first he would and then he had verified coverage or obtained approval for claims payment. Plaintiffs object to the failure of the Magistrate Judge to recognize the possibility of this aspect of the misrepresentation cause of action. Consequently, Plaintiffs object to the Magistrate Judge's failure to properly apply the standard for determining whether there is fraudulent joinder, and object to the Magistrate Judge's recommendation that fraudulent joinder be found.

1.2   Although acknowledging that a summary judgment like standard is applied by the courts, the Magistrate Judge's recommendation completely fails to construe the pleadings

and the almost total lack of evidence in favor of the non-removing party. Plaintiffs object to the Magistrate Judge's implicit conclusion that the summary judgment like evidence unequivocally demonstrates that there has been fraudulent joinder and that no possibility exists of a claim by Plaintiffs against Defendant Little for misrepresentation.

1.3 Any doubt about the propriety of removal is to be construed against removal. The pleadings and available evidence show that there is no doubt about the issue of diversity and fraudulent joinder. Plaintiffs object to the Magistrate Judge's failure to construe any doubt that may exist against removal.

1.4 In order to show fraudulent joinder, the removing defendant must show (a) that there is an outright fraud in the Plaintiff's recitation of jurisdictional facts; (b) there is no possibility that the Plaintiff will be able to establish a cause of action against the non-diverse defendant in state court; (c) the diverse defendant is joined with the non-diverse defendant as to whom there is no joint, several or alternative liability and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. <u>Madison vs Vintage Petroleum, Inc.</u>, 114 F.3rd 514, 516 (5th Cir. 1997). Defendant Legion has completely failed to meet these standards and the Magistrate Judge in recommending a denial of Plaintiffs' Motion for Remand has totally ignored Plaintiffs first misrepresentation claim while instead focusing exclusively on only one aspect of the case involving a single patient referenced as the Castillo claim.

1.5 Plaintiffs object to the foregoing failure to recognize the first misrepresentation claim against Defendant Little as it goes to the business practices of Defendants as a whole. Defendant Little, whether as an employee or otherwise, but clearly with an agent's license, sold a policy to local school districts that provided for payment of claims

that were usual and customary. Defendant Little represented to the school districts that usual and customary claims would be paid, the school districts informed Plaintiffs accordingly, and Plaintiffs, in reliance on the representations of Defendant Little, proceeded to provide a substantial amount of orthopaedic surgical care to children in these school districts. Payments for services under the policy have not been paid as represented. Rather than utilizing a usual and customary standard for reimbursement for medical care, Defendants Legion and Claims Administration Services (CAS) have adjusted claims payment to pay at a much lower rate per Medicare guidelines which are not contemplated under the policy represented to cover the school districts and the local children attending their schools.

1.6     As stated in Plaintiffs' Original Petition, Paragraph 9, the representations made by Defendants Little, Legion. and CAS were that the policy would pay for surgical services provided to covered persons of the insured school districts to the extent that the fees charged by the medical provider were: (a) The usual fee charged by the provider for the service or supply given; (b) The average fee charged for the service or supply ***in the locality in which the service or supply is received*** (emphasis added); and (c) is reasonable in relation to the services or supply given and the severity of the condition. Defendants Legion and CAS did not pay numerous claims in this manner as misrepresented by all three Defendants. Plaintiff's object to the Magistrate Judge's focus on the specific facts of only one claim, the Castillo claim, to the exclusion of the other claims which form the underlying basis of a sustainable misrepresentation cause of action against the Defendants, including Defendant John Little.

1.7     It should be noted, as recited in Plaintiffs Original Petition, Paragraph 18, that only after Plaintiffs began directly pressing Defendant Legion for payment in November

1999 did Defendant CAS begin to start addressing claims with the two Defendants adjusting them in a manner that was in direct violation of the policy provisions, and consequently in a manner inconsistent with the representations made by all three Defendants orally and in writing. There were not PPO discounts or network agreements in place between Plaintiffs and Defendants, and the adjustment and payment of claims should have been controlled by the language of the policies covering the school districts and the children. The claims for payment were not Medicare claims and were not subject to the schedules set for Medicare or Medicaid. The discretion given to the Defendants in adjusting claims was set out in the policies of insurance indicating that Defendant Legion would provide the benefits described to all covered persons who suffered a covered loss. There is no dispute that the individuals were covered persons under the policies and that they indeed suffered covered losses. In addition, the policy benefits, unless specified to be paid in installments, were to be paid upon receipt of written proof of such loss. Defendants Legion and CAS did not do so in direct violation of the representations made by them and Defendant John Little. See Plaintiffs' Original Petition, Paragraph 19. In light of these recitations in the pleadings and in the absence of unequivocal controverting evidence, Plaintiffs can establish a cause of action against all three Defendants, including Defendant John Little. Therefore, Plaintiffs object to the Magistrate Judge's findings and conclusions to the contrary

