16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 4 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 00-37 |
| LEGION INSURANCE COMPANY, ET AL., | § § § § | |
| Defendants | § § | |

**LEGION INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Legion Insurance Company ("Legion") files this Response in Opposition to Plaintiffs' Objections to Magistrate Judge's Report and Recommendation and shows the following:

1. The Court should adopt the findings and conclusions of Magistrate Judge Black's Report and Recommendation regarding Plaintiffs' Motion to Remand. Legion's Notice of Removal and its Response in Opposition to Plaintiffs' Motion to Remand[1] amply demonstrate that the Plaintiffs fraudulently joined John Little. As such, diversity jurisdiction exists and Legion's removal was proper.

2. Plaintiffs' Objections to Magistrate Judge's Report and Recommendation (the "Objection") provides no basis to believe that Magistrate Judge Black's reasoned

---

[1] These pleadings are attached as **Exhibit A** and **Exhibit B**, respectively, and are incorporated herein by referenced.

271871

decision was in error. Indeed, in the main, the Objection simply contradicts Magistrate Judge Black's conclusions, giving no reasoned basis for the contradiction.

3. Finally, the Plaintiffs seek remand by arguing that the removal was not unanimous. Although, the unanimity requirement has been met in this case,[2] Plaintiffs waived any such argument. At the hearing on the Motion to Remand, counsel for Plaintiffs represented to Magistrate Judge Black that Plaintiffs were relying solely upon their fraud claims to defeat the removal. As such, they waived any argument that Legion's removal of this case was procedurally defective. See <u>Johnson v. Helmerich & Payne, Inc.</u>, 892 F.2d 422, 423 (5th Cir. 1990) (requirement of unanimity for removal was not jurisdictional, and could be waived).

WHEREFORE, PREMISES CONSIDERED, Legion Insurance Company requests that the Court adopt Magistrate Judge Black's Report and Recommendation, enter an order denying Plaintiffs' Motion to Remand, and that the Court award Legion all other relief to which it is entitled.

---

[2] As detailed in Legion's Response in Opposition to the Motion to Remand.

2

271871

Respectfully Submitted,

By _____
Greg Pierce
Attorney-in-Charge
SDT Admission No. 13785
State Bar No. 15994250
One American Center
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
512/495-6300
512/474-0731 (fax)

ATTORNEY FOR LEGION INSURANCE COMPANY

Of Counsel:

Julie Springer
State Bar No. 18966770
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589

3

271871

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing LEGION INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION has been served on counsel of record, by the methods indicated below, on July 21, 2000:.

| | |
|---|---|
| Jeff B. McDonald<br>Timothy E. Weitz<br>McDonald, Mackay & Weitz, L.L.P.<br>1411 West Avenue, Suite 200<br>Austin, Texas 78701 | **VIA CM RRR #Z 176285481** |
| Mark A. Weitz<br>Law Office of Mark A. Weitz<br>P.O. Box 9673<br>Austin, Texas 78766-9673 | **VIA CM RRR # Z 176285482** |
| Charles M. Jefferson<br>One Riverwalk Place, Suite 1000<br>700 North St. Mary's Street<br>San Antonio, Texas 78205-3585 | **VIA CM RRR # Z 176285483** |
| Elizabeth G. Neally<br>Roerig, Oliveira & Fisher, L.L.P.<br>855 West Price Road, Suite 9<br>Brownsville, Texas 78520 | **VIA CM RRR # Z 176285484** |

_____
Greg Pierce

4

271871

r0048.16

COPY

United States District Court
Southern District of Texas
FILED

FEB 29 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. B-00-037 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC., AND JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY, | § § § § § § § | |
| Defendants | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Legion Insurance Company ("Legion"), defendant, files this Notice of Removal and shows the following:

### A. The State Court Action

1. Plaintiffs' filed the above styled action on January 25, 2000, as Cause No. 2000-01-326-C, in the 197th Judicial District Court of Cameron County, Texas. Attached as **Exhibit A** are all documents and papers on file in the state court action, including Plaintiffs' Original Petition, Legion Insurance Company's Original Answer, the Civil Docket Sheet, the Citation for Legion, the Citation for John Little d/b/a Insurance Associates of the Valley, the Citation for Claims Administrative Services, Inc., Original Answer of Claims Administrative Services, Inc. and Original Answer of John Little d/b/a

Exhibit A

Insurance Associates of the Valley. Concurrent with the filing of this Notice of Removal, Legion is filing its Notice to State Court of Removal with the 197th Judicial District Court of Cameron County, Texas.

