United States District Court
Southern District of Texas
FILED

JUL 3 1 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD. | § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-37 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC. AND JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY | § § § § | |

**RESPONSE BY JOHN LITTLE, SUED
D/B/A INSURANCE ASSOCIATES OF THE
VALLEY TO PLAINTIFFS' OBJECTIONS TO
<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

COMES NOW JOHN LITTLE, sued D/B/A INSURANCE ASSOCIATES OF THE VALLEY, one of the Defendants herein, and files this his Response in Opposition to Plaintiffs' Objections to Magistrate Judge's Report and Recommendation, and would show the Court as follows:

I.

Defendant JOHN LITTLE adopts those points made in LEGION INSURANCE COMPANY's Response in Opposition to Plaintiffs' Objection to Magistrate Judge's Report and Recommendation in Paragraph I, II, and III, as if fully set forth here at length.

II.

Defendant JOHN LITTLE would show that it sought and obtained the Magistrate Judge's Leave to File his amended answer, which answer was intended to comply with the Federal Rules of Civil Procedure's requirement for specific responses to each allegation made in Plaintiffs' Complaint. The magistrate granted the motion for leave in open court, in the presence of all attorneys of record. Plaintiffs did not request a continuance from the magistrate, in order to give Plaintiffs more time to consider and respond to the amended pleading, but instead indicated their agreement that the court go forward and consider and rule on the Motion for Remand. Plaintiffs then represented to Magistrate Judge Black that they

were relying solely on their clients' fraud claims to defeat removal, and represented that they would stand on their pleadings. Finally, when the magistrate judge advised the parties that he believed he had enough information in the materials already on file to make his decision, and that he did not require additional oral argument to clarify any of the points made by the parties, Plaintiffs' represented to the court that they were content to allow the magistrate judge to decide the issues without additional oral argument.

III.

Plaintiffs' objections to the Magistrate Judge's Report and Recommendation contain many averments of fact which are wholly unsupported by affidavits or other evidence and are not admitted to in any of the Defendants' pleadings. Such averments should be ignored by the magistrate court and the district court. During the pendency of the Motion to Remand, Plaintiffs could have but made no effort to conduct discovery to determine and/or establish the facts which they attempt to rely on in their opposition. As mentioned, Defendant Little obtained leave of court before filing his amended answer. Plaintiffs made no attempt to postpone or continue the hearing to give Plaintiffs more time to respond to the facts set out in Defendant Little's affidavit. Defendant Little would show that Plaintiffs waived any right to complain about the time of filing the amended answer.

IV.

Defendant Little would show that the affidavit filed in support of his amended answer was in proper form and stated easily controvertible facts. Plaintiffs' allegations that the affidavit was "self-serving" raises the question of why any litigant would file an affidavit which was not self-serving.

V.

In Paragraph III of their response, Plaintiffs complain of the consideration of post removal pleadings by the Magistrate Judge. What Plaintiffs are really complaining about is the affidavit by JOHN LITTLE attached to his first amended original pleadings. Defendant Little would show that the Federal Rules allow the court considering a Motion for Remand to receive

evidence. Defendant Little's affidavit was the only evidence produced at this hearing. Plaintiffs produced no evidence whatsoever.

WHEREFORE, Defendant JOHN LITTLE prays that the district court adopt Magistrate Judge Black's report and recommendations, enter an order denying Plaintiffs' Motion to Remand, and allow such other relief to Defendant Little to which he may be entitled at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas   78520
(956) 542-5666
(956) 542-0016        FAX

ATTORNEYS FOR JOHN LITTLE D/B/A INSURANCE ASSOCIATES OF THE VALLEY

By: _____
W. Michael Fisher
State Bar No. 06072420
Federal Admission No. 1080

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing has been mailed to Timothy E. Weitz, McDONALD, MACKAY & WEITZ, L.L.P., 1411 West Avenue, Suite 200, Austin, Texas 78701 and Mark A. Weitz, LAW OFFICE OF MARK A. WEITZ, P.O. Box 9673, Austin, Texas 78766-9673; Greg Pierce, SCOTT, DOUGLASS & McCONNICO, L.L.P., 600 Congress Avenue, 15th Floor, Austin, Texas 78701-2589 and Charles M. Jefferson, LAW OFFICE OF CHARLES M. JEFFERSON, 700 North St. Mary's Street, Suite 1000, San Antonio, Texas 78205-3585, on this 31st day of July, 2000.

_____
W. Michael Fisher