IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

OCT 17 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 00-37 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC., AND JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY, | § § § § § § | |
| Defendants | § § | |

### LEGION INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION

Legion Insurance Company ("Legion") files this Response in Opposition to Plaintiffs' Motion for Leave to File First Amended Petition, and shows the following:

### I. INTRODUCTION

1. The Court should deny Plaintiffs' Motion for Leave to File First Amended Petition (the "Motion"). The proposed amendment is futile because the Court has already ruled that the claims to be asserted against the new parties have no possibility of success. Accordingly, the Motion should be denied.

1

80321

## II. FACTUAL BACKGROUND

2. Legion removed the case to this Court on February 28, 2000. Legion asserted that this Court had diversity jurisdiction because John Little, the only non-diverse defendant, had been fraudulently joined. On March 24, 2000, Plaintiffs filed a motion to remand, arguing that Mr. Little had not been fraudulently joined.

3. On June 28, 2000, Magistrate Judge Black denied the motion to remand. See Magistrate Judge's Report and Recommendation, attached as **Exhibit A**. Magistrate Judge Black concluded that there was no possibility of a cause of action against Mr. Little because:

(1) Plaintiffs' claims for misrepresentation of the policy could not succeed because it's claims alleged only a failure to pay claims in accord with the policy, not misrepresentation of the terms of the policy;

(2) no breach of contract claim could exist against Little because he was a disclosed agent; and

(3) no misrepresentation claim could exist regarding the Castillo claim because the Plaintiffs were aware that the Castillo claim was not covered by the policy.

See **Exhibit A** at 3-4. Magistrate Judge Black's Report and Recommendation were adopted by the Court and it entered an order denying the motion to remand. See Order Adopting Magistrate Judge's Report and Recommendation, attached as **Exhibit B**.

4. On September 25, 2000, Plaintiffs filed their Motion for Leave to File First Amended Petition (the "Motion"). That motion sought leave to file an amended

2

280321

"petition" adding two parties -- Insurance Associates of the Valley ("IAV") and Arnulso Oliveras -- as defendants. As the Plaintiffs allege, the two new parties are the corporate entity that employs John Little and the owner of that corporate entity. See Motion at 2.

5. Other than adding the new parties, Plaintiffs' First Amended Petition does not substantively alter the Plaintiffs' allegations. Indeed, except for the new allegations regarding the relationship between Mr. Little, IAV, and Mr. Oliveras, the First Amended Petition is virtually identical to the Original Petition.[1] As Plaintiffs admit in the Motion, the only purpose served by the amendment is to add two parties who may be liable for the wrongdoing alleged against Mr. Little. See Motion at 1-2.

### III. DISCUSSION

6. The Court should deny the Motion. Where a proposed amendment would be futile, it should be denied. See e.g. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); Cobb v. Delta Exports, Inc., 186 F.3d 675, 678 (5th Cir. 1999) ("A request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction ... would never be granted."). Here, the proposed amendments are futile because the Court has already ruled that the claims asserted against Mr. Little (and now asserted against Little, IAV, and Mr. Oliveras) cannot possibly succeed.

7. The claims asserted in the Plaintiffs' First Amended Petition are identical to those asserted in the Original Petition, with the only difference being the addition of IAV

---

[1] Indeed, the Plaintiffs' venue and jurisdiction allegations in the First Amended Original Petition [sic] apply to venue and jurisdiction in Texas State District Court, and both contain identical typographical errors.

3

280321

and Mr. Oliveras as alternate defendants for claims originally asserted against only Mr. Little. Indeed, as the Plaintiffs admit in the Motion, they seek to add IAV and Mr. Oliveras only to insure that the "culpable party" for the claims now alleged against all three will be found liable. See Motion at 2.

8. The Court, however, has already determined that the claims originally alleged against Mr. Little, however, had no possibility of success. See **Exhibit A** at 3-4. The Court's analysis is not altered by adding the allegation that Mr. Little acted as an agent of IAV and/or Mr. Oliveras as well. Thus, the amendment will be futile and the Court should not allow it.

## IV. CONCLUSION

9. The Court should deny Plaintiffs' Motion for Leave to File First Amended Petition. As already found by the Court, there is no possibility that Plaintiffs can recover against the newly added parties, making the amendment futile.

WHEREFORE, PREMISES CONSIDERED, Legion Insurance Company requests that the Court deny Plaintiffs' Motion for Leave to File First Amended Petition, and that the Court award Legion all other relief to which it is entitled.

4

280321

Respectfully submitted,

By _____
Greg Pierce
Attorney-in-Charge
SDT Admission No. 13785
State Bar No. 15994250
One American Center
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
512/495-6300
512/474-0731 (fax)

Of Counsel:

Julie Springer
State Bar No. 18966770
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589

ATTORNEYS FOR LEGION INSURANCE COMPANY

5

280321

ClibPDF - www.fastio.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing LEGION INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION has been served on counsel of record, as indicated below, by the methods indicated below, on October 16, 2000.

| | |
|---|---|
| Jeff B. McDonald<br>Timothy E. Weitz<br>McDonald, Mackay & Weitz, L.L.P.<br>1411 West Avenue, Suite 200<br>Austin, Texas 78701 | **VIA HAND DELIVERY** |
| Mark A. Weitz<br>Law Office of Mark A. Weitz<br>P.O. Box 9673<br>Austin, Texas 78766-9673 | **VIA CM RRR # Z 123 878 680** |
| Charles M. Jefferson<br>One Riverwalk Place, Suite 1000<br>700 North St. Mary's Street<br>San Antonio, Texas 78205-3585 | **VIA CM RRR # Z 123 878 681** |
| Mr. Mike Fisher<br>Roerig, Oliveira & Fisher, L.L.P.<br>855 West Price Road, Suite 9<br>Brownsville, Texas 78520 | **VIA CM RRR # Z 123 878 682** |

_____
Greg Pierce