27

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., | § § § § § § | United States District Court Southern District of Texas FILED OCT 2 3 2000 Michael N. Milby Clerk of Court |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 00-37 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC., AND JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY, | § § § § § § § | |
| Defendants. | § | |

**LEGION INSURANCE COMPANY'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION**

Legion Insurance Company ("Legion") files this Supplemental Response in Opposition to Plaintiffs' Motion for Leave to File First Amended Petition, and shows the following:

### I. INTRODUCTION

1. In addition to the reasons detailed in Legion's Response in Opposition to Plaintiff's Motion for Leave to File First Amended Petition (the "Response"), the Court should deny Plaintiffs' Motion for Leave to File First Amended Petition (the "Motion") because even the amendment is not futile, justice does not require that the Plaintiffs be allowed to add the new defendants.

281420

## II. DISCUSSION

2. As detailed in Legion's Response, the Motion should be denied because the Court has already determined that the Plaintiffs cannot recover on the claims they seek to assert against Insurance Associates of the Valley ("IAV") and Arnulso Oliveras. The Court should deny the Motion even if not futile because justice does not require addition of IAV and Mr. Oliveras.

3. When a plaintiff seeks to add non-diverse parties after removal, the court should either deny joinder, or grant joinder and remand the action to state court. See 28 U.S.C. 1447(e); Cobb v. Delta Exports, Inc., 186 F.3d 675, 678 (5th Cir. 1999); Hensgens v. Deere & Company, 833 F.2d 1179, 1182 (5th Cir. 1987). However, a motion to amend which seeks to add non-diverse parties after removal is subject to heightened scrutiny. See Hensgens, 833 F.2d at 1182. As the Fifth Circuit stated in Hensgens:

> Because the court's decision will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum. The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment.

Hensgens, 833 F.2d at 1182. In such a situation, the district court must consider "whether justice requires [the plaintiff] to add [the non-diverse defendant.]" Hensgens, 833 F.2d at 1182.

4. Here, even if the Plaintiffs claims against IAV and Mr. Oliveras are not futile, justice does not require that they be added as parties. The lawsuit concerns whether Legion is required to pay certain claims that Plaintiffs allege are covered by policies

2

281420

issued by Legion. Failure to join IAV and/or Mr. Oliveras will not affect the outcome of the claims asserted here. Accordingly, regardless of whether the Plaintiffs' requested amendment is futile, <u>justice does not require joinder of IAV and/or Mr. Oliveras, and the Court should deny the amendment</u>.

### III. CONCLUSION

5. The Court should deny Plaintiffs' Motion for Leave to File First Amended Petition. As already found by the Court, there is no possibility that Plaintiffs can recover against the newly added parties, making the amendment futile, and justice would not require joinder of IAV and/or Mr. Oliveras in any event.

WHEREFORE, PREMISES CONSIDERED, Legion Insurance Company requests that the Court deny Plaintiffs' Motion for Leave to File First Amended Petition, and that the Court award Legion all other relief to which it is entitled.

Respectfully submitted,

By /s/ Greg Pierce
Greg Pierce
Attorney-in-Charge
SDT Admission No. 13785
State Bar No. 15994250
One American Center
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
512/495-6300
512/474-0731 Fax

281420

3

Of Counsel:

Julie Springer
State Bar No. 18966770
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589

        ATTORNEYS FOR LEGION INSURANCE
        COMPANY

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing LEGION INSURANCE COMPANY'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION has been served on counsel of record, as indicated below, by the methods indicated below, on October 19, 2000.

| | |
|---|---|
| Jeff B. McDonald<br>Timothy E. Weitz<br>McDonald, Mackay & Weitz, L.L.P.<br>1411 West Avenue, Suite 200<br>Austin, Texas 78701 | VIA CM RRR # 7000 0520 0024 7261 2802 |
| Mark A. Weitz<br>Law Office of Mark A. Weitz<br>P.O. Box 9673<br>Austin, Texas 78766-9673 | VIA CM RRR # 7000 0520 0024 7261 2819 |
| Charles M. Jefferson<br>One Riverwalk Place, Suite 1000<br>700 North St. Mary's Street<br>San Antonio, Texas 78205-3585 | VIA CM RRR # 7000 0520 0024 7261 2826 |
| Mr. Mike Fisher<br>Roerig, Oliveira & Fisher, L.L.P.<br>855 West Price Road, Suite 9<br>Brownsville, Texas 78520 | VIA CM RRR # 7000 0520 0024 7261 2833 |



Greg Pierce

4

281420