IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., | § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. B-00-037 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC., AND JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY, | § § § § § § § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Motion for Leave to File First Amended Petition (Docket No. 20) as well as Legion Insurance Company's Response in Opposition to Plaintiffs' Motion for Leave to File First Amended Petition (Docket No. 26).

## BACKGROUND

According to Plaintiffs' Original Petition (Docket No. 1), Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., are surgical clinics operating in McAllen, Texas. The defendants are Legion Insurance Company ("Legion"), Claims Administration Services, Inc. ("CAS") and John Little d/b/a Insurance Associates of the Valley

1

("Little"). Legion and CAS are foreign corporations with permits to do business in Texas. Little is a Texas resident.

The gravamen of Plaintiffs' Petition is that Little sold Legion accident policies to school districts in the Rio Grande Valley. Legion stopped paying claims under these policies.

Legion removed the case to this Court on February 28, 2000. Legion asserted that this Court had diversity jurisdiction because Little, the only non-diverse defendant, had been fraudulently joined. On March 24, 2000, plaintiffs filed a Motion to Remand (Docket No. 2), arguing that Little had not been fraudulently joined. On June 28, 2000, this Court denied the motion to remand. The Court concluded that there was no possibility of a cause of action against Little because:

(1) plaintiffs' claims for misrepresentation of the policy could not succeed because it's claim alleged only a failure to pay claims in accord with the policy, not misrepresentation of the terms of the policy;

(2) no breach of contract claim could exist against Little because he was a disclosed agent; and

(3) no misrepresentation claim could exist regarding the Castillo claim because plaintiffs were aware that the Castillo claim was not covered by the policy.

On September 25, 2000, plaintiffs filed their Motion for Leave to File First Amended Petition (Docket No. 20). That motion sought leave to file an amended petition adding two non-diverse parties – Insurance Associates of the Valley ("IAV") and Arnulso Oliveras ("Oliveras") – as defendants. The two new parties are the corporate entity that employs John Little and the owner of that corporate entity. Other than adding the new parties, Plaintiffs' First Amended Petition does not substantively alter the plaintiffs' allegations.

## DISCUSSION

Plaintiffs assert that defendant Little acted as the agent of defendants CAS and Legion, or, in the alternative, defendant Little acted as an employee of IAV and/or Oliveras, and one or both was the agent of defendants CAS and Legion. However, with regard to plaintiffs' cause of action, any distinction between Little as agent of CAS/Legion and IAV or Oliveras as agents of CAS/Legion is purely artificial. The Court's finding that plaintiffs has no viable cause of action against Little holds equally true for IAV and Oliveras. After applying the proper analysis for post-removal joinder of nondiverse defendants as dictated by the Fifth Circuit in *Hensgens v. Deere &Co.*, 833 F.2d 1179 (5th Cir. 1987), the Court finds that the equities favor denying Plaintiffs' Motion for Leave to File First Amended Petition. To deprive the existing defendants of their right to a federal forum by the joinder of parties against whom plaintiffs have no viable claim for relief would not be equitable. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999)("A request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction ... would never be granted."); *Williams v. Vincent Intern., Inc.*, 192 F.R.D. 544, 548 (S.D. Miss 2000). Accordingly, the Court should exercise its inherent power to recall its judgment and withdraw its order permitting plaintiffs to file their first amended petition. *See Melancon v. Texaco, Inc.*, 659 F.2d 551 (5th Cir. 1981)(The district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.").

IT IS therefore **RECOMMENDED** that the Clerk of the Court be directed to **VACATE** the Court's earlier Order Granting Plaintiffs' Motion for Leave to File First Amended Petition (Docket No. 22). After careful consideration of said matter, it is **RECOMMENDED** that Plaintiffs' Motion for Leave to File First Amended Petition (Docket No. 20) be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 20th day of December, 2000.

*[signature]*

John Wm. Black
United States Magistrate Judge

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

| | |
|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., §§§§§§§ Plaintiffs, § § VS. § § LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC., AND JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY, §§§§§§§§ Defendants. § | CIVIL ACTION NO. B-00-037 |

## ORDER

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of December 20, 2000 should be **ADOPTED**.

IT IS ORDERED that the Clerk of the Court **VACATE** the Court's earlier Order Granting Plaintiffs' Motion for Leave to File First Amended Petition (Docket No. 22). IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File First Amended Petition (Docket No. 20) be **DENIED**.

DONE in Brownsville, Texas, on this _____ day of _____, 2001.

_____
Filemon B. Vela
United States District Court Judge