IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., PLAINTIFFS | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-037 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC., AND JOHN LITTLE, DBA INSURANCE ASSOCIATES OF THE VALLEY, DEFENDANTS | § § § § § § | |

United States District Court
Southern District of Texas
FILED

FEB 0 6 2001

Michael N. Milby
Clerk of Court

## PLAINTIFFS' OBJECTIONS TO ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW, Plaintiffs Rio Grande Orthopaedic Institute (RGOI) and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (RGOI-ASC) and respectfully file these their Objections to Order Adopting Magistrate Judge's Report and Recommendation signed January 23, 2001 as follows:

I.

BACKGROUND

1.1   Plaintiffs filed suit against the Defendants in the 197th Judicial District Court of Cameron County, Texas on January 21, 2000. On February 28, 2000, Defendant Legion Insurance Company filed Notice to State Court of Removal based solely on the alleged fraudulent joinder of Defendant Little in an attempt to establish diversity and support removal.

PLAINTIFFS' OBJECTIONS TO ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION          1

1.2     On March 24, 2000, Plaintiffs' Motion for Remand was filed.  On April 14, 2000, Defendant Legion filed its Response in Opposition to Plaintiffs' Motion to Remand.  Neither the Defendant's original pleadings, Notice of Removal, nor Response in Opposition to Plaintiffs' Motion to Remand contained affidavits to support the removal.  On May 25, 2000, Defendant John Little filed a First Amended Original Answer with a supporting affidavit of Defendant Little.  At no time did Defendants Claims Administration Services (CAS) or John Little show consent by signing the Notice of Removal, by filing a separate form confirming consent, or simply by stating their consent on the record.

1.3     Despite the absence of consent and Plaintiffs' showing and argument to support their Motion for Remand, the Magistrate Judge rendered a report and an erroneous recommendation to deny remand.  Plaintiffs subsequently filed Plaintiffs' Objections to Magistrate Judge's Report and Recommendation and Defendant Legion filed a responsive pleading.  The remand was ultimately denied by an order of the Court on June 28, 2000.

1.4     Thereafter, on September 25, 2000, Plaintiffs filed a Motion for Leave to File First Amended Petition seeking to join the parties identified in Defendant Little's Amended Answer as being his corporate employer and the owner of that entity.  These parties to be added were Insurance Associates of the Valley and Arnulso Oliveras.  Both parties are non-diverse parties.  Based on the Amended Answer of Little and the state of the pleadings, these parties were appropriate for joinder and leave to amend was initially granted by an order of the Magistrate Judge dated September 29, 2000.  Subsequently, Defendant Legion sought reconsideration of the Magistrate Judge's order granting leave

and the Magistrate Judge reversed and vacated the prior order through issuance of a Memorandum Opinion and Order of November 7, 2000. Thereafter, Plaintiffs filed their Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order reiterating their position on joinder and the failure to remand this matter back to state court. Among the objections filed was an objection that the Magistrate Judge exceeded his authority in that the decision to deny Plaintiffs leave to amend their petition to join Defendants Insurance Associates of the Valley and Arnulso Oliveras constitutes a dispositive ruling on the substantive merits of the case. Since the parties have not consented to allow the Magistrate Judge to hear and rule on this case and its merits in lieu of the United States District Judge, the Memorandum Opinion and Order of the Magistrate Judge were attacked as beyond the scope of the Magistrate Judge's authority.

1.5    In an apparent response to Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order, and specifically the objection to exceeding the scope of his authority, the Magistrate Judge has rendered the Magistrate Judge's Report and Recommendation of December 20, 2000.

1.6    On December 30, 2000, Plaintiffs filed Plaintiffs' Objections to Magistrate Judge's Report and Recommendation.

1.7    On January 23, 2001, the Court adopted the report and recommendation of the Magistrate Judge, and entered the order proposed by the Magistrate Judge.

## II.

## OBJECTIONS

2.1    Plaintiffs object to the order of the Court adopting the Magistrate Judge's Report

and Recommendation in that it, like the Memorandum Opinion and Order of November 7, 2000 and the earlier Report and Recommendation of the Magistrate Judge regarding remand, is based on the faulty conclusion that a cause of action cannot conceivably be maintained against Defendant Little, and therefore cannot conceivably be maintained against potential Defendants Insurance Associates of the Valley and Arnulso Oliveras. Consequently, Plaintiffs object to the Court's order adopting the Magistrate Judge's Report and Recommendation of December 20, 2000 on the same grounds as raised in Plaintiffs' Objections to Magistrate Judge's Report and Recommendation made in regard to the initial determination to deny remand. Plaintiffs' Objections to Magistrate Judge's Report and Recommendation regarding remand and Plaintiffs' Objections to Magistrate Judge's Report and Recommendation regarding leave to amend, and the respective exhibits attached to each, are reasserted and incorporated herein by reference as if set forth herein at length.

2.2    Plaintiffs further object to the Court's adoption of the Magistrate Judge's Report and Recommendation of December 20, 2000 on the grounds that to do so is to fail to properly apply standards of review regarding joinder and whether or not there is any possibility of a cause of action against a non-diverse party. Plaintiffs object in that the adoption of the Magistrate Judge's Report and Recommendation entirely fails to apply the standard to the pleadings in this case and specifically overlooks the claim of misrepresentation and fraud against non-diverse Defendant John Little for representing that first he would and then he had verified coverage or obtained approval for claims payment. Plaintiffs object to the Court's refusal to recognize the possibility of this aspect of the misrepresentation cause of action and to subsequently recognize that potential Defendants Insurance Associates of the Valley and Arnulso Oliveras may share responsibility in that Little acted as an employee, agent or representative of Insurance

<u>PLAINTIFFS' OBJECTIONS TO ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>      4

Associates of the Valley and Arnulso Oliveras, who in turn acted on behalf of Defendants Claims Administration Services and Legion Insurance Company.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that these objections be noted, taken under advisement by the Court, and deemed meritorious.

Respectfully Submitted,

Timothy E. Weitz, Attorney-in-Charge
SBN 21117500
Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas 78701
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas 78766-9673
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Reynaldo Ortiz, Of Counsel
SBN 15324275
Federal ID. No. 3767
Law Office of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas 78504
(956) 687-4567  Main Number
(956) 631-1384  Fax Number

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of February, 2001, a true and correct copy of the foregoing Plaintiffs' Objections to Order Adopting Magistrate Judge's Report and Recommendation has been served on the following individuals and in the following manner:

Greg Pierce/Julie Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas  78701-2589
(Certified Mail - Return Receipt Requested)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas  78205-5385
(Certified Mail - Return Receipt Requested)

Elizabeth G. Neally/Michael Fisher
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas  78520
(Certified Mail - Return Receipt Requested)

_____
Timothy E. Weitz