45

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAY 0 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., PLAINTIFFS | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-037 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC., AND JOHN LITTLE, DBA INSURANCE ASSOCIATES OF THE VALLEY, DEFENDANTS | § § § § § § | |

**PLAINTIFFS' RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT JOHN LITTLE
DBA INSURANCE ASSOCIATES OF THE VALLEY**

COMES NOW, Plaintiffs Rio Grande Orthopaedic Institute (RGOI) and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (RGOI-ASC) and respectfully file this Plaintiffs' Response to Motion for Summary Judgment of Defendant John Little DBA Insurance Associates of the Valley. Plaintiffs would show the Court as follows:

**I.**

**ISSUES**

1.1   Defendant John Little has filed a Motion for Summary Judgment on the grounds that the Magistrate Judge has already determined that Plaintiffs have no viable cause of action against Defendant Little. This assertion is based on the Magistrate Judge's June

PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT JOHN LITTLE DBA INSURANCE ASSOCIATES OF THE VALLEY

28, 2000 Order Denying Plaintiffs' Motion for Remand and the December 20, 2000 Report and Recommendation of the Magistrate Judge which reiterated this determination in regard to Plaintiffs' Motion for Leave to File First Amended Petition seeking to join the parties identified in Defendant Little's Amended Answer as being his corporate employer and the owner of that entity. The erroneous Report and Recommendation of the Magistrate Judge was ultimately adopted by the Court's Order dated January 23, 2001.

1.2     Plaintiffs have consistently maintained that the denial of Plaintiffs' Motion for Remand and the underlying determination that Plaintiffs have no viable cause of action against Defendant Little are erroneous.

1.3     Plaintiffs have also consistently maintained that the Magistrate Judge's Report and Recommendation of December 20, 2000 and the Order of the Court of January 23, 2001 denying Plaintiffs' Motion for Leave to File First Amended Petition were similarly flawed.

1.4     In light of the dispute over the ability of Plaintiffs to maintain a viable cause of action against Defendant John Little, the Court must now ascertain whether Defendant Little is entitled to a summary judgment based on the determinations of the Magistrate Judge and the Court made in regard to the propriety of remand and the merits of a request for leave to file an amended petition so as to join Defendant Little's employer.

1.5     Plaintiffs maintain that the previous determinations were faulty and, that under the standards for evaluating a motion for summary judgment, Defendant Little's Motion for

PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT JOHN LITTLE DBA INSURANCE ASSOCIATES OF THE VALLEY

Summary Judgment should be denied.

## II.

## BACKGROUND

2.1    Plaintiffs filed suit against the Defendants in the 197th Judicial District Court of Cameron County, Texas on January 21, 2000.  On February 28, 2000, Defendant Legion Insurance Company filed Notice to State Court of Removal based solely on the alleged fraudulent joinder of Defendant Little in an attempt to establish diversity and support removal.

2.2    On March 24, 2000, Plaintiffs' Motion for Remand was filed.  On April 14, 2000, Defendant Legion filed its Response in Opposition to Plaintiffs' Motion to Remand.  Neither the Defendant's original pleadings, Notice of Removal, nor Response in Opposition to Plaintiffs' Motion to Remand contained affidavits to support the removal.  On May 25, 2000, Defendant John Little filed a First Amended Original Answer with a supporting affidavit of Defendant Little.  At no time did Defendants Claims Administration Services (CAS) or John Little show consent by signing the Notice of Removal, by filing a separate form confirming consent, or simply by stating their consent on the record.

2.3    Despite the absence of consent and Plaintiffs' showing and argument to support their Motion for Remand, the Magistrate Judge rendered a report and an erroneous recommendation to deny remand.  Plaintiffs subsequently filed Plaintiffs' Objections to Magistrate Judge's Report and Recommendation and Defendant Legion filed a

responsive pleading.   The remand was ultimately denied by an order of the Court on June 28, 2000.

2.4      Thereafter, on September 25, 2000, Plaintiffs filed a Motion for Leave to File First Amended Petition seeking to join the parties identified in Defendant Little's Amended Answer as being his corporate employer and the owner of that entity.   These parties to be added were Insurance Associates of the Valley and Arnulso Oliveras.   Both parties are non-diverse parties.   Based on the Amended Answer of Little and the state of the pleadings, these parties were appropriate for joinder and leave to amend was initially granted by an order of the Magistrate Judge dated September 29, 2000.   Subsequently, Defendant Legion sought reconsideration of the Magistrate Judge's order granting leave and the Magistrate Judge reversed and vacated the prior order through issuance of a Memorandum Opinion and Order of November 7, 2000.   Thereafter, Plaintiffs filed their Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order reiterating their position on joinder and the failure to remand this matter back to state court.   Among the objections filed was an objection that the Magistrate Judge exceeded his authority in that the decision to deny Plaintiffs leave to amend their petition to join Defendants Insurance Associates of the Valley and Arnulso Oliveras constitutes a dispositive ruling on the substantive merits of the case.   Since the parties have not consented to allow the Magistrate Judge to hear and rule on this case and its merits in lieu of the United States District Judge, the Memorandum Opinion and Order of the Magistrate Judge were attacked as beyond the scope of the Magistrate Judge's authority.

2.5      In an apparent response to Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order, and specifically the objection to exceeding the scope

PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT JOHN LITTLE DBA INSURANCE ASSOCIATES OF THE VALLEY

of his authority, the Magistrate Judge has rendered the Magistrate Judge's Report and Recommendation of December 20, 2000.

2.6     On December 30, 2000, Plaintiffs filed Plaintiffs' Objections to Magistrate Judge's Report and Recommendation.

2.7     On January 23, 2001, the Court adopted the report and recommendation of the Magistrate Judge, and entered the order proposed by the Magistrate Judge.

2.8     On February 5, 2001, Plaintiffs' Objections to Order Adopting Magistrate Judge's Report and Recommendation were filed.  Therein, Plaintiffs objected to the order of the Court adopting the Magistrate Judge's Report and Recommendation in that it, like the Memorandum Opinion and Order of November 7, 2000 and the earlier Report and Recommendation of the Magistrate Judge regarding remand, is based on the faulty conclusion that a cause of action cannot conceivably be maintained against Defendant Little, and therefore cannot conceivably be maintained against potential Defendants Insurance Associates of the Valley and Arnulso Oliveras.  Consequently, Plaintiffs further objected to the Court's order adopting the Magistrate Judge's Report and Recommendation of December 20, 2000 on the same grounds as raised in Plaintiffs' Objections to Magistrate Judge's Report and Recommendation made in regard to the initial determination to deny remand.  Plaintiffs' Objections to Magistrate Judge's Report and Recommendation regarding remand and Plaintiffs' Objections to Magistrate Judge's Report and Recommendation regarding leave to amend, and the respective exhibits attached to each, are included herein as Exhibits 1 and 2 and are reasserted and incorporated herein by reference as if set forth herein at length.  In addition, Plaintiffs'

Objections to Order Adopting Magistrate Judge's Report and Recommendation filed
February 5, 2001 are attached as Exhibit 3, reasserted herein, and incorporated by
reference as if set forth at length.

2.9     Plaintiffs further objected to the Court's adoption of the Magistrate Judge's
Report and Recommendation of December 20, 2000 on the grounds that to do so
constituted a failure to properly apply standards of review regarding joinder and whether
or not there is any possibility of a cause of action against a non-diverse party.  Plaintiffs
objected in that the adoption of the Magistrate Judge's Report and Recommendation
entirely failed to apply the standard to the pleadings in this case and specifically
overlooked the claim of misrepresentation and fraud against non-diverse Defendant John
Little for representing that first he would and then he had verified coverage or obtained
approval for claims payment.  Plaintiffs objected to the Court's refusal to recognize the
possibility of this aspect of the misrepresentation cause of action and to subsequently
recognize that potential Defendants Insurance Associates of the Valley and Arnulso
Oliveras may share responsibility in that Little acted as an employee, agent, or
representative of Insurance Associates of the Valley and Arnulso Oliveras, who in turn
acted on behalf of Defendants Claims Administration Services and Legion Insurance
Company.

III.

ARGUMENT AND GENUINE ISSUES OF FACT

3.1     In reaching the conclusion that Plaintiffs have no viable cause of action against
Defendant Little, the Magistrate Judge and the Court can only have relied on the affidavit
of John Little himself as attached and incorporated into Defendant Little's First Amended

PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT JOHN LITTLE DBA INSURANCE
ASSOCIATES OF THE VALLEY

Original Answer.