1.8     As for the Castillo claim, it has been completely misunderstood and overemphasized by the Magistrate Judge. Simply stated, the claim of misrepresentation against Defendant Little in this regard is that the parties knew an applicable time period had run. Prior to providing services, inquiry was made as to whether the relevant provisions of the policy would be waived by Defendant Legion so that care could be delivered and reimbursed under the policy. Defendant Little represented that he was an

agent of Defendant Legion, that he would ask if the pertinent provisions could be waived, that he did ask, and that the requested waiver was granted as is common in the industry. As a consequence of Defendant Little's representations, Plaintiffs provided medical care to Castillo. Subsequently, Defendants Legion and CAS refused to pay the related claim, and therefore, Defendant Little's representations were either intentionally or negligently false either in whole or in part. Plaintiffs object to the Magistrate Judge's mischaracterization of the misrepresentation cause of action against Defendant Little with respect to the Castillo claim and further object to the erroneous conclusion that Plaintiffs cannot establish a state action based on these circumstances.

1.9     Plaintiffs maintain that there is clearly a possibility of establishing a misrepresentation cause of action against Defendant Little and the other Defendants. Plaintiffs maintain that there is individual as well as joint, several or alternative liability in regard to Defendant John Little. Plaintiffs maintain that there is no outright fraud in the recitation of jurisdictional facts and that there is no evidence to support a contrary conclusion. Consequently, Plaintiffs object to the Magistrate Judge's Report and Recommendation on these grounds as well as the others cited to herein.

## II.
## FAILURE TO REQUIRE COMPLIANCE
## WITH RULES MANDATING CONSENT
## OF ALL DEFENDANTS

2.1     Defendant Legion is required to demonstrate consent to the removal by the other defendants. Such consent can be shown either by having the other defendants sign the Notice of Removal or by their filing of a separate form agreeing to the removal. In the case at bar, Defendant Claims Administration Services and Defendant John Little have not shown their consent to the removal as required. These defendants had 30 days from

the date they were served to file their notice of consent, and this time period has long since run with no such filing. Plaintiffs object to the Magistrate Judge's failure to require proper consent. See <u>Balazik vs. County of Dauphin</u>, 44 F.3d 209, 213 (3d Cir. 1995); <u>Roe vs. O'Donohue</u>, 38 F.3d 298, 301 (7th Cir. 1994).

2.2     Defendant Legion's Notice of Removal is procedurally defective for failure to obtain and properly memorialize the consent to removal by Defendant Claims Administration Services and Defendant John Little. Plaintiffs' Motion to Remand timely raised and objected to this deficiency and the defect was not waived. No exceptions apply. Consequently, remand is mandatory and Plaintiffs object to the Magistrate Judge's recommendation that the Motion for Remand be denied. See <u>Doe v. Kerwood</u>, 969 F.2d 165, 167 (5th Cir. 1992); <u>Chaghervand vs. Carefirst</u>, 909 F.Supp. 304, 308-09 (D. Md. 1995)

### III.
### LACK OF EVIDENCE AND CONSIDERATION OF POST REMOVAL PLEADINGS

3.1     Defendants have a heavy burden of showing fraudulent joinder by clear and convincing evidence. <u>Pampillonia vs. RJR Nabisco, Inc.</u>, 138 F.3rd 459, 461 (2d Cir. 1998). Plaintiffs object to the Magistrate Judge's recommendation in that Defendant Legion has not met its burden.

3.2     In their original answers, none of the Defendants including Defendant Little, filed any special exceptions, affirmative defenses or other pleadings that would call into question that Plaintiffs had failed to plead each and every element of the causes of action they have alleged against in-state Defendant John Little. Defendant Little is not exempt from personal liability for his own misrepresentations, and not only is Little liable, but his

actions and communications also subject Defendants Legion and CAS to potential liability. Defendant Legion's pleadings concede that Defendant Little was its agent. Therefore, Defendant Little's eleventh hour affidavit, if considered as was improperly done by the Magistrate Judge, contradicts Defendant Legion's pleadings in support of removal. Any such conflict should be resolved in favor of remand. See <u>Green vs. Amerada Hess Corp.</u>, 707 F.2d 201, 206 (5th Cir. 1983). Plaintiffs object to the Magistrate Judge's failure to acknowledge this theory of recovery, to construe pleading conflicts in favor of remand, and to recommend remand accordingly.

3.3   Although a summary judgment like procedure may be used in determining fraudulent joinder, such as consideration of affidavits, the courts must still initially resolve all disputed questions of state law and all contested issues of substantive fact in favor of the Plaintiffs. <u>Green vs. Amerada Hess Corp.</u>, 707 F.2d 201, 206 (5th Cir. 1983). Plaintiffs object on the grounds that the Magistrate Judge has failed to do so in that there is no evidence to support the removal of this case and therefore certainly no evidence to unequivocally do so.