2. The plaintiffs assert claims for breach of contract, intentional and negligent misrepresentation, and violation of Tex. Ins. Code art. 21.21 and 21.55 in this action.

### B. The Parties

3. Plaintiffs are two corporations organized and operating in Texas. Counsel for record for Plaintiffs is Jeff B. McDonald and Timothy E. Weitz, of the firm McDonald, Mackay & Weitz, L.L.P., 1411 West Avenue, Suite 200, Austin, Texas 78701 and Mark A. Weitz, of the firm Law Office of Mark A. Weitz, P.O. Box 9673, Austin, Texas 78766-9673.

4. Legion, Claims Administrative Services, Inc. ("CAS"), and John Little are the named defendants in the action. Legion is an insurance company organized, and with its principal place of business, in Philadelphia, Pennsylvania. CAS is a corporation organized, and with its principal place of business, in Boca Raton, Florida. CAS's counsel of record is Mr. Charles M. Jefferson, One Riverwalk Place, Suite 1000, 700 North St. Mary's Street, San Antonio, Texas 78205-3585. Mr. Little's counsel of record is Ms. Elizabeth Neally, Roerig, Oliveira & Fisher, L.L.P., 855 West Price Road, Suite 9, Brownsville, Texas 78520. All of the defendants agree to this removal.

### C. Removal was timely

5. Removal of this action is timely pursuant to 28 U.S.C. § 1446(b). Legion received service of the Original Petition on January 31, 2000, less than 30 days before the

2

257887

filing of this removal.

## D. The Court has diversity jurisdiction over this action

6. Removal of this action is proper under 28 U.S.C. § 1441(a) based upon diversity jurisdiction under 28 U.S.C. § 1332(a) and the doctrine of fraudulent joinder. All of the Plaintiffs are businesses organized and with their principal places of business in Texas. Two of the Defendants, Legion and CAS, are corporations organized, and with their principal places of business, outside the State of Texas. Only one defendant, John Little, is a Texas resident.

7. As demonstrated below, the Plaintiffs have no chance of prevailing on their claims against Little. As such, Plaintiffs fraudulently joined Little, and his citizenship may be ignored for purposes of determining diversity jurisdiction. See e.g. Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995); Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir.), cert. den'd, 498 U.S. 817, 111 S.Ct. 60 (1990).

8. Plaintiffs plead three claims against Little -- one for breach of contract and two for negligent and/or intentional misrepresentation. The Plaintiffs cannot prevail on any of these claims.

### i. The Plaintiffs cannot recover on their breach of contract claim against Little.

9. First, there is no chance that the Plaintiffs can recover on the breach of contract claim alleged against Little. The contracts that the Plaintiffs allege Little breached were the insurance policies under which Plaintiffs seek to be paid. See Plaintiffs' Original

3

Petition at ¶ 23. Little, however, did not issue those contracts. See Plaintiffs' Original Petition at ¶ 23. Legion issued those contracts. See Plaintiffs' Original Petition at ¶ 23. At best, Little was a disclosed agent for Legion in issuing those contracts.[1] See Plaintiffs' Original Petition at ¶ 23. Of course, a disclosed agent is not liable for his principal's breach of contract. See e.g. C&A Investments, Inc. v. Bonnet Resources Corp., 959 S.W.2d 258, 262 (Tex.App.--Dallas 1997, writ den'd); Bernard Johnson, Inc. v. Continental Constructors, Inc., 630 S.W.2d 365, 369 (Tex.App.--Austin 1982, writ ref'd n.r.e.). As such, there is no possibility that Plaintiffs' will recover on the breach of contract claim alleged against Little.

    ii.    **The Plaintiffs cannot recover against Little on the negligent/intentional misrepresentation claims plead against him.**

10. Plaintiffs allege two negligent/intentional misrepresentation claims against Little. The first alleges that Little (along with Legion and CAS) misrepresented the benefits provided under the policies issued by Legion. See Plaintiffs' Original Petition at ¶ 25. The second alleges that Little misrepresented the coverage afforded by Legion's policies for medical procedures allegedly performed by Plaintiffs on Jennifer Castillo. See Plaintiffs' Original Petition at ¶ 26. As with their breach of contract claims, the Plaintiffs have no hope of prevailing on either of these claims.

    a.    **The Plaintiffs cannot recover against Little for negligent/intentional misrepresentation of the coverage of the policies issued by Legion.**

11. The first misrepresentation claim seeks recovery based upon the allegation that

---

[1] Legion does not admit that Little was its agent. However, for purposes of argument, the Plaintiffs' allegations have been taken as true.