3.2     In his affidavit, Defendant Little states, "I do not have authority to bind INSURANCE ASSOCIATES OF THE VALLEY or any of the insurance companies which I may work with, including LEGION INSURANCE COMPANY." Such an assertion is a disputed issue of fact.

3.3     In his affidavit, Defendant Little further states, "I have no authority to bind any claims administrators which the insurance companies may hire and specifically I do not have authority to bind CLAIMS ADMINISTRATION SERVICES, INC." This assertion also presents a disputed issue of fact.

3.4     Defendant Little also maintains in his affidavit that, "Contrary to what is set out in Plaintiffs' Original Petition filed in this lawsuit, I did not represent to Plaintiffs or anyone that LEGION INSURANCE COMPANY or CLAIMS ADMINISTRATION SERVICES, INC. would pay for services outside the coverages of the applicable insurance policy." This assertion presents a disputed issue of fact.

3.5     The assertions set forth in Defendant Little's affidavit are characterized by him as "factual statements" and are in direct conflict with allegations contained in Plaintiffs' pleadings. Taken individually and collectively, these statements do nothing more than illustrate the factual dispute existing between Plaintiffs and Defendant Little.

3.6     Despite Defendant Little's assertions, it remains to be determined as to whether he had actual authority to bind the other Defendants or whether he had apparent authority

to do so. Likewise, it remains to be determined as to what weight should be given to Defendant Little's statements since he is an interested witness rather than a disinterested one. Given that Defendant Little is an interested witness, the Court must make a determination as to what weight to give his statements in light of the self-interest that may tend to color his assertions. If the Court is required to weigh the credibility of a witness, a summary judgment may not be granted. *Schoonejongen v. Curtis-Wright Corp.*, 143 F.3d 120, 129-30 (3d Cir.1998); *Wolf v. Buss, Inc.*, 77 F.3d 914, 922 (7th Cir.1996); *Han v. Mobil Oil Corp.*, 73 F.3d 872, 875 (9th Cir.1995).

3.7     In addition, Defendant Little's affidavit is faulty in that it does not appear to be based on the affiant's personal knowledge as required under Federal Rule of Civil Procedure 56(e) and therefore cannot support a summary judgment. Defendant Little's assertions as to his authority to bind the other Defendants is nothing more than an unsubstantiated opinion as to the facts in question and the application of the law to those facts. His opinion, standing alone, does not constitute a recitation of undisputed facts and is not explicitly or otherwise set forth as being entirely or partially based on personal knowledge of either the facts or the application of the law. Consequently, Plaintiffs object to the use of the affidavit for purposes of supporting a summary judgment on the grounds that the affidavit does not comply with Federal Rule of Civil Procedure 56(e). Defendant Little's affidavit does not state that it is made based on personal knowledge, and given the content of the affidavit, it appears to be made more on information and belief rather than on personal knowledge. Statements made on information and belief rather than on personal knowledge are not entitled to weight in the summary judgment balance. *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir.1997). The affidavit is not sufficiently based on personal knowledge, and an affiant cannot simply state that he has

personal knowledge of all the facts contained therein. An affidavit must identify the details and show how and why the affiant has personal knowledge or it will be deemed insufficient to meet the requirements of Federal Rule of Civil Procedure 56(e). *Columbia Pictures Indus., Inc. v. Professional Real Estate Inv., Inc*, 944 F.2d, 1525, 1529 (9th Cir.1991), *aff'd*, 508 U.S. 49, 113 S.Ct. 1920 (1993).

3.8     The moving party, Defendant Little, has the burden of showing the absence of a genuine issue as to any material fact. The summary judgment issues must be viewed in the light most favorable to the opposing party and the contents of the Plaintiffs' complaint or petition which may be argued by the movant to be conclusory allegations cannot simply be set aside and replaced by the conclusory contents of the movant's affidavit contained in his First Amended Original Answer. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). In Exhibits A, B, and C, attached and incorporated herein by reference, Plaintiffs have set out with specificity the factual allegations that are reflected in its Complaint. Consequently, in the absence of sufficient support in the Movant's pleadings and affidavit, the Court should deny the Motion for Summary Judgment.

3.9     In addition to the foregoing, the Movant's affidavit amounts to nothing more than recitation of bare allegations of fact, ultimate or conclusory facts, and legal conclusions. As such, the contents of the affidavit do not satisfy Rule 56(e) requirements that the affidavit contain specific and admissible evidence. Plaintiffs object to the affidavit as being insufficient on these grounds and assert that a summary judgment is not supported by such an affidavit. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962

(4th Cir.1996); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir.1998); *BellSouth Telecomm., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir.1996).

3.10    In light of the foregoing genuine issues of fact and deficiencies in the sole affidavit in support of the Motion for Summary Judgment, the motion should be denied.

3.11    It should be further noted that the May 31, 2001 deadline for completion of discovery in this case has not been reached and, most recently, discovery has been informally abated by the parties due to efforts to resolve this case with Defendant Legion Insurance Company as reflected by the filed and granted Unopposed Motion for Enlargement of Time for Summary Judgment Motion Response and Submission to the Court and a subsequent additional motion of the same nature.   The Courts have historically been reluctant to grant a fact-based summary judgment motion before discovery is completed.   *See, e.g., Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Motion for Summary Judgment be denied, or in the alternative, a ruling on the motion be held in abeyance until completion of discovery on May 31, 2001, and an opportunity is granted to supplement the summary judgment evidence.

Respectfully Submitted,


Timothy E. Weitz, Attorney-in-Charge
SBN 21117500
Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas  78701
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas  78766-9673
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Reynaldo Ortiz, Of Counsel
SBN 15324275
Federal ID. No. 3767
Law Office of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas  78504
(956) 687-4567  Main Number
(956) 631-1384  Fax Number

ATTORNEYS FOR PLAINTIFFS

# CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of May, 2001, a true and correct copy of the foregoing Plaintiffs' Response to Motion for Summary Judgment of Defendant John Little DBA Insurance Associates of the Valley has been served on the following individuals and in the following manner:

Greg Pierce/Julie Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas  78701-2589
(Certified Mail - Return Receipt Requested)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas  78205-5385
(Certified Mail - Return Receipt Requested)

Elizabeth G. Neally/Michael Fisher
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas  78520
(Certified Mail - Return Receipt Requested)

Timothy E. Weitz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 07 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC | § | |
| INSTITUTE, AND RIO GRANDE | § | |
| ORTHOPAEDIC INSTITUTE | § | |
| AMBULATORY SURGERY CENTER, | § | |
| LTD., PLAINTIFFS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-037 |
| | § | |
| LEGION INSURANCE COMPANY, | § | |
| CLAIMS ADMINISTRATION SERVICES, | § | |
| INC., AND JOHN LITTLE, DBA | § | |
| INSURANCE ASSOCIATES OF THE | § | |
| VALLEY, DEFENDANTS | § | |

## PLAINTIFFS' OBJECTIONS TO
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW, Plaintiffs Rio Grande Orthopaedic Institute (RGOI) and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (RGOI-ASC) filing these Objections to Magistrate Judge's Report and Recommendation signed June 27, 2000 and entered June 28, 2000.

### BACKGROUND

Plaintiffs filed suit against the Defendants in the 197th Judicial District Court of Cameron County, Texas on January 21, 2000. On February 28, 2000, Defendant Legion Insurance Company filed Notice to State Court of Removal based solely on the alleged fraudulent joinder of Defendant Little in an attempt to establish diversity and support removal. On March 24, 2000, Plaintiffs' Motion for Remand was filed. On April 14, 2000, Defendant Legion filed its Response in Opposition to Plaintiffs' Motion to Remand. Neither the Defendant's original pleadings, Notice of Removal, nor Response

PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION



in Opposition to Plaintiffs' Motion to Remand contained affidavits to support the removal. On May 25, 2000, Defendant John Little filed a First Amended Original Answer with a self-serving supporting affidavit of Defendant Little. This pleading was not only filed a significant length of time after the Notice of Removal and is only superficially supported by the Defendant's own affidavit, but was actually filed the day of a May 25th hearing requested by Defendants on the Motion to Remand in which no oral argument was actually heard nor the record substantially supplemented. At no time did Defendants Claims Administration Services (CAS) or John Little show consent by signing the Notice of Removal, by filing a separate form confirming consent, or simply by stating their consent on the record. Based on the pleadings and applicable law, the Magistrate Judge has erroneously recommended that the Plaintiffs' Motion to Remand be denied.