3.4   Plaintiffs object to the Magistrate Judge's Report and Recommendation because there is no evidence from the Defendants to demonstrate that the non-diverse party is a sham party or fraudulently joined by facts established with the Notice of Removal. It has long been held that a finding of a sham or fraudulently joined party cannot be based on assertions which are no more than the simple deductions of the pleader seeking removal. <u>Wilson vs. Republic Iron and Steel Co.</u>, 257 U.S. 92, 66 L.Ed. 144, 42 S.Ct. 35 (1921). Plaintiffs object to the Magistrate Judge's improper incorporation of such deductions into his report and recommendation. The conclusions of the pleader are all that Defendant Legion offers, and these deductions themselves are flawed and factually inaccurate based

on a plain reading of the pleadings. Plaintiffs object to the Magistrate Judge's apparent assignment of great weight and controlling significance to such deductions.

3.5     A determination as to the propriety of removal is to be made based on the Notice of Removal and pre-removal pleadings. Plaintiffs object to the Magistrate Judge's consideration of the First Amended Original Answer of Defendant John Little which was not only filed a significant length of time after the Notice of Removal and is only superficially supported by the Defendant's self-serving affidavit, but was actually filed the day of a May 25, 2000 hearing in which no oral argument was actually heard nor the record substantially supplemented. Plaintiffs object that any weight was given to the First Amended Original Answer, that consideration of the amended answer was improper, and that even giving careful consideration to the pleading, the Magistrate Judge could not dispositively resolve substantive issues since the pleading merely highlights areas of factual and legal dispute that must be construed in favor of the Plaintiffs.

## IV.
## INSUFFICIENT FINDINGS TO SUPPORT RECOMMENDATION TO DENY REMAND

4.1     The Magistrate Judge's Report and Recommendation fails to set forth sufficiently detailed underlying findings of fact to support any ultimate findings of fraudulent joinder. Plaintiffs object to the lack of sufficient findings of fact to justify disregarding the misrepresentation claims against Defendant Little.

4.2     The pleadings on their face are insufficient to conclude that as a matter of law Plaintiffs have no possibility of legitimately raising a misrepresentation cause of action against Defendant John Little and they are likewise inadequate to support a finding or

conclusion of fraudulent joinder. Plaintiffs object on these grounds.

4.3   Plaintiffs specifically object to the Magistrate Judge's findings at the middle and bottom of page three and top of page four of the Report and Recommendation in which he explicitly or implicitly indicates that Defendant Little was not an agent or was a disclosed agent who is not liable for his own misrepresentations. Plaintiffs object on the grounds that the standard for evaluating the pleadings, lack of evidence, and conflicting information requires that these matters be construed and resolved in a manner most favorable to the Plaintiffs and in favor of remand. Had the Magistrate Judge correctly applied the standard of evaluation, he could only have found that Defendant Little was an agent who misrepresented that the terms of the policies would be complied with for the block of business as a whole, and that as an agent of Defendant Legion, he had obtained a waiver of the time period so that Castillo's care would be covered and reimbursed.

4.4   Plaintiffs specifically object to the finding and conclusion of the Magistrate Judge that Defendant Little did not misrepresent the terms of the policy. Plaintiffs maintain that Defendant Little indicated that the terms of the policy covered certain persons and certain losses and that care would be compensated for as stated in the policy. Based on the subsequent conduct of Defendants Legion and CAS who did not pay covered claims, Defendant Little's representations were false and constitute actionable misrepresentations

4.5   Plaintiffs specifically object to any explicit or implicit finding or conclusion on page three of the Magistrate Judge's Report and Recommendation that indicates Defendant Little had no authority to bind any insurance company and that he never represented to anyone that Defendants Legion or CAS would pay for services rendered

outside a policy's terms. At best, these issues are in controversy and fall within the purview of the state courts to resolve. Plaintiffs object to the Magistrate Judge's apparent findings and conclusions that Defendant Little could not bind the insurance company and did not make representations that the services would be paid for outside of the terms of policy. Conflicts, doubt, and potential disputes about the evidence and facts are required to be construed in favor of the non-removing party. Plaintiffs object because the Magistrate Judge failed to do so.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Magistrate Judge's Report and Recommendation be rejected, that the Court find that Plaintiffs' Motion for Remand is warranted, and that an order be entered immediately remanding this case back to state court.

Respectfully Submitted,

Timothy E. Weitz, Attorney-in-Charge
SBN 21117500
Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas 78701
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas  78766-9673
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of July, 2000, a true and correct copy of the foregoing Plaintiffs' Objections to Magistrate Judge's Report and Recommendation has been served on the following individuals and in the following manner:

Greg Pierce/Julie Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
(Certified Mail - Return Receipt Requested)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas 78205-5385
(Certified Mail - Return Receipt Requested)

Elizabeth G. Neally/Michael Fisher
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
(Certified Mail - Return Receipt Requested)

_____
Timothy E. Weitz