4

Little misrepresented "what fees would be payable under the policy, the manner in which the fees would be adjusted, and the time period in which claims would be paid." <u>See</u> Plaintiffs' Original Petition at ¶ 25. This claim cannot succeed because it does not specify any particular provision of the Legion policies that was misrepresented.

12. Under Texas law, absent some specific misrepresentation of the terms of coverage, the mistaken belief that a policy provides coverage under certain contingencies which are not covered cannot give rise to a claim for misrepresentation. <u>See</u> e.g. <u>Burton v. State Farm Mutual Automotive Insurance Company</u>, 869 F.Supp. 480, 486 (S.D.Tex. 1994), <u>aff'd</u>, 66 F.2d 319 (5th Cir. 1995); <u>Parkins v. Texas Farmers Ins. Co.</u>, 645 S.W.2d 775, 777 (Tex. 1983); <u>State Farm County Mutual Ins. Company of Texas v. Moran</u>, 809 S.W.2d 613, 620-621 (Tex.App.--Corpus Christi 1991, writ den'd). Here, the Plaintiffs have not alleged that any specific term of coverage was misrepresented. Indeed, the Plaintiffs specifically allege that the policies at issue contained the very representations that form the basis of this claim for misrepresentation. <u>See</u> Plaintiffs' Original Petition at ¶ 19. Instead, the Plaintiffs have alleged only certain circumstances under which such claims were denied as not falling within the coverage afforded by the policies. As such, no valid claim for misrepresentation has been alleged, and Plaintiffs cannot recover against Little based upon their first claim for negligent/intentional misrepresentation.

    b.    <u>**The Plaintiffs' cannot recover based upon any alleged misrepresentation regarding coverage afforded to Jennifer Castillo.**</u>

13. The Plaintiffs also cannot recover on their second misrepresentation claim against Mr. Little -- that he misrepresented the coverage afforded to Jennifer Castillo. As

5

257887

the Plaintiffs' admit, they were aware that the language of the policies issued by Legion excluded coverage for the services they provided to Jennifer Castillo. See Plaintiffs' Original Petition at ¶ 26. Of course, one cannot recover for misrepresentation where he knew the true facts all along. See e.g. Haralson v. E.F. Hutton Group, Inc., 919 F.2d 1014, 1026 (5th Cir. 1990); Chitsey v. Nat'l Lloyds Ins. Co., 698 S.W.2d 766, 769 (Tex.App.--Austin 1985), aff'd, 738 S.W.2d 641 (Tex. 1987). Thus, even if Little falsely stated that Legion's policies covered services to Jennifer Castillo, the Plaintiffs cannot recover for such representation.

14. Since the Plaintiffs cannot hope to succeed on any of the claims alleged against Little, his joinder is fraudulent. As such, the Court may ignore Little for purposes of determining its diversity jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Legion Insurance Company requests the action styled Cause No. 2000-01-326-C, Rio Grande Orthopaedic Institute, et al. v. Legion Insurance Company, et al., in the 197th Judicial District Court of Cameron County, Texas be removed to the United States District Court for the Southern District of Texas, Brownsville Division, and that the Court award Legion all other relief to which it is entitled.

257887

Respectfully Submitted,

By _____
Greg Pierce
Attorney-In-Charge
State Bar No. 15994250
One American Center
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
512/495-6300
512/474-0731 (fax)

Of Counsel:

Julie Springer
State Bar No. 18966770
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589

ATTORNEYS FOR LEGION INSURANCE COMPANY

7

257887

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing LEGION INSURANCE COMPANY'S NOTICE OF REMOVAL has been served on counsel of record, as indicated below, by the methods indicated below, on February 28, 2000.

| | |
|---|---|
| Jeff B. McDonald<br>Timothy E. Weitz<br>McDonald, Mackay & Weitz, L.L.P.<br>1411 West Avenue, Suite 200<br>Austin, Texas 78701 | **VIA CM RRR #Z 176285345** |
| Mark A. Weitz<br>Law Office of Mark A. Weitz<br>P.O. Box 9673<br>Austin, Texas 78766-9673 | **VIA CM RRR # Z 176285346** |
| Charles M. Jefferson<br>One Riverwalk Place, Suite 1000<br>700 North St. Mary's Street<br>San Antonio, Texas 78205-3585 | **VIA CM RRR # Z 176285347** |
| Elizabeth G. Neally<br>Roerig, Oliveira & Fisher, L.L.P.<br>855 West Price Road, Suite 9<br>Brownsville, Texas 78520 | **VIA CM RRR # Z 176285348** |

_____
Greg Pierce

8

257887