## POSITION SUMMARY

There has been an appalling failure on the part of the Magistrate Judge to apply the standards for determining fraudulent joinder, the propriety of removal, and the appropriateness of remanding this case back to state court. This failure is all the more disturbing in that the Magistrate Judge has correctly acknowledged the standards while at the same time he has totally disregarded their application in rendering his report and making his recommendation   The Magistrate Judge has either overlooked critical components of the Plaintiffs' pleadings, chosen to selectively read the pleadings as a whole, or for some reason opted to just ignore the content of the pleadings which overwhelmingly support remand. Consequently, Plaintiffs object to the Magistrate Judge's Report and Recommendations as a gross misapplication of the prevailing standards for evaluating fraudulent joinder and the legitimacy of removal and the need for remand. Similarly, Plaintiffs object to the Magistrate Judge's glaring oversights in

the recitation of the facts of this case and the clear error in weighing and construing the available information before the Court. Plaintiffs maintain that the Magistrate Judge's Report and Recommendation falls so far outside the parameters of the law and the proper exercise of Court discretion that to follow his recommendations will result in mandatory reversal on appeal and an unavoidable overturning of any outcome based on a clear lack of proper jurisdiction.

## OBJECTIONS

Plaintiffs object to the Magistrate Judge's Report and Recommendation as follows:

## I.
## FAILURE TO APPLY PROPER
## STANDARDS OF REVIEW

1.1   Although acknowledging that the test for determining fraudulent joinder is whether or not there is any possibility of a cause of action against the non-diverse party, the Magistrate Judge has entirely failed to apply the standard to the pleadings in this case and has specifically overlooked the claim of misrepresentation and fraud against non-diverse Defendant John Little for representing that first he would and then he had verified coverage or obtained approval for claims payment. Plaintiffs object to the failure of the Magistrate Judge to recognize the possibility of this aspect of the misrepresentation cause of action. Consequently, Plaintiffs object to the Magistrate Judge's failure to properly apply the standard for determining whether there is fraudulent joinder, and object to the Magistrate Judge's recommendation that fraudulent joinder be found.

1.2   Although acknowledging that a summary judgment like standard is applied by the courts, the Magistrate Judge's recommendation completely fails to construe the pleadings

and the almost total lack of evidence in favor of the non-removing party. Plaintiffs object to the Magistrate Judge's implicit conclusion that the summary judgment like evidence unequivocally demonstrates that there has been fraudulent joinder and that no possibility exists of a claim by Plaintiffs against Defendant Little for misrepresentation.

1.3     Any doubt about the propriety of removal is to be construed against removal. The pleadings and available evidence show that there is no doubt about the issue of diversity and fraudulent joinder. Plaintiffs object to the Magistrate Judge's failure to construe any doubt that may exist against removal.

1.4     In order to show fraudulent joinder, the removing defendant must show (a) that there is an outright fraud in the Plaintiff's recitation of jurisdictional facts; (b) there is no possibility that the Plaintiff will be able to establish a cause of action against the non-diverse defendant in state court; (c) the diverse defendant is joined with the non-diverse defendant as to whom there is no joint, several or alternative liability and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. Madison vs. Vintage Petroleum, Inc., 114 F.3rd 514, 516 (5th Cir. 1997). Defendant Legion has completely failed to meet these standards and the Magistrate Judge in recommending a denial of Plaintiffs' Motion for Remand has totally ignored Plaintiffs first misrepresentation claim while instead focusing exclusively on only one aspect of the case involving a single patient referenced as the Castillo claim.

1.5     Plaintiffs object to the foregoing failure to recognize the first misrepresentation claim against Defendant Little as it goes to the business practices of Defendants as a whole. Defendant Little, whether as an employee or otherwise, but clearly with an agent's license, sold a policy to local school districts that provided for payment of claims

that were usual and customary. Defendant Little represented to the school districts that usual and customary claims would be paid, the school districts informed Plaintiffs accordingly, and Plaintiffs, in reliance on the representations of Defendant Little, proceeded to provide a substantial amount of orthopaedic surgical care to children in these school districts. Payments for services under the policy have not been paid as represented. Rather than utilizing a usual and customary standard for reimbursement for medical care, Defendants Legion and Claims Administration Services (CAS) have adjusted claims payment to pay at a much lower rate per Medicare guidelines which are not contemplated under the policy represented to cover the school districts and the local children attending their schools.

1.6     As stated in Plaintiffs' Original Petition, Paragraph 9, the representations made by Defendants Little, Legion, and CAS were that the policy would pay for surgical services provided to covered persons of the insured school districts to the extent that the fees charged by the medical provider were: (a) The usual fee charged by the provider for the service or supply given; (b) The average fee charged for the service or supply *in the locality in which the service or supply is received* (emphasis added); and (c) is reasonable in relation to the services or supply given and the severity of the condition. Defendants Legion and CAS did not pay numerous claims in this manner as misrepresented by all three Defendants. Plaintiff's object to the Magistrate Judge's focus on the specific facts of only one claim, the Castillo claim, to the exclusion of the other claims which form the underlying basis of a sustainable misrepresentation cause of action against the Defendants, including Defendant John Little.

1.7     It should be noted, as recited in Plaintiffs Original Petition, Paragraph 18, that only after Plaintiffs began directly pressing Defendant Legion for payment in November

1999 did Defendant CAS begin to start addressing claims with the two Defendants adjusting them in a manner that was in direct violation of the policy provisions, and consequently in a manner inconsistent with the representations made by all three Defendants orally and in writing.  There were not PPO discounts or network agreements in place between Plaintiffs and Defendants, and the adjustment and payment of claims should have been controlled by the language of the policies covering the school districts and the children.  The claims for payment were not Medicare claims and were not subject to the schedules set for Medicare or Medicaid.  The discretion given to the Defendants in adjusting claims was set out in the policies of insurance indicating that Defendant Legion would provide the benefits described to all covered persons who suffered a covered loss. There is no dispute that the individuals were covered persons under the policies and that they indeed suffered covered losses.  In addition, the policy benefits, unless specified to be paid in installments, were to be paid upon receipt of written proof of such loss. Defendants Legion and CAS did not do so in direct violation of the representations made by them and Defendant John Little.  See Plaintiffs' Original Petition, Paragraph 19.  In light of these recitations in the pleadings and in the absence of unequivocal controverting evidence, Plaintiffs can establish a cause of action against all three Defendants, including Defendant John Little.  Therefore, Plaintiffs object to the Magistrate Judge's findings and conclusions to the contrary.

1.8     As for the Castillo claim, it has been completely misunderstood and overemphasized by the Magistrate Judge.  Simply stated, the claim of misrepresentation against Defendant Little in this regard is that the parties knew an applicable time period had run.  Prior to providing services, inquiry was made as to whether the relevant provisions of the policy would be waived by Defendant Legion so that care could be delivered and reimbursed under the policy.  Defendant Little represented that he was an

agent of Defendant Legion, that he would ask if the pertinent provisions could be waived, that he did ask, and that the requested waiver was granted as is common in the industry. As a consequence of Defendant Little's representations, Plaintiffs provided medical care to Castillo.  Subsequently, Defendants Legion and CAS refused to pay the related claim, and therefore, Defendant Little's representations were either intentionally or negligently false either in whole or in part.  Plaintiffs object to the Magistrate Judge's mischaracterization of the misrepresentation cause of action against Defendant Little with respect to the Castillo claim and further object to the erroneous conclusion that Plaintiffs cannot establish a state action based on these circumstances.

1.9     Plaintiffs maintain that there is clearly a possibility of establishing  a misrepresentation cause of action against Defendant Little and the other Defendants. Plaintiffs maintain that there is individual as well as joint, several or alternative liability in regard to Defendant John Little.   Plaintiffs maintain that there is no outright fraud in the recitation of jurisdictional facts and that there is no evidence to support a contrary conclusion.  Consequently, Plaintiffs object to the Magistrate Judge's Report and Recommendation on these grounds as well as the others cited to herein.

II.
FAILURE TO REQUIRE COMPLIANCE
WITH RULES MANDATING CONSENT
OF ALL DEFENDANTS

2.1     Defendant Legion is required to demonstrate consent to the removal by the other defendants.   Such consent can be shown either by having the other defendants sign the Notice of Removal or by their filing of a separate form agreeing to the removal.  In the case at bar, Defendant Claims Administration Services and Defendant John Little have not shown their consent to the removal as required.  These defendants had 30 days from

the date they were served to file their notice of consent, and this time period has long since run with no such filing.  Plaintiffs object to the Magistrate Judge's failure to require proper consent.  See <u>Balazik vs. County of Dauphin</u>, 44 F.3d 209, 213 (3d Cir. 1995); <u>Roe vs. O'Donohue</u>, 38 F.3d 298, 301 (7th Cir. 1994).

2.2     Defendant Legion's Notice of Removal is procedurally defective for failure to obtain and properly memorialize the consent to removal by Defendant Claims Administration Services and Defendant John Little.  Plaintiffs' Motion to Remand timely raised and objected to this deficiency and the defect was not waived.  No exceptions apply.  Consequently, remand is mandatory and Plaintiffs object to the Magistrate Judge's recommendation that the Motion for Remand be denied.  See <u>Doe v. Kerwood</u>, 969 F.2d 165, 167 (5th Cir. 1992); <u>Chaghervand vs. Carefirst</u>, 909 F.Supp. 304, 308-09 (D. Md. 1995).

### III.
### LACK OF EVIDENCE AND CONSIDERATION
### OF POST REMOVAL PLEADINGS

3.1     Defendants have a heavy burden of showing fraudulent joinder by clear and convincing evidence.  <u>Pampillonia vs. RJR Nabisco, Inc.</u>, 138 F.3rd 459, 461 (2d Cir. 1998).  Plaintiffs object to the Magistrate Judge's recommendation in that Defendant Legion has not met its burden.

3.2     In their original answers, none of the Defendants including Defendant Little, filed any special exceptions, affirmative defenses or other pleadings that would call into question that Plaintiffs had failed to plead each and every element of the causes of action they have alleged against in-state Defendant John Little.  Defendant Little is not exempt from personal liability for his own misrepresentations, and not only is Little liable, but his

actions and communications also subject Defendants Legion and CAS to potential liability. Defendant Legion's pleadings concede that Defendant Little was its agent. Therefore, Defendant Little's eleventh hour affidavit, if considered as was improperly done by the Magistrate Judge, contradicts Defendant Legion's pleadings in support of removal. Any such conflict should be resolved in favor of remand. See <u>Green vs. Amerada Hess Corp.</u>, 707 F.2d 201, 206 (5th Cir. 1983). Plaintiffs object to the Magistrate Judge's failure to acknowledge this theory of recovery, to construe pleading conflicts in favor of remand, and to recommend remand accordingly.

3.3     Although a summary judgment like procedure may be used in determining fraudulent joinder, such as consideration of affidavits, the courts must still initially resolve all disputed questions of state law and all contested issues of substantive fact in favor of the Plaintiffs. <u>Green vs. Amerada Hess Corp.</u>, 707 F.2d 201, 206 (5th Cir. 1983). Plaintiffs object on the grounds that the Magistrate Judge has failed to do so in that there is no evidence to support the removal of this case and therefore certainly no evidence to unequivocally do so.

3.4     Plaintiffs object to the Magistrate Judge's Report and Recommendation because there is no evidence from the Defendants to demonstrate that the non-diverse party is a sham party or fraudulently joined by facts established with the Notice of Removal. It has long been held that a finding of a sham or fraudulently joined party cannot be based on assertions which are no more than the simple deductions of the pleader seeking removal. <u>Wilson vs. Republic Iron and Steel Co.</u>, 257 U.S. 92, 66 L.Ed. 144, 42 S.Ct. 35 (1921). Plaintiffs object to the Magistrate Judge's improper incorporation of such deductions into his report and recommendation. The conclusions of the pleader are all that Defendant Legion offers, and these deductions themselves are flawed and factually inaccurate based

on a plain reading of the pleadings. Plaintiffs object to the Magistrate Judge's apparent assignment of great weight and controlling significance to such deductions.

3.5     A determination as to the propriety of removal is to be made based on the Notice of Removal and pre-removal pleadings. Plaintiffs object to the Magistrate Judge's consideration of the First Amended Original Answer of Defendant John Little which was not only filed a significant length of time after the Notice of Removal and is only superficially supported by the Defendant's self-serving affidavit, but was actually filed the day of a May 25, 2000 hearing in which no oral argument was actually heard nor the record substantially supplemented. Plaintiffs object that any weight was given to the First Amended Original Answer, that consideration of the amended answer was improper, and that even giving careful consideration to the pleading, the Magistrate Judge could not dispositively resolve substantive issues since the pleading merely highlights areas of factual and legal dispute that must be construed in favor of the Plaintiffs.


## IV.
## INSUFFICIENT FINDINGS TO SUPPORT
## RECOMMENDATION TO DENY REMAND

4.1     The Magistrate Judge's Report and Recommendation fails to set forth sufficiently detailed underlying findings of fact to support any ultimate findings of fraudulent joinder. Plaintiffs object to the lack of sufficient findings of fact to justify disregarding the misrepresentation claims against Defendant Little.

4.2     The pleadings on their face are insufficient to conclude that as a matter of law Plaintiffs have no possibility of legitimately raising a misrepresentation cause of action against Defendant John Little and they are likewise inadequate to support a finding or

conclusion of fraudulent joinder.  Plaintiffs object on these grounds.

4.3     Plaintiffs specifically object to the Magistrate Judge's findings at the middle and bottom of page three and top of page four of the Report and Recommendation in which he explicitly or implicitly indicates that Defendant Little was not an agent or was a disclosed agent who is not liable for his own misrepresentations.  Plaintiffs object on the grounds that the standard for evaluating the pleadings, lack of evidence, and conflicting information requires that these matters be construed and resolved in a manner most favorable to the Plaintiffs and in favor of remand.  Had the Magistrate Judge correctly applied the standard of evaluation, he could only have found that Defendant Little was an agent who misrepresented that the terms of the policies would be complied with for the block of business as a whole, and that as an agent of Defendant Legion, he had obtained a waiver of the time period so that Castillo's care would be covered and reimbursed.

4.4     Plaintiffs specifically object to the finding and conclusion of the Magistrate Judge that Defendant Little did not misrepresent the terms of the policy.  Plaintiffs maintain that Defendant Little indicated that the terms of the policy covered certain persons and certain losses and that care would be compensated for as stated in the policy.  Based on the subsequent conduct of Defendants Legion and CAS who did not pay covered claims, Defendant Little's representations were false and constitute actionable misrepresentations.

4.5     Plaintiffs specifically object to any explicit or implicit finding or conclusion on page three of the Magistrate Judge's Report and Recommendation that indicates Defendant Little had no authority to bind any insurance company and that he never represented to anyone that Defendants Legion or CAS would pay for services rendered

outside a policy's terms.  At best, these issues are in controversy and fall within the purview of the state courts to resolve.  Plaintiffs object to the Magistrate Judge's apparent findings and conclusions that Defendant Little could not bind the insurance company and did not make representations that the services would be paid for outside of the terms of policy.  Conflicts, doubt, and potential disputes about the evidence and facts are required to be construed in favor of the non-removing party.  Plaintiffs object because the Magistrate Judge failed to do so.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Magistrate Judge's Report and Recommendation be rejected, that the Court find that Plaintiffs' Motion for Remand is warranted, and that an order be entered immediately remanding this case back to state court.

Respectfully Submitted,

Timothy E. Weitz, Attorney-in-Charge
SBN 21117500
Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas  78701
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas  78766-9673
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

### ATTORNEYS FOR PLAINTIFFS

# CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of July, 2000, a true and correct copy of the foregoing Plaintiffs' Objections to Magistrate Judge's Report and Recommendation has been served on the following individuals and in the following manner:

Greg Pierce/Julie Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas  78701-2589
(Certified Mail - Return Receipt Requested)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas  78205-5385
(Certified Mail - Return Receipt Requested)

Elizabeth G. Neally/Michael Fisher
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas  78520
(Certified Mail - Return Receipt Requested)

_____
Timothy E. Weitz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC | § | |
| INSTITUTE, AND RIO GRANDE | § | |
| ORTHOPAEDIC INSTITUTE | § | |
| AMBULATORY SURGERY CENTER, | § | |
| LTD., PLAINTIFFS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-037 |
| | § | |
| LEGION INSURANCE COMPANY, | § | |
| CLAIMS ADMINISTRATION SERVICES, | § | |
| INC., AND JOHN LITTLE, DBA | § | |
| INSURANCE ASSOCIATES OF THE | § | |
| VALLEY, DEFENDANTS | § | |

PLAINTIFFS' OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW, Plaintiffs Rio Grande Orthopaedic Institute (RGOI) and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (RGOI-ASC) filing this their Objections to Magistrate Judge's Report and Recommendation signed December 20, 2000 and entered on December 21, 2000. Plaintiffs' object as follows:

I.

BACKGROUND

1.1    Plaintiffs filed suit against the Defendants in the 197th Judicial District Court of Cameron County, Texas on January 21, 2000. On February 28, 2000, Defendant Legion Insurance Company filed Notice to State Court of Removal based solely on the alleged fraudulent joinder of Defendant Little in an attempt to establish diversity and support removal.

PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION



1.2     On March 24, 2000, Plaintiffs' Motion for Remand was filed.  On April 14, 2000,

Defendant Legion filed its Response in Opposition to Plaintiffs' Motion to Remand.

Neither the Defendant's original pleadings, Notice of Removal, nor Response in

Opposition to Plaintiffs' Motion to Remand contained affidavits to support the removal.

On May 25, 2000, Defendant John Little filed a First Amended Original Answer with a

supporting affidavit of Defendant Little.  At no time did Defendants Claims

Administration Services (CAS) or John Little show consent by signing the Notice of

Removal, by filing a separate form confirming consent, or simply by stating their consent

on the record.


1.3     Despite the absence of consent and Plaintiffs' showing and argument to support

their Motion for Remand, the Magistrate Judge rendered a report and an erroneous

recommendation to deny remand.  Plaintiffs subsequently filed Plaintiffs' Objections to

Magistrate Judge's Report and Recommendation and Defendant Legion filed a

responsive pleading.  The remand was ultimately denied by an order of the Court on June

28, 2000.


1.4     Thereafter, on September 25, 2000, Plaintiffs filed a Motion for Leave to File

First Amended Petition seeking to join the parties identified in Defendant Little's

Amended Answer as being his corporate employer and the owner of that entity.  These

parties to be added were Insurance Associates of the Valley and Arnulso Oliveras.  Both

parties are non-diverse parties.  Based on the Amended Answer of Little and the state of

the pleadings, these parties were appropriate for joinder and leave to amend was initially

granted by an order of the Magistrate Judge dated September 29, 2000.  Subsequently,

Defendant Legion sought reconsideration of the Magistrate Judge's order granting leave

and the Magistrate Judge reversed and vacated the prior order through issuance of a

Memorandum Opinion and Order of November 7, 2000. Thereafter, Plaintiffs filed their Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order reiterating their position on joinder and the failure to remand this matter back to state court. Among the objections filed was an objection that the Magistrate Judge exceeded his authority in that the decision to deny Plaintiffs leave to amend their petition to join Defendants Insurance Associates of the Valley and Arnulso Oliveras constitutes a dispositive ruling on the substantive merits of the case. Since the parties have not consented to allow the Magistrate Judge to hear and rule on this case and its merits in lieu of the United States District Judge, the Memorandum Opinion and Order of the Magistrate Judge were attacked as beyond the scope of the Magistrate Judge's authority.

1.5    In an apparent response to Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order, and specifically the objection to exceeding the scope of his authority, the Magistrate Judge has rendered the Magistrate Judge's Report and Recommendation of December 20, 2000.

## II.

## OBJECTIONS

2.1    Plaintiffs object to the Magistrate Judge's Report and Recommendation in that it, like the Memorandum Opinion and Order of November 7, 2000 and the earlier Report and Recommendation of the Magistrate Judge regarding remand, is based on the faulty conclusion that a cause of action cannot conceivably be maintained against Defendant Little, and therefore cannot conceivably be maintained against potential Defendants Insurance Associates of the Valley and Arnulso Oliveras. Consequently, Plaintiffs object to the Magistrate Judge's Report and Recommendation of December 20, 2000 on the same grounds as raised in Plaintiffs' Objections to Magistrate Judge's Report and

Recommendation made in regard to the initial determination to deny remand. Plaintiff's Objections to Magistrate Judge's Report and Recommendation regarding remand are reasserted and incorporated herein by reference as Exhibit A as if set forth herein at length.

2.2     Plaintiffs further object to the Magistrate Judge's Report and Recommendation of December 20, 2000 on the grounds that the Magistrate Judge has continued to fail to properly apply standards of review regarding joinder and whether or not there is any possibility of a cause of action against a non-diverse party. Plaintiffs object in that the Magistrate Judge has entirely failed to apply the standard to the pleadings in this case and has specifically overlooked the claim of misrepresentation and fraud against non-diverse Defendant John Little for representing that first he would and then he had verified coverage or obtained approval for claims payment. Plaintiffs object to the failure of the Magistrate Judge to recognize the possibility of this aspect of the misrepresentation cause of action and to subsequently recognize that potential Defendants Insurance Associates of the Valley and Arnulso Oliveras may share responsibility in that Little acted as an employee, agent or representative of Insurance Associates of the Valley and Arnulso Oliveras, who in turn acted on behalf of Defendants Claims Administration Services and Legion Insurance Company.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Magistrate Judge's Report and Recommendation of December 20, 2000 be found by the Court to be in error and that the Court once again allow Plaintiffs leave to amend as originally granted. Plaintiffs request that leave to amend be granted.

Respectfully Submitted,

Timothy E. Weitz, Attorney-in-Charge
SBN 21117500
Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas  78701
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas  78766-9673
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Reynaldo Ortiz, Of Counsel
SBN 15324275
Federal ID. No. 3767
Law Office of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas  78504
(956) 687-4567  Main Number
(956) 631-1384  Fax Number

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30 th day of December, 2000, a true and correct copy of the foregoing Plaintiffs' Objections to Magistrate Judge's Report and Recommendation has been served on the following individuals and in the following manner:

Greg Pierce/Julie Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
(Certified Mail - Return Receipt Requested)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas 78205-5385
(Certified Mail - Return Receipt Requested)

Elizabeth G. Neally/Michael Fisher
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
(Certified Mail - Return Receipt Requested)

_____
Timothy E. Weitz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 7 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC | § | |
| INSTITUTE, AND RIO GRANDE | § | |
| ORTHOPAEDIC INSTITUTE | § | |
| AMBULATORY SURGERY CENTER, | § | |
| LTD., PLAINTIFFS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-037 |
| | § | |
| LEGION INSURANCE COMPANY, | § | |
| CLAIMS ADMINISTRATION SERVICES, | § | |
| INC., AND JOHN LITTLE, DBA | § | |
| INSURANCE ASSOCIATES OF THE | § | |
| VALLEY, DEFENDANTS | § | |

PLAINTIFFS' OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW, Plaintiffs Rio Grande Orthopaedic Institute (RGOI) and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (RGOI-ASC) filing these Objections to Magistrate Judge's Report and Recommendation signed June 27, 2000 and entered June 28, 2000.

BACKGROUND

Plaintiffs filed suit against the Defendants in the 197th Judicial District Court of Cameron County, Texas on January 21, 2000. On February 28, 2000, Defendant Legion Insurance Company filed Notice to State Court of Removal based solely on the alleged fraudulent joinder of Defendant Little in an attempt to establish diversity and support removal. On March 24, 2000, Plaintiffs' Motion for Remand was filed. On April 14, 2000, Defendant Legion filed its Response in Opposition to Plaintiffs' Motion to Remand. Neither the Defendant's original pleadings, Notice of Removal, nor Response

PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

EXHIBIT

in Opposition to Plaintiffs' Motion to Remand contained affidavits to support the removal. On May 25, 2000, Defendant John Little filed a First Amended Original Answer with a self-serving supporting affidavit of Defendant Little. This pleading was not only filed a significant length of time after the Notice of Removal and is only superficially supported by the Defendant's own affidavit, but was actually filed the day of a May 25th hearing requested by Defendants on the Motion to Remand in which no oral argument was actually heard nor the record substantially supplemented. At no time did Defendants Claims Administration Services (CAS) or John Little show consent by signing the Notice of Removal, by filing a separate form confirming consent, or simply by stating their consent on the record. Based on the pleadings and applicable law, the Magistrate Judge has erroneously recommended that the Plaintiffs' Motion to Remand be denied.

## POSITION SUMMARY

There has been an appalling failure on the part of the Magistrate Judge to apply the standards for determining fraudulent joinder, the propriety of removal, and the appropriateness of remanding this case back to state court. This failure is all the more disturbing in that the Magistrate Judge has correctly acknowledged the standards while at the same time he has totally disregarded their application in rendering his report and making his recommendation. The Magistrate Judge has either overlooked critical components of the Plaintiffs' pleadings, chosen to selectively read the pleadings as a whole, or for some reason opted to just ignore the content of the pleadings which overwhelmingly support remand. Consequently, Plaintiffs object to the Magistrate Judge's Report and Recommendations as a gross misapplication of the prevailing standards for evaluating fraudulent joinder and the legitimacy of removal and the need for remand. Similarly, Plaintiffs object to the Magistrate Judge's glaring oversights in

the recitation of the facts of this case and the clear error in weighing and construing the available information before the Court. Plaintiffs maintain that the Magistrate Judge's Report and Recommendation falls so far outside the parameters of the law and the proper exercise of Court discretion that to follow his recommendations will result in mandatory reversal on appeal and an unavoidable overturning of any outcome based on a clear lack of proper jurisdiction.

## OBJECTIONS

Plaintiffs object to the Magistrate Judge's Report and Recommendation as follows:

## I.
## FAILURE TO APPLY PROPER
## STANDARDS OF REVIEW

1.1     Although acknowledging that the test for determining fraudulent joinder is whether or not there is any possibility of a cause of action against the non-diverse party, the Magistrate Judge has entirely failed to apply the standard to the pleadings in this case and has specifically overlooked the claim of misrepresentation and fraud against non-diverse Defendant John Little for representing that first he would and then he had verified coverage or obtained approval for claims payment. Plaintiffs object to the failure of the Magistrate Judge to recognize the possibility of this aspect of the misrepresentation cause of action. Consequently, Plaintiffs object to the Magistrate Judge's failure to properly apply the standard for determining whether there is fraudulent joinder, and object to the Magistrate Judge's recommendation that fraudulent joinder be found.

1.2     Although acknowledging that a summary judgment like standard is applied by the courts, the Magistrate Judge's recommendation completely fails to construe the pleadings

and the almost total lack of evidence in favor of the non-removing party. Plaintiffs object
to the Magistrate Judge's implicit conclusion that the summary judgment like evidence
unequivocally demonstrates that there has been fraudulent joinder and that no possibility
exists of a claim by Plaintiffs against Defendant Little for misrepresentation.

1.3     Any doubt about the propriety of removal is to be construed against removal. The
pleadings and available evidence show that there is no doubt about the issue of diversity
and fraudulent joinder. Plaintiffs object to the Magistrate Judge's failure to construe any
doubt that may exist against removal.

1.4     In order to show fraudulent joinder, the removing defendant must show (a) that
there is an outright fraud in the Plaintiff's recitation of jurisdictional facts; (b) there is no
possibility that the Plaintiff will be able to establish a cause of action against the non-
diverse defendant in state court; (c) the diverse defendant is joined with the non-diverse
defendant as to whom there is no joint, several or alternative liability and the claim
against the diverse defendant has no real connection to the claim against the non-diverse
defendant. Madison vs. Vintage Petroleum, Inc., 114 F.3rd 514, 516 (5th Cir. 1997).
Defendant Legion has completely failed to meet these standards and the Magistrate Judge
in recommending a denial of Plaintiffs' Motion for Remand has totally ignored Plaintiffs
first misrepresentation claim while instead focusing exclusively on only one aspect of the
case involving a single patient referenced as the Castillo claim.

1.5     Plaintiffs object to the foregoing failure to recognize the first misrepresentation
claim against Defendant Little as it goes to the business practices of Defendants as a
whole. Defendant Little, whether as an employee or otherwise, but clearly with an
agent's license, sold a policy to local school districts that provided for payment of claims

that were usual and customary.  Defendant Little represented to the school districts that usual and customary claims would be paid, the school districts informed Plaintiffs accordingly, and Plaintiffs, in reliance on the representations of Defendant Little, proceeded to provide a substantial amount of orthopaedic surgical care to children in these school districts.  Payments for services under the policy have not been paid as represented.  Rather than utilizing a usual and customary standard for reimbursement for medical care, Defendants Legion and Claims Administration Services (CAS) have adjusted claims payment to pay at a much lower rate per Medicare guidelines which are not contemplated under the policy represented to cover the school districts and the local children attending their schools.

1.6     As stated in Plaintiffs' Original Petition, Paragraph 9, the representations made by Defendants Little, Legion, and CAS were that the policy would pay for surgical services provided to covered persons of the insured school districts to the extent that the fees charged by the medical provider were: (a) The usual fee charged by the provider for the service or supply given; (b) The average fee charged for the service or supply *in the locality in which the service or supply is received* (emphasis added); and (c) is reasonable in relation to the services or supply given and the severity of the condition.  Defendants Legion and CAS did not pay numerous claims in this manner as misrepresented by all three Defendants.  Plaintiff's object to the Magistrate Judge's focus on the specific facts of only one claim, the Castillo claim, to the exclusion of the other claims which form the underlying basis of a sustainable misrepresentation cause of action against the Defendants, including Defendant John Little.

1.7     It should be noted, as recited in Plaintiffs Original Petition, Paragraph 18, that only after Plaintiffs began directly pressing Defendant Legion for payment in November

1999 did Defendant CAS begin to start addressing claims with the two Defendants adjusting them in a manner that was in direct violation of the policy provisions, and consequently in a manner inconsistent with the representations made by all three Defendants orally and in writing. There were not PPO discounts or network agreements in place between Plaintiffs and Defendants, and the adjustment and payment of claims should have been controlled by the language of the policies covering the school districts and the children. The claims for payment were not Medicare claims and were not subject to the schedules set for Medicare or Medicaid. The discretion given to the Defendants in adjusting claims was set out in the policies of insurance indicating that Defendant Legion would provide the benefits described to all covered persons who suffered a covered loss. There is no dispute that the individuals were covered persons under the policies and that they indeed suffered covered losses. In addition, the policy benefits, unless specified to be paid in installments, were to be paid upon receipt of written proof of such loss. Defendants Legion and CAS did not do so in direct violation of the representations made by them and Defendant John Little. See Plaintiffs' Original Petition, Paragraph 19. In light of these recitations in the pleadings and in the absence of unequivocal controverting evidence, Plaintiffs can establish a cause of action against all three Defendants, including Defendant John Little. Therefore, Plaintiffs object to the Magistrate Judge's findings and conclusions to the contrary.

1.8     As for the Castillo claim, it has been completely misunderstood and overemphasized by the Magistrate Judge. Simply stated, the claim of misrepresentation against Defendant Little in this regard is that the parties knew an applicable time period had run. Prior to providing services, inquiry was made as to whether the relevant provisions of the policy would be waived by Defendant Legion so that care could be delivered and reimbursed under the policy. Defendant Little represented that he was an

agent of Defendant Legion, that he would ask if the pertinent provisions could be waived, that he did ask, and that the requested waiver was granted as is common in the industry. As a consequence of Defendant Little's representations, Plaintiffs provided medical care to Castillo. Subsequently, Defendants Legion and CAS refused to pay the related claim, and therefore, Defendant Little's representations were either intentionally or negligently false either in whole or in part. Plaintiffs object to the Magistrate Judge's mischaracterization of the misrepresentation cause of action against Defendant Little with respect to the Castillo claim and further object to the erroneous conclusion that Plaintiffs cannot establish a state action based on these circumstances.

1.9    Plaintiffs maintain that there is clearly a possibility of establishing a misrepresentation cause of action against Defendant Little and the other Defendants. Plaintiffs maintain that there is individual as well as joint, several or alternative liability in regard to Defendant John Little. Plaintiffs maintain that there is no outright fraud in the recitation of jurisdictional facts and that there is no evidence to support a contrary conclusion. Consequently, Plaintiffs object to the Magistrate Judge's Report and Recommendation on these grounds as well as the others cited to herein.

II.
FAILURE TO REQUIRE COMPLIANCE
WITH RULES MANDATING CONSENT
OF ALL DEFENDANTS

2.1    Defendant Legion is required to demonstrate consent to the removal by the other defendants. Such consent can be shown either by having the other defendants sign the Notice of Removal or by their filing of a separate form agreeing to the removal. In the case at bar, Defendant Claims Administration Services and Defendant John Little have not shown their consent to the removal as required. These defendants had 30 days from

the date they were served to file their notice of consent, and this time period has long since run with no such filing. Plaintiffs object to the Magistrate Judge's failure to require proper consent. See <u>Balazik vs. County of Dauphin</u>, 44 F.3d 209, 213 (3d Cir. 1995); <u>Roe vs. O'Donohue</u>, 38 F.3d 298, 301 (7th Cir. 1994).

2.2     Defendant Legion's Notice of Removal is procedurally defective for failure to obtain and properly memorialize the consent to removal by Defendant Claims Administration Services and Defendant John Little. Plaintiffs' Motion to Remand timely raised and objected to this deficiency and the defect was not waived. No exceptions apply. Consequently, remand is mandatory and Plaintiffs object to the Magistrate Judge's recommendation that the Motion for Remand be denied. See <u>Doe v. Kerwood</u>, 969 F.2d 165, 167 (5th Cir. 1992); <u>Chaghervand vs. Carefirst</u>, 909 F.Supp. 304, 308-09 (D. Md. 1995).

### III.
### LACK OF EVIDENCE AND CONSIDERATION
### OF POST REMOVAL PLEADINGS

3.1     Defendants have a heavy burden of showing fraudulent joinder by clear and convincing evidence. <u>Pampillonia vs. RJR Nabisco, Inc.</u>, 138 F.3rd 459, 461 (2d Cir. 1998). Plaintiffs object to the Magistrate Judge's recommendation in that Defendant Legion has not met its burden

3.2     In their original answers, none of the Defendants including Defendant Little, filed any special exceptions, affirmative defenses or other pleadings that would call into question that Plaintiffs had failed to plead each and every element of the causes of action they have alleged against in-state Defendant John Little. Defendant Little is not exempt from personal liability for his own misrepresentations, and not only is Little liable, but his

actions and communications also subject Defendants Legion and CAS to potential
liability. Defendant Legion's pleadings concede that Defendant Little was its agent.
Therefore, Defendant Little's eleventh hour affidavit, if considered as was improperly
done by the Magistrate Judge, contradicts Defendant Legion's pleadings in support of
removal. Any such conflict should be resolved in favor of remand. See <u>Green vs.
Amerada Hess Corp.</u>, 707 F.2d 201, 206 (5th Cir. 1983). Plaintiffs object to the
Magistrate Judge's failure to acknowledge this theory of recovery, to construe pleading
conflicts in favor of remand, and to recommend remand accordingly.

3.3     Although a summary judgment like procedure may be used in determining
fraudulent joinder, such as consideration of affidavits, the courts must still initially
resolve all disputed questions of state law and all contested issues of substantive fact in
favor of the Plaintiffs. <u>Green vs. Amerada Hess Corp.</u>, 707 F.2d 201, 206 (5th Cir.
1983). Plaintiffs object on the grounds that the Magistrate Judge has failed to do so in
that there is no evidence to support the removal of this case and therefore certainly no
evidence to unequivocally do so.

3.4     Plaintiffs object to the Magistrate Judge's Report and Recommendation because
there is no evidence from the Defendants to demonstrate that the non-diverse party is a
sham party or fraudulently joined by facts established with the Notice of Removal. It has
long been held that a finding of a sham or fraudulently joined party cannot be based on
assertions which are no more than the simple deductions of the pleader seeking removal.
<u>Wilson vs. Republic Iron and Steel Co.</u>, 257 U.S. 92, 66 L.Ed. 144, 42 S.Ct. 35 (1921).
Plaintiffs object to the Magistrate Judge's improper incorporation of such deductions into
his report and recommendation. The conclusions of the pleader are all that Defendant
Legion offers, and these deductions themselves are flawed and factually inaccurate based

on a plain reading of the pleadings. Plaintiffs object to the Magistrate Judge's apparent assignment of great weight and controlling significance to such deductions.

3.5    A determination as to the propriety of removal is to be made based on the Notice of Removal and pre-removal pleadings. Plaintiffs object to the Magistrate Judge's consideration of the First Amended Original Answer of Defendant John Little which was not only filed a significant length of time after the Notice of Removal and is only superficially supported by the Defendant's self-serving affidavit, but was actually filed the day of a May 25, 2000 hearing in which no oral argument was actually heard nor the record substantially supplemented. Plaintiffs object that any weight was given to the First Amended Original Answer, that consideration of the amended answer was improper, and that even giving careful consideration to the pleading, the Magistrate Judge could not dispositively resolve substantive issues since the pleading merely highlights areas of factual and legal dispute that must be construed in favor of the Plaintiffs.

## IV.
## INSUFFICIENT FINDINGS TO SUPPORT
## RECOMMENDATION TO DENY REMAND

4.1    The Magistrate Judge's Report and Recommendation fails to set forth sufficiently detailed underlying findings of fact to support any ultimate findings of fraudulent joinder. Plaintiffs object to the lack of sufficient findings of fact to justify disregarding the misrepresentation claims against Defendant Little.

4.2    The pleadings on their face are insufficient to conclude that as a matter of law Plaintiffs have no possibility of legitimately raising a misrepresentation cause of action against Defendant John Little and they are likewise inadequate to support a finding or

conclusion of fraudulent joinder.  Plaintiffs object on these grounds.

4.3     Plaintiffs specifically object to the Magistrate Judge's findings at the middle and
bottom of  page three and top of page four of the Report and Recommendation in which
he explicitly or implicitly indicates that Defendant Little was not an agent or was a
disclosed agent who is not liable for his own misrepresentations.  Plaintiffs object on the
grounds that the standard for evaluating the pleadings, lack of evidence, and conflicting
information requires that these matters be construed and resolved in a manner most
favorable to the Plaintiffs and in favor of remand.  Had the Magistrate Judge correctly
applied the standard of evaluation, he could only have found that Defendant Little was an
agent who misrepresented that the terms of the policies would be complied with for the
block of business as a whole, and that as an agent of Defendant Legion, he had obtained a
waiver of the time period so that Castillo's care would be covered and reimbursed.

4.4     Plaintiffs specifically object to the finding and conclusion of the Magistrate Judge
that Defendant Little did not misrepresent the terms of the policy.  Plaintiffs maintain that
Defendant Little indicated that the terms of the policy covered certain persons and certain
losses and that care would be compensated for as stated in the policy.  Based on the
subsequent conduct of Defendants Legion and CAS who did not pay covered claims,
Defendant Little's representations were false and constitute actionable
misrepresentations

4.5     Plaintiffs specifically object to any explicit or implicit finding or conclusion on
page three of the Magistrate Judge's Report and Recommendation that indicates
Defendant Little had no authority to bind any insurance company and that he never
represented to anyone that Defendants Legion or CAS would pay for services rendered

outside a policy's terms.  At best, these issues are in controversy and fall within the

purview of the state courts to resolve.  Plaintiffs object to the Magistrate Judge's apparent

findings and conclusions that Defendant Little could not bind the insurance company and

did not make representations that the services would be paid for outside of the terms of

policy.  Conflicts, doubt, and potential disputes about the evidence and facts are required

to be construed in favor of the non-removing party.  Plaintiffs object because the

Magistrate Judge failed to do so.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Magistrate

Judge's Report and Recommendation be rejected, that the Court find that Plaintiffs'

Motion for Remand is warranted, and that an order be entered immediately remanding

this case back to state court.

Respectfully Submitted,

Timothy E. Weitz, Attorney-in-Charge
SBN 21117500
Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas  78701
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas  78766-9673
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of July, 2000, a true and correct copy of the foregoing Plaintiffs' Objections to Magistrate Judge's Report and Recommendation has been served on the following individuals and in the following manner:

Greg Pierce/Julie Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
(Certified Mail - Return Receipt Requested)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas 78205-5385
(Certified Mail - Return Receipt Requested)

Elizabeth G. Neally/Michael Fisher
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
(Certified Mail - Return Receipt Requested)


Timothy E. Weitz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC | § | |
| INSTITUTE, AND RIO GRANDE | § | |
| ORTHOPAEDIC INSTITUTE | § | |
| AMBULATORY SURGERY CENTER, | § | |
| LTD., PLAINTIFFS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-037 |
| | § | |
| LEGION INSURANCE COMPANY, | § | |
| CLAIMS ADMINISTRATION SERVICES, | § | |
| INC., AND JOHN LITTLE, DBA | § | |
| INSURANCE ASSOCIATES OF THE | § | |
| VALLEY, DEFENDANTS | § | |

## PLAINTIFFS' OBJECTIONS TO
## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

COMES NOW, Plaintiffs Rio Grande Orthopaedic Institute (RGOI) and Rio

Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (RGOI-ASC) and

respectfully file these their Objections to Order Adopting Magistrate Judge's Report and

Recommendation signed January 23, 2001 as follows:

I.

BACKGROUND

1.1    Plaintiffs filed suit against the Defendants in the 197th Judicial District Court of

Cameron County, Texas on January 21, 2000.  On February 28, 2000, Defendant Legion

Insurance Company filed Notice to State Court of Removal based solely on the alleged

fraudulent joinder of Defendant Little in an attempt to establish diversity and support

removal.

PLAINTIFFS' OBJECTIONS TO ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

EXHIBIT
3

1.2     On March 24, 2000, Plaintiffs' Motion for Remand was filed.  On April 14, 2000,
Defendant Legion filed its Response in Opposition to Plaintiffs' Motion to Remand.
Neither the Defendant's original pleadings, Notice of Removal, nor Response in
Opposition to Plaintiffs' Motion to Remand contained affidavits to support the removal.
On May 25, 2000, Defendant John Little filed a First Amended Original Answer with a
supporting affidavit of Defendant Little.  At no time did Defendants Claims
Administration Services (CAS) or John Little show consent by signing the Notice of
Removal, by filing a separate form confirming consent, or simply by stating their consent
on the record.

1.3     Despite the absence of consent and Plaintiffs' showing and argument to support
their Motion for Remand, the Magistrate Judge rendered a report and an erroneous
recommendation to deny remand.  Plaintiffs subsequently filed Plaintiffs' Objections to
Magistrate Judge's Report and Recommendation and Defendant Legion filed a
responsive pleading.  The remand was ultimately denied by an order of the Court on June
28, 2000.

1.4     Thereafter, on September 25, 2000, Plaintiffs filed a Motion for Leave to File
First Amended Petition seeking to join the parties identified in Defendant Little's
Amended Answer as being his corporate employer and the owner of that entity.  These
parties to be added were Insurance Associates of the Valley and Arnulso Oliveras.  Both
parties are non-diverse parties.  Based on the Amended Answer of Little and the state of
the pleadings, these parties were appropriate for joinder and leave to amend was initially
granted by an order of the Magistrate Judge dated September 29, 2000.  Subsequently,
Defendant Legion sought reconsideration of the Magistrate Judge's order granting leave

CIsPDF - www.fastio.com

and the Magistrate Judge reversed and vacated the prior order through issuance of a Memorandum Opinion and Order of November 7, 2000. Thereafter, Plaintiffs filed their Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order reiterating their position on joinder and the failure to remand this matter back to state court. Among the objections filed was an objection that the Magistrate Judge exceeded his authority in that the decision to deny Plaintiffs leave to amend their petition to join Defendants Insurance Associates of the Valley and Arnulso Oliveras constitutes a dispositive ruling on the substantive merits of the case. Since the parties have not consented to allow the Magistrate Judge to hear and rule on this case and its merits in lieu of the United States District Judge, the Memorandum Opinion and Order of the Magistrate Judge were attacked as beyond the scope of the Magistrate Judge's authority.

1.5     In an apparent response to Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order, and specifically the objection to exceeding the scope of his authority, the Magistrate Judge has rendered the Magistrate Judge's Report and Recommendation of December 20, 2000.

1.6     On December 30, 2000, Plaintiffs filed Plaintiffs' Objections to Magistrate Judge's Report and Recommendation.

1.7     On January 23, 2001, the Court adopted the report and recommendation of the Magistrate Judge, and entered the order proposed by the Magistrate Judge.

## II.

## OBJECTIONS

2.1     Plaintiffs object to the order of the Court adopting the Magistrate Judge's Report

and Recommendation in that it, like the Memorandum Opinion and Order of November 7, 2000 and the earlier Report and Recommendation of the Magistrate Judge regarding remand, is based on the faulty conclusion that a cause of action cannot conceivably be maintained against Defendant Little, and therefore cannot conceivably be maintained against potential Defendants Insurance Associates of the Valley and Arnulso Oliveras. Consequently, Plaintiffs object to the Court's order adopting the Magistrate Judge's Report and Recommendation of December 20, 2000 on the same grounds as raised in Plaintiffs' Objections to Magistrate Judge's Report and Recommendation made in regard to the initial determination to deny remand. Plaintiffs' Objections to Magistrate Judge's Report and Recommendation regarding remand and Plaintiffs' Objections to Magistrate Judge's Report and Recommendation regarding leave to amend, and the respective exhibits attached to each, are reasserted and incorporated herein by reference as if set forth herein at length.

2.2    Plaintiffs further object to the Court's adoption of the Magistrate Judge's Report and Recommendation of December 20, 2000 on the grounds that to do so is to fail to properly apply standards of review regarding joinder and whether or not there is any possibility of a cause of action against a non-diverse party. Plaintiffs object in that the adoption of the Magistrate Judge's Report and Recommendation entirely fails to apply the standard to the pleadings in this case and specifically overlooks the claim of misrepresentation and fraud against non-diverse Defendant John Little for representing that first he would and then he had verified coverage or obtained approval for claims payment. Plaintiffs object to the Court's refusal to recognize the possibility of this aspect of the misrepresentation cause of action and to subsequently recognize that potential Defendants Insurance Associates of the Valley and Arnulso Oliveras may share responsibility in that Little acted as an employee, agent or representative of Insurance

Associates of the Valley and Arnulso Oliveras, who in turn acted on behalf of Defendants

Claims Administration Services and Legion Insurance Company.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that these objections

be noted, taken under advisement by the Court, and deemed meritorious.


Respectfully Submitted,

Timothy E. Weitz, Attorney-in-Charge
SBN 21117500
Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas  78701
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas  78766-9673
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Reynaldo Ortiz, Of Counsel
SBN 15324275
Federal ID. No. 3767
Law Office of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas  78504
(956) 687-4567  Main Number
(956) 631-1384  Fax Number

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of February, 2001, a true and correct copy of the foregoing Plaintiffs' Objections to Order Adopting Magistrate Judge's Report and Recommendation has been served on the following individuals and in the following manner:

Greg Pierce/Julie Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
(Certified Mail - Return Receipt Requested)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas 78205-5385
(Certified Mail - Return Receipt Requested)

Elizabeth G. Neally/Michael Fisher
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
(Certified Mail - Return Receipt Requested)

Timothy E. Weitz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RIO GRANDE ORTHOPAEDIC          §
INSTITUTE, AND RIO GRANDE       §
ORTHOPAEDIC INSTITUTE           §
AMBULATORY SURGERY CENTER,      §
LTD., PLAINTIFFS                §
                                §
VS.                             §       CIVIL ACTION NO.  B-00-037
                                §
LEGION INSURANCE COMPANY,       §
CLAIMS ADMINISTRATION SERVICES, §
INC., AND JOHN LITTLE, DBA      §
INSURANCE ASSOCIATES OF THE     §
VALLEY, DEFENDANTS              §

## ORDER

     Came on to be considered before the Court, the Motion for Summary Judgment of

Defendant John Little d/b/a Insurance Associates of the Valley which was opposed by

Plaintiffs.  Upon review of the motion and based on the available evidence and

information, the Court finds that there are sufficient issues of fact and law so as to

preclude granting of the Motion for Summary Judgment.  Consequently, the Court is of

the opinion that the Motion for Summary Judgment should be DENIED.

     IT IS THEREFORE ORDERED that the Motion for Summary Judgment of

Defendant John Little d/b/a Insurance Associates of the Valley is hereby **DENIED** in all

respects.

     DONE in Brownsville, Texas on this the ____ day of _____, 2001.


                                   _____
                                   Filemon B. Vela
                                   United States District Court Judge