5‾6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., | § § § § § § | SEP 2 4 2001 Michael N. Milby Clerk of Court |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 00-37 |
| LEGION INSURANCE COMPANY, ET AL., | § § § | |
| Defendants. | § | |

## DEFENDANT'S FIRST MOTION TO COMPEL

Comes Now Defendant Legion Insurance Company ("Legion") and submits this its First Motion to Compel. In support of its motion, Legion would show the following:

### I.    INTRODUCTION

1. The Court should compel production of documents by Plaintiffs Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Ambulatory Surgery Center, Ltd. ("Plaintiffs"). Although Plaintiffs have asserted multiple causes of action against Legion arising out of insurance claims allegedly filed by Legion insureds, Plaintiffs have refused to provide basic documents and information regarding their claims - such as the identity of the patients, basic documents demonstrating the services allegedly provided and the basis for providing those services, documentation relating to the dates on which claims were allegedly submitted to Legion, and information demonstrating Plaintiffs' normal

304037

billing rates.   The Court should compel Plaintiffs to provide such information, or, alternatively, should bar Plaintiffs from adducing evidence supporting its position on these issues.

## II. FACTUAL BACKGROUND

2. On September 29, 2000, Defendant served its First Requests for Production and First Set of Interrogatories on Plaintiffs.   See Defendant's First Requests for Production, attached hereto as **Exhibit A**; See Defendant's First Set of Interrogatories, attached hereto as **Exhibit B**.   The Requests for Production and Interrogatories sought information about the Plaintiffs' claims including:

(1)   documentation allegedly submitted to Legion to make the claims;

(2)   medical files for patients whom Plaintiffs contend they provided services but received no payment; and

(3)   information relating to Plaintiffs' billing practices.

See **Exhibit A** and **Exhibit B**.   All of this information is relevant to Plaintiffs' claims in this suit.   Indeed, in order to recover, Plaintiffs will have to attempt to put this information and documentation into evidence in this case.

3. On October 30, 2000, Plaintiffs submitted their responses and objections to the aforementioned Discovery Requests.   See Plaintiffs' Response to Defendant Legions Insurance Company's First Requests for Production to Plaintiffs ("Plaintiffs' Responses to Requests for Production"), attached hereto as **Exhibit C**; See Plaintiffs' Answers to Defendant Legion Insurance Company's First Set of Interrogatories ("Plaintiffs' Answers to Interrogatories"), attached hereto as **Exhibit D**.   Plaintiffs lodged unfounded

2

304037

objections, and, in essence, refused to produce any documents relating to their claims and refused to provide basic information necessary to support their claims.

4. Legion has attempted to resolve this discovery dispute by mutual agreement of the parties. By letter dated November 9, 2000, and in numerous phone conversations with Timothy Weitz, Plaintiffs' attorney in this matter, Legion has attempted to resolve this discovery dispute by mutual agreement. In addition, in August and September 2001 counsel for Legion again sought production of these materials, but Plaintiffs continue to refuse to withdraw their baseless objections or to fully respond to the discovery requests. By this motion, Legion requests that this Court overrule Plaintiff's unfounded objections and compel Plaintiffs to provide Legion with all documents and information responsive to Legion's written discovery requests.

### III.   ARGUMENT AND AUTHORITY

5.    Discovery may be obtained in any manner not privileged that is relevant to the subject matter of the case. See Fed. R. Civ. P. 26(b). Plaintiffs lodged multiple unfounded, and have withheld documents and/or information which would otherwise be responsive and non-privileged based upon these unfounded objections. As such, their responses to Legion's written discovery requests do not comply with Federal Rule of Civil Procedure 33 and 34. See Fed. R. Civ. P 33 and 34. Accordingly, this court should overrule Plaintiffs' unfounded objections and compel Plaintiffs to provide all responsive, non-privileged documents and information.

304037

**A.  Documents submitted prior to filing suit are discoverable**

6.     In response to many of Legion's interrogatories (<u>See</u> responses to Interrogatory Nos. 5-8) and requests for production (<u>see</u> responses to Request for Production Nos. 6-10, 14, and 16-18), Plaintiffs take the position that they submitted the requested information and/or documentation to Legion prior to filing suit, and need not produce it again.  Such a response is improper.

7.  Part of the point of discovery is to determine the evidence upon which each side will rely in attempting to prove its case.  As such, Legion is entitled to obtain relevant documents and information from Plaintiffs as part of the process of this lawsuit, regardless of whether such documents or information were previously sent to Legion by the Plaintiffs outside the litigation. Accordingly, Plaintiffs' unfounded objection should be overruled and Plaintiffs should be compelled to provide the requested documents and information notwithstanding their allegation that much of the information and documentation has been previously provided to Legion and/or the other defendants.

**B.  Requested medical and billing records are discoverable**

8.  Plaintiffs also made objections (to Requests for Production Nos. 6,9,10,13,17, and 18) on the basis that the requested information is privileged pursuant to chapter 159 of the Texas Occupations Code. The Texas Occupations Code § 159.003(a)(3), however, provides an exception for any "proceeding to substantiate and collect on a claim for medical services provided to the patient...." Thus, the confidentiality provided by the Texas Occupations Code § 159.001 et seq. does not preclude production of documents relating to medical services for which the Plaintiffs seek to recover in this lawsuit.

4

9. Several of these objections came in response to Legion's requests for production (Nos. 10, 17, and 18) by which Legion seeks documents and information pertaining to patients treated by Plaintiffs, but whose claims are not in issue in this lawsuit. Under the Texas Occupations Code, such medical records and communications are discoverable provided the documents are redacted to show only the charges and specific services provided. See Texas Occupations Code § 159.004(4).

10. Plaintiffs' objections to these requests are without merit. Accordingly, Legion requests that this court overrule them and compel Plaintiffs to provide the requested documents and/or information.

## C.    Medical records are relevant to the subject-matter of this lawsuit

11. Plaintiffs have additionally objected to those requests seeking third party medical records and information (Requests for Production Nos. 10, 17 and 18) on the basis that they seek documents and tangible things which are irrelevant to the subject-matter of this case. This objection is also improper.

12. Contrary to Plaintiffs' objections, documents and information relating to services provided by Plaintiffs to patients other than those whose claims form the basis of this lawsuit are relevant to the disputes in this case. As Plaintiffs have alleged, the policies at issue in this case provide for payment of "usual and customary charges" for medical services. The policies define "usual and customary charges" as:

"(1)    the usual fee(s) charged by the provider for the service or supply given;

(2)    the average fee charged for the service or supply in the locality in which the service or supply is received; and

5

(3)   reasonable in relationship to the service or supply given and the severity of the condition."

Furthermore, Legion's policies specifically limit payment on claims submitted on behalf of its insured to an amount equal to that which would have been billed had the patient lacked any insurance coverage whatsoever.

13. Given the aforementioned policy provisions, information pertaining to the charges for services provided to patients other than those covered by the Legion policies is clearly relevant to the disputes that form the basis of this lawsuit. Such information would shed light on what the Plaintiffs themselves consider to be "usual and customary charges" for comparable procedures performed on patients other than those covered by the Legion policies.  Moreover, they would contain information as to what Plaintiffs charge individuals who are not covered by the Legion policies for comparable procedures to those in issue in this lawsuit.  Put simply, such information would help Legion determine the proper value of the claims that form the basis of this lawsuit.

14. These requests for production seek documents and tangible things which are both non-privileged and relevant to the subject-matter of this case.  Therefore, Plaintiffs' objections are improper.  Accordingly, Legion requests that this Court overrule Plaintiffs' objections and compel Plaintiffs to provide all documents and information responsive to these requests.

WHEREFORE, PREMISES CONSIDERED, Defendant Legion Insurance Company respectfully requests that this court overrule Plaintiffs' improper objections and that it compel Plaintiffs' to provide the requested documents and/or information.

304037

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.
One American Center
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
512/495-6300
512/474-0731 (Fax)

By: _____
Greg Pierce
Attorney-in-Charge
SDT Admission No. 13785
State Bar No. 15994250


Of Counsel:

Julie Springer
State Bar No. 18966770
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589

ATTORNEYS FOR LEGION INSURANCE COMPANY

7

304037

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION TO COMPEL has been served on counsel of record, as indicated below, by the method indicated, on September 2\ , 2001.

Timothy E. Weitz                VIA CM,RRR 7001 0360 0003 4979 5923
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, TX 78701

Mark A. Weitz                   VIA CM,RRR 7001 0360 0003 4979 5930
Law Offices of Mark A. Weitz
P.O. Box 9673
Austin, TX 78766-9673

Charles M. Jefferson            VIA CM RRR 7001 0360 0003 4979 5947
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas 78205-3585

Reynaldo Ortiz                  VIA CM RRR 7001 0360 0003 4979 5954
Law Office of Reynaldo Ortiz
1109 W. Nolana, Suite 204
McAllen, Texas 78504

Greg Pierce

304037

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 00-37 |
| LEGION INSURANCE COMPANY, ET AL. , | § § § | |
| Defendants | § § § | |

## DEFENDANT LEGION INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFFS

TO:   Plaintiff Rio Grande Orthopaedic Institute, and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., by and through their attorney of record, Jeff B. McDonald and Timothy E. Weitz, McDonald, Mackay & Weitz, L.L.P., 1411 West Avenue, Suite 200, Austin, Texas 78701 and Mark A. Weitz, Law Office of Mark A. Weitz, P.O. Box 9673, Austin, Texas 78766-9673.

Defendant Legion Insurance Company, serves these requests for production on you

pursuant to the Federal Rules of Civil Procedure 26 and 34.  You shall produce requested

documents and tangible items that are in your possession, custody, or control for inspection

and copying at the offices of Scott, Douglass & McConnico, L.L.P., One American Center,

600 Congress Avenue, Suite 1500, Austin, Texas 78701, no later than thirty (30) days from

the date of receipt of these requests for production.

1

276535

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 00-37 |
| LEGION INSURANCE COMPANY, ET AL. , | § § § | |
| Defendants | § § | |

## DEFENDANT LEGION INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFFS

TO:   Plaintiff Rio Grande Orthopaedic Institute, and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., by and through their attorney of record, Jeff B. McDonald and Timothy E. Weitz, McDonald, Mackay & Weitz, L.L.P., 1411 West Avenue, Suite 200, Austin, Texas 78701 and Mark A. Weitz, Law Office of Mark A. Weitz, P.O. Box 9673, Austin, Texas 78766-9673.

Defendant Legion Insurance Company, serves these requests for production on you

pursuant to the Federal Rules of Civil Procedure 26 and 34.   You shall produce requested

documents and tangible items that are in your possession, custody, or control for inspection

and copying at the offices of Scott, Douglass & McConnico, L.L.P., One American Center,

600 Congress Avenue, Suite 1500, Austin, Texas 78701, no later than thirty (30) days from

the date of receipt of these requests for production.

1

276535

Respectfully submitted,

By: _____

Greg Pierce
Attorney-in-Charge
SDT Admission No. 13785
State Bar No. 15994250
600 Congress Avenue, Suite 1500
Austin, Texas 78701-2589
(512) 495-6300
(512) 474-0731 Facsimile

Of Counsel:
Julie A. Springer
State Bar No. 18966770
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas 78701-2589

ATTORNEYS FOR DEFENDANT
LEGION INSURANCE COMPANY

2

276535

# CERTIFICATE OF SERVICE

I hereby certify that, on September 29, 2000, a true and correct copy of the foregoing Defendant, Legion Insurance Company's, First Requests for Production to Plaintiffs has been served certified mail, return receipt requested, upon the following counsel of record:

Jeff B. McDonald                    VIA HAND DELIVERY
Timothy E. Weitz
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas 78701

Mark A. Weitz                       VIA C/M, RRR 7000052002472612543
Law Office of Mark A .Weitz
P.O. Box 9673
Austin, Texas 78766-9673

Charles M. Jefferson                VIA C/M, RRR 7000052002472612550
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas 78205-3585

Elizabeth G. Neally                 VIA C/M, RRR 7000052002472612567
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520

_____
Greg Pierce

3

276535

## INSTRUCTIONS

1.     You shall serve a copy of the responses and objections to these requests, if any, within thirty (30) days after the service of these requests.

2.     All grounds for an objection to a request shall be stated with specificity.

3.     In the event any request cannot be fully responded to after the exercise of reasonable diligence, you shall respond as completely as you can and set forth the reasons why you cannot respond, and state what is needed to be done in order to be in a position to respond fully and estimate when you will be in the position to do so.

4.     If you claim a privilege or exemption from discovery for any of the requested material, state the specific ground for each privilege or immunity claimed, in order that Receiver may determine the merit of the objection.  The parties may then discuss the merits of the objection and decide whether a court determination on the objection is necessary.

5.     Each request shall be set forth immediately prior to the response thereto.

## DEFINITIONS

A.     "You" or "your" shall mean Plaintiffs Rio Grande Orthopaedic Institute and Rio Grande Institute Ambulatory Surgery Center, Ltd. and all representatives acting, or purporting to act, on behalf of Rio Grande Orthopaedic Institute and Rio Grande Institute Ambulatory Surgery Center, Ltd. with respect to any matter inquired about in these Interrogatories, including, but not limited to, all such agents, servants, employees, attorneys, consultants, sureties, indemnitors, insurers, or agents.

4

276535

B.    "Person" means any natural person or business, legal or governmental entity or association.

C.    "Legion" shall mean Legion Insurance Company and any of its agents or other representatives.

D.    "CAS" shall mean Claims Administrative Services and any of its agents or other representatives.

E.    "Defendants" shall mean the Defendants identified in Plaintiff's Original Petition.

F.    "Relating to," "relate to," "in relation to" mean relating to, referring to, describing, evidencing, concerning, or constituting.

G.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft of a non-identical copy is a separate document within the meaning of this term.

H.    "Lawsuit" shall mean Cause No. B-00-037; Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic institute Ambulatory Surgery Center, Ltd.; In the United States District Court for the Southern District of Texas, Brownsville, Texas.

## FIRST REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All policies issued by Legion Insurance Company.

### RESPONSE:

5

276535

## REQUEST FOR PRODUCTION NO. 2:

All correspondence between you and any of the Defendants.

## RESPONSE:


## REQUEST FOR PRODUCTION NO. 3:

All documents relating to any alleged misrepresentations made by Legion to you regarding any claim submitted by you to Legion.

## RESPONSE:


## REQUEST FOR PRODUCTION NO. 4:

All documents relating to any allegedly deficient claims paying practices of Legion.

## RESPONSE:


## REQUEST FOR PRODUCTION NO. 5:

All documents relating to any complaint filed with the Texas Department of Insurance relating to the facts that form the subject matter of this lawsuit.

## RESPONSE:


## REQUEST FOR PRODUCTION NO. 6:

All documents relating to the medical services for which you seek to recover in this lawsuit.

## RESPONSE:

6

276535

## REQUEST FOR PRODUCTION NO. 7:

All documents submitted by you to any defendant in support of the amounts you sought to recover in this Lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 8:

All documents relating to any agreements between you and any third party by which the third party assigned any rights to you for which you seek to recover in the Lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 9:

All correspondence between you and any third party to whom you provided medical services which form the basis for any claim in this Lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 10:

All documents relating to any communications between you and any third party to whom you provided medical services which form the basis for any claim in this Lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 11:

All pleadings from any other lawsuit in which you have sued an insurer for failure to pay for medical services rendered by you.

## RESPONSE:

7

276535

**REQUEST FOR PRODUCTION NO. 12:**

All depositions given by you from any other lawsuit in which you have sued an insurer for failure to pay for medical services rendered by you.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**

All fee schedules created by you over the past 5 years for your services.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to bills submitted by you to any person to whom you have provided medical services for which you seek to recover in this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14:**

All documents identified in response to Legion's interrogatories.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15:**

All internal accounting records showing the amounts billed and/or collected by you for services rendered by you during the last 5 years.

**RESPONSE:**


8

276535

REQUEST FOR PRODUCTION NO. 16:

All documents relating to the services for which you seek to recover in this Lawsuit, including, but not limited to, all medical files disclosing the diagnosis and treatment made by you.

RESPONSE:


REQUEST FOR PRODUCTION NO. 17:

All documents relating to the services you have provided to your patients for the last 5 years, including but not limited to, medical files disclosing the diagnosis and treatment of your patients, accounting records showing sums charged for services provided to your patients, and accounting records showing sums received by you as payment for services provided to your patients.

RESPONSE:


REQUEST FOR PRODUCTION NO. 18:

All agreements regarding payment of fees for your services between you and any of your patients for the past 5 years.

RESPONSE:


REQUEST FOR PRODUCTION NO. 19:

All documents reviewed by any expert you expect to call to testify in this matter in coming to the conclusions he has reached in relation to this Lawsuit.

RESPONSE:


REQUEST FOR PRODUCTION NO. 20:

All documents reviewed by any expert you do not expect to call to testify in this

9

matter, but whose opinions have been reviewed by an expert you do expect to call to testify in this matter, in coming to the conclusions he has reached in relation to this Lawsuit.

RESPONSE:

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 00-37 |
| LEGION INSURANCE COMPANY, ET AL., | § § § | |
| Defendants | § § | |

## DEFENDANT LEGION INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

TO:   Plaintiff Rio Grande Orthopaedic Institute, and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., by and through their attorney of record, Jeff B. McDonald and Timothy E. Weitz, McDonald, Mackay & Weitz, L.L.P., 1411 West Avenue, Suite 200, Austin, Texas 78701 and Mark A. Weitz, Law Office of Mark A. Weitz, P.O. Box 9673, Austin, Texas 78766-9673.

Defendant Legion Insurance Company ("Legion"), serves these interrogatories on Plaintiffs Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (collectively "Rio Grande"), pursuant to the Federal Rules of Civil Procedure 26 and 33. The answers to Interrogatories shall be made separately and fully in writing and under oath, with each answer preceded by the question to which the answer pertains. Your responses are to be provided to the undersigned counsel within thirty (30) days of service of the Interrogatories.

1

277979

Respectfully submitted,

By: _____
Greg Pierce
Attorney-in-Charge
SDT Admission No. 13785
State Bar No. 15994250
600 Congress Avenue, Suite 1500
Austin, Texas 78701-2589
(512) 495-6300
(512) 474-0731 Facsimile

Of Counsel:

Julie A. Springer
State Bar No. 18966770
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas 78701-2589

ATTORNEYS FOR DEFENDANT
LEGION INSURANCE COMPANY

2

277979

## CERTIFICATE OF SERVICE

I hereby certify that, on September 29, 2000, a true and correct copy of the foregoing Defendant, Legion Insurance Company's, First Set of Interrogatories to Plaintiffs, Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. has been served certified mail, return receipt requested, upon the following counsel of record:

| | |
|---|---|
| Jeff B. McDonald<br>Timothy E. Weitz<br>McDonald, Mackay & Weitz, L.L.P.<br>1411 West Avenue, Suite 200<br>Austin, Texas 78701 | VIA HAND DELIVERY |
| Mark A. Weitz<br>Law Office of Mark A .Weitz<br>P.O. Box 9673<br>Austin, Texas 78766-9673 | VIA C/M, RRR 7000052002472612543 |
| Charles M. Jefferson<br>One Riverwalk Place, Suite 1000<br>700 North St. Mary's Street<br>San Antonio, Texas 78205-3585 | VIA C/M, RRR 7000052002472612550 |
| Elizabeth G. Neally<br>Roerig, Oliveira & Fisher, L.L.P.<br>855 West Price Road, Suite 9<br>Brownsville, Texas 78520 | VIA C/M, RRR 7000052002472612567 |

Greg Pierce

3

277979

# I.    DEFINITIONS

A.    "You" or "your" shall mean Plaintiffs Rio Grande Orthopaedic Institute and Rio Grande institute Ambulatory Surgery Center, Ltd. and all representatives acting, or purporting to act, on behalf of Rio Grande Orthopaedic Institute and Rio Grande Institute Ambulatory Surgery Center, Ltd. with respect to any matter inquired about in these Interrogatories, including, but not limited to, all such agents, servants, employees, attorneys, consultants, sureties, indemnitors, insurers, or agents.

B.    "Plaintiffs" or "Rio Grande" shall mean Rio Grande Orthopaedic Institute and Rio Grande Institute Ambulatory Surgery Center, Ltd., Inc. and any of their agents or other representatives.

C.    "CAS" shall mean Claims Administrative Services and any of its agents or other representatives.

D.    "Legion" shall mean Legion Insurance Company and any of its agents or other representatives.

E.    "Defendants" shall mean the Defendants identified in Plaintiffs' Original Petition and any of their agents or other representatives.

F.    "Lawsuit" shall mean Cause No. B-00-037; <u>Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic institute Ambulatory Surgery Center, Ltd.</u>; In the United States District Court for the Southern District of Texas, Brownsville, Texas.

G.    "Person" means any natural person, corporation, association, firm, partnership, or other business or legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

4

277979

H.    "Petition" refers to Plaintiffs' Original Petition in this case.

I.    "Statement" includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other records or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and which was contemporaneously recorded.

J.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

K.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

L.    "Identify," with respect to person(s), means to give, to the extent known, the person's full name, present or last known address, present or last known telephone number and, when referring to a natural person, the present or last known place of employment.

M.    "Identify," with respect to documents, means to give, to the extent known, the following: (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) the author(s), addressee(s), and recipient(s) of the document.

## II.    INSTRUCTIONS

A.    All interrogatories must be answered fully in writing in accordance with Rules 11 and 33 of the Federal Rules of Civil Procedure.

B.    In the event any question cannot be fully answered after the exercise of reasonable diligence, the party shall furnish as complete an answer as it can and explain in

5

detail the reasons why it cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when it will be in that position.

C.    Each interrogatory shall be set forth immediately prior to the answer thereto.

D.    Whenever an interrogatory requests you to identify a document claimed by you to be protected by a privilege or to be trial preparation material and you decline to identify said document on such basis, state the following with respect to each such document:  (a) the name of the sender of the document; (b) the name of the author of the document; (c) the name of the recipient of the document; (d) the address and job title of each person named in sub-parts (a), (b), and (c) above; (e) the date of the document; (f) a description of the nature and subject matter of the document; and (g) the nature of the privilege upon which your nondisclosure is based.

E.    Whenever an interrogatory requests you to specify a date, state the exact day, month and year, if ascertainable, or if not, describe the temporal relationship of the occurrence for which the date is sought to the closest date that is ascertainable.

### III.    OBJECTIONS

If you object to any interrogatory or any portion thereof on the grounds that it requests information that is privileged or falls within work-product doctrine, provide the following information:

1.    State the nature of the privilege or doctrine you claim and the facts on which you rely in your conclusions that the answer is privileged or work product.

2.    If a document, (i) identify it, (ii) identify all parties known to you who have seen the document, and (iii) describe the subject matter of the documents.

6

277979

# IV.   INTERROGATORIES

## INTERROGATORY NO. 1:

Please identify each and every person answering or assisting in the answering of these Interrogatories and, for each person identified, specifically state the Interrogatory or Interrogatories (by number) that person assisted in answering, as well as the documents or other things, if any, referred to in answering each respective Interrogatory.

ANSWER:

## INTERROGATORY NO. 2:

Please identify all persons having knowledge of facts relevant to this Lawsuit.

ANSWER:

## INTERROGATORY NO. 3:

Identify and describe any communication among you, including any communications between your employees, officers, directors, agents, and/or representatives, within the last five years regarding your billing rates.

ANSWER:

## INTERROGATORY NO. 4:

Identify all persons to whom you provided medical services that you contend should be paid by Legion, but which have not.

ANSWER:

7

277979

**INTERROGATORY NO. 5**:

For each person identified in response to Interrogatory No. 4, describe the services provided to those persons for which you seek to recover in this Lawsuit.

**ANSWER:**


**INTERROGATORY NO. 6**:

For each incident of nonpayment for services provided to those persons described in response to Interrogatory No. 4, state the date(s) upon which those services were allegedly rendered.

**ANSWER:**


**INTERROGATORY NO. 7**:

State the amount you contend Legion should pay for services rendered by you to each of the persons identified in response to Interrogatory No. 4 and describe the method for calculating that amount.

**ANSWER:**


**INTERROGATORY NO. 8**:

For each person identified in response to Interrogatory No. 4, identify all accounting documents that reflect the sums charged by you to that person.

**ANSWER:**


8

277979

**INTERROGATORY NO. 9:**

Identify all contracts between you and any of the persons identified in response to Interrogatory No. 4 which relate to the claims you have asserted in this Lawsuit.

**ANSWER:**


**INTERROGATORY NO. 10:**

Identify all patients to whom you have provided services, and for which services you have submitted bills to insurance companies other than Legion which have not been paid in the full sum originally submitted by you.

**ANSWER:**


**INTERROGATORY NO. 11:**

Identify the insurance companies to whom you submitted the bills for the patients identified in response to Interrogatory No. 10.

**ANSWER:**


**INTERROGATORY NO. 12:**

For each incident of nonpayment described in response to Interrogatory No. 10, describe the services rendered for which you were not paid in full.

**ANSWER:**


9

277979

## INTERROGATORY NO. 13:

Identify any communication between you and your patients and/or your patients' insurers regarding the payment or non-payment for services provided to those persons identified in response to Interrogatory No. 10.

ANSWER:

## INTERROGATORY NO. 14:

For any services provided to those persons identified in response to Interrogatory No. 10 which gave rise to a claims dispute, state the amount Plaintiffs contend they should have been paid, as well as the amount actually paid, if any.

ANSWER:

## INTERROGATORY NO. 15:

Identify all accounting documents reflecting the sums charged for any disputed claims provided to those persons identified in response to Interrogatory No. 10.

ANSWER:

## INTERROGATORY NO. 16:

Identify all experts who you expect to call to testify at trial, and describe the substance of the opinions and/or conclusions you expect them to render.

ANSWER:

10

## INTERROGATORY NO. 17:

Identify all experts who you do not expect to testify, but whose opinions have been reviewed by an expert you expect to call to testify at trial, and describe the opinions and/or conclusions reached by them in relation to this Lawsuit.

ANSWER:


## INTERROGATORY NO. 18:

Describe all facts that you contend entitle you to recover from each of the Defendants.

ANSWER:

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC | § | |
| INSTITUTE, ET AL., | § | |
| Plaintiffs | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. B-00-37 |
| | § | |
| LEGION INSURANCE COMPANY, | § | |
| ET AL., | § | |
| | § | |
| Defendants | § | |

## PLANTIFFS' RESPONSE TO DEFENDANT LEGION INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFFS

TO:   Legion Insurance Company, by and through its attorney of record:

Greg Pierce/Julie A. Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas 78701-2589

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, LTD. (hereinafter RGIO and RGIO-ASC) hereby respond to Defendant Legion Insurance Company's First Requests for Production to Plaintiffs.

## RESPONSES TO FIRST REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

All policies issued by Legion Insurance Company.

---

RECEIVED
OCT 3 0 2000
BY:_____

RESPONSE:

To the extent that Plaintiffs have such documents in their possession, custody, or control, Plaintiffs will produce those documents. If no such documents are produced, it should be assumed that Plaintiffs are not in possession, custody, or control of responsive documents. Any responsive documents, that are non-privileged and not subject to objection, will be made available for inspection and copying in the same manner as Legion has offered to make its documents available to the Plaintiffs in its responses to requests for production submitted to it by Plaintiffs. All non-privileged documents in the possession, custody, or control of Plaintiffs, not otherwise subject to objection, will be produced for inspection and copying at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 2:

All correspondence between you and any of the Defendants.

RESPONSE:

To the extent that Plaintiffs have such documents in their possession, custody, or control, Plaintiffs will produce those documents. If no such documents are produced, it should be assumed that Plaintiffs are not in possession, custody, or control of responsive documents. Any responsive documents, that are non-privileged and not subject to objection, will be made available for inspection and copying in the same manner as Legion has offered to make its documents available to the Plaintiffs in its responses to requests for production submitted to it by Plaintiffs. All non-privileged documents in the possession, custody, or control of Plaintiffs, not otherwise subject to objection, will be produced for inspection and copying at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 3:

All documents relating to any alleged misrepresentations made by Legion to you regarding any claim submitted by you to Legion.

RESPONSE:

To the extent that Plaintiffs have such documents in their possession, custody, or control, Plaintiffs will produce those documents. If no such documents are produced, it should be assumed that Plaintiffs are not in possession, custody, or control of responsive documents. Any responsive documents, that are non-privileged and not subject to objection, will be made available for inspection and copying in the same manner as Legion has offered to make its documents available to the Plaintiffs in its responses to requests for production submitted to it by Plaintiffs. All non-privileged documents in the

possession, custody, or control of Plaintiffs, not otherwise subject to objection, will be produced for inspection and copying at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 4:

    All documents relating to any allegedly deficient claims paying practices of Legion.

RESPONSE:

To the extent that Plaintiffs have such documents in their possession, custody, or control, Plaintiffs will produce those documents. If no such documents are produced, it should be assumed that Plaintiffs are not in possession, custody, or control of responsive documents. Any responsive documents, that are non-privileged and not subject to objection, will be made available for inspection and copying in the same manner as Legion has offered to make its documents available to the Plaintiffs in its responses to requests for production submitted to it by Plaintiffs. All non-privileged documents in the possession, custody, or control of Plaintiffs, not otherwise subject to objection, will be produced for inspection and copying at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 5:

    All documents relating to any complaint filed with the Texas Department of Insurance relating to the facts that form the subject matter of this lawsuit.

RESPONSE:

To the extent that Plaintiffs have such documents in their possession, custody, or control, Plaintiffs will produce those documents. If no such documents are produced, it should be assumed that Plaintiffs are not in possession, custody, or control of responsive documents. Any responsive documents, that are non-privileged and not subject to objection, will be made available for inspection and copying in the same manner as Legion has offered to make its documents available to the Plaintiffs in its responses to requests for production submitted to it by Plaintiffs. All non-privileged documents in the possession, custody, or control of Plaintiffs, not otherwise subject to objection, will be produced for inspection and copying at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 6:

    All documents relating to the medical services for which you seek to recover in this lawsuit.

RESPONSE:

---

Plaintiffs object to this request on the grounds that it seeks documents already in the possession, custody and control of Legion or its co-defendant Claims Administration Services (CAS), that it requests information some of which is privileged and, absent an exception, can only be released with permission of the patient pursuant to the provisions of the Medical Practice Act of Texas, V.T.C.A., Occupations Code, §159.001 - §159.005. Plaintiffs further object on the grounds that the request is overly broad and unduly burdensome. Plaintiffs also object on the grounds that Legion already has in its possession all the information it needed to correctly pay these claims. RGOI and RGOI-ASC know this to be accurate because no additional information requests were ever made to either Plaintiff. Legion is therefore asking for documents that are either not reasonably calculated to lead to the discovery of admissible evidence, or which it already has in its possession, or that are in the possession of Claims Administration Services (CAS), or CAS's successor Brown and Brown.

## REQUEST FOR PRODUCTION NO. 7:

All documents submitted by you to any defendant in support of the amounts you sought to recover in this Lawsuit.

## RESPONSE:

Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome. To the extent that such documents exist, this request asks for documents already in the possession, custody and control of Legion or its co-defendant CAS. Second, by the very nature of the request Legion and/or CAS have the documents asked for. CAS presumably turned the material over to Legion when Brown and Brown assumed claims paying responsibilities. Legion's attorney, Greg Pierce, received the only such other documents Plaintiffs are aware of having been sent.

## REQUEST FOR PRODUCTION NO. 8:

All documents relating to any agreements between you and any third party by which the third party assigned any rights to you for which you seek to recover in the Lawsuit.

## RESPONSE:

Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome. It requests documents already in the possession, custody and control of Legion or its co-defendant CAS. By the very nature of the request Legion and/or CAS have the documents asked for. This information is contained with proof of claim forms provided by patients that were received from CAS, Legion, Insurance Associates of the

---

Valley and/or John Little. Each form had to be submitted with a claim and Legion and/or CAS paid claims up to early August of 1999 and must have had these documents to do so. CAS presumably turned this material over to Legion when Brown and Brown assumed claims paying responsibilities.

REQUEST FOR PRODUCTION NO. 9:

All correspondence between you and any third party to who you provided medical services which form the basis for any claim in this Lawsuit.

RESPONSE:

Plaintiff objects to this request as vague, unduly burdensome, and overly broad. "Third party" is not defined. Plaintiffs assume this means "patients." Plaintiffs further object that any possible responsive documents are privileged pursuant to the provisions of the Medical Practice Act of Texas, V.T.C.A., Occupations Code, §159.001 - §159.005. Such communications between Plaintiffs and patients regarding treatment are privileged and confidential and, absent an exception, can only be released with patient consent. Plaintiffs believe all such correspondence, if relevant or needed to obtain payment, was previously sent to Legion through CAS when the claim was submitted. To the extent that documents exist constituting writings that were sent to patients regarding Plaintiffs efforts to collect on the Legion policy, those documents will be produced at a mutually agreeable time and place if they are in Plaintiffs possession, custody, and control.

REQUEST FOR PRODUCTION NO. 10:

All documents relating to any communications between you and any third party to who you provided medical services which form the basis for any claim in this Lawsuit.

RESPONSE:

Plaintiff objects to this request as vague, unduly burdensome, and overly broad. "Third party" is not defined. Plaintiffs assume this means "patients." Plaintiffs further object that any possible responsive documents are privileged pursuant to the provisions of the Medical Practice Act of Texas, V.T.C.A., Occupations Code, §159.001 - §159.005. Such communications between Plaintiffs and patients regarding treatment are privileged and confidential and, absent an exception, can only be released with patient consent. Plaintiffs believe all such correspondence, if relevant or needed to obtain payment, was previously sent to Legion through CAS when the claim was submitted. To the extent that documents exist constituting writings that were sent to patients regarding Plaintiffs efforts to collect on the Legion policy, those documents will be produced at a mutually agreeable time and place if they are in Plaintiffs possession, custody and control.

---

## REQUEST FOR PRODUCTION NO. 11:

All pleadings from any other lawsuit in which you have sued an insurer for failure to pay for medical services rendered by you.

## RESPONSE:

Plaintiffs object to this request as not reasonably calculated to lead to the discovery of admissible or relevant evidence and seeking information readily available to Legion through public records.

## REQUEST FOR PRODUCTION NO. 12:

All depositions given by you from any other lawsuit in which you have sued an insurer for failure to pay for medical services rendered by you.

## RESPONSE:

Plaintiffs object to this request as not reasonably calculated to lead to the discovery of admissible or relevant evidence. Subject to this objection, Plaintiffs disclose that they have given no such depositions in any such causes.

## REQUEST FOR PRODUCTION NO. 13:

All fee schedules created by you over the past 5 years for your services.

## RESPONSE:

Plaintiffs have no such documents because Plaintiffs do not create fee schedules. Plaintiffs bill fees in accordance with industry established fee guidelines and/or the usual and customary fee paid for similar service in this area by a surgeon of equal competence. Legion can find this figure by looking at its own claims paying practices for claims paid to Plaintiffs through August 15, 1999 in the policies made the subject of this suit.

## REQUEST FOR PRODUCTION NO. 13:

All documents relating to bills submitted by you to any person to whom you have provided medical services for which you seek to recover in this Lawsuit.

## RESPONSE:

Plaintiffs object on the grounds that this request is overly broad and unduly burdensome and may encompass privileged and confidential patient information protected under the

---

provisions of the Medical Practice Act of Texas, V.T.C.A., Occupations Code, §159 001 - §159.005. Without waiving the foregoing objections, to the extent that Plaintiffs have such documents in their possession, custody, or control, Plaintiffs will produce those documents. If no such documents are produced, it should be assumed that Plaintiffs are not in possession, custody, or control of responsive documents. Any responsive documents, that are non-privileged and not subject to objection, will be made available for inspection and copying in the same manner as Legion has offered to make its documents available to the Plaintiffs in its responses to requests for production submitted to it by Plaintiffs. All non-privileged documents in the possession, custody, or control of Plaintiffs, not otherwise subject to objection, will be produced for inspection and copying at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 14:

    All documents identified in response to Legion's interrogatories.

RESPONSE:

To the extent any such documents were identified, they are either attached to the interrogatory responses as in the case of Attachment 1 to the interrogatory responses, or fall into one of the other discovery requests of Legion, and are either produced, objected to, or objected to and produced subject to any objection raised. Plaintiffs object to the production of any documents already in Legion's possession and object on the grounds that the discovery request is cumulative or duplicative and therefore is unduly burdensome. More importantly Plaintiffs would specifically object to the documents identified in their interrogatory answers as follows:

Plaintiffs object to the term accounting documents as set forth in Interrogatory No. 8 as "vague." As set forth therein, Plaintiffs have no accounting documents but only those documents set forth in that response. Plaintiffs therefore further object to this request as unduly burdensome because Legion and/or CAS and/or Brown and Brown are already in possession of the documents identified and requested herein.

Plaintiffs likewise object to the request to the extent it requires Plaintiffs to produce documents identified in Interrogatory Response No. 9. Plaintiffs have no contracts per se, but have assignments of benefits contained in patient information sheets and proof of claim forms. Plaintiffs have already provided Legion and CAS those documents and they are now or should be in possession of Legion, CAS and/or Brown & Brown.

REQUEST FOR PRODUCTION NO. 15:

    All internal accounting records showing the amounts billed and/or collected by you for services rendered by you during the last 5 years.

---

RESPONSE:

Plaintiffs object to this request as overly broad, unduly burdensome, designed solely to harass Plaintiffs and not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information about claims on policies of insurance that contain a wide variety of different payment conditions, some of which are tied to networks and have nothing to do with the language of the policies at issue here. Nor do they have anything to do with the subject matter of this suit.

REQUEST FOR PRODUCTION NO. 16:

All documents relating to the services for which you seek to recover in this Lawsuit, including, but not limited to, all medical files disclosing the diagnosis and treatment made by you.

RESPONSE:

Plaintiffs object to this request as overly broad and unduly burdensome. In addition, Plaintiffs object in that the request seeks the production of documents already in Legion's possession. Every document necessary to pay the claims which are the subject matter of this lawsuit were submitted to Legion when each claim was submitted. Those documents are now either with Legion, or its new claims paying administrator, Brown & Brown.

REQUEST FOR PRODUCTION NO. 17:

All documents relating to the services you have provided to your patients for the last 5 years, including, but not limited to, medical files disclosing the diagnosis and treatment of your patients, accounting records showing sums charged for services provided to your patients, and accounting records showing sums received by you as payment for services provided to your patients.

RESPONSE:

Plaintiffs object to this request as overly broad, unduly burdensome, and designed solely to harass Plaintiffs. Plaintiffs further object that the requested information is not relevant to the issues in the current complaint, and not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information about claims on policies of insurance that contain a wide variety of different payment conditions, some of which are tied to networks and have nothing to do with the language of the policies at issue here. Nor do they have anything to do with the subject matter of this suit. Plaintiffs have already provided this information with regard to the Legion policies. As set forth in response to similar requests, information encompassed by this request is privileged and

---

Plaintiffs' Response to Defendant Legion Insurance Company's First Requests for Production

confidential pursuant to the provisions of the Medical Practice Act of Texas, V.T.C.A., Occupations Code, §159.001 - §159.005. Plaintiffs object to release of additional information based on the grounds that it is privileged and confidential medical information that, absent an exception, can only be released with patient consent. More importantly, all such information regarding Legion policies has already been produced or will be produced subject to any objection, in response to the requests herein.

REQUEST FOR PRODUCTION NO. 18:

   All agreements regarding payment of fees for your services between you and any of your patients for the past 5 years.

RESPONSE:

Plaintiffs object to this request as vague. Furthermore Plaintiffs object to this request as overly broad, unduly burdensome, designed to harass Plaintiffs, and not calculated to lead to the discovery of admissible or relevant evidence. This request seeks information about contracts between Plaintiffs and patients on policies of insurance that contain a wide variety of different payment conditions, some of which are tied to networks and have nothing to do with the language of the policies at issue here. Nor do they have anything to do with the subject matter of this suit. As set forth in other discovery responses, Plaintiffs have no contracts. The proof of claim forms submitted to Plaintiffs by Legion insureds and the patient information form and release authorize Plaintiffs to bill the patient's insurance. The Plaintiffs have already provided this information with regard to the Legion policies when the claims were originally submitted. As set forth in response to similar requests, information within this request is objected to as privileged and confidential medical information that, absent an exception, can only be released with patient consent. Consequently, Plaintiffs object on the additional grounds that the information is privileged and confidential pursuant to the provisions of the Medical Practice Act of Texas, V.T.C.A., Occupations Code, §159.001 - §159.005.

REQUEST FOR PRODUCTION NO. 19:

   All documents reviewed by any expert you expect to call to testify in this matter in coming to the conclusions he has reached in relation to this Lawsuit.

RESPONSE:

Plaintiffs have yet to designate any experts. Plaintiffs will supplement the response to this request as required upon designating an expert.

REQUEST FOR PRODUCTION NO. 20:

---

All documents reviewed by any expert you do not expect to call to testify in this matter, but whose opinions have been reviewed by an expert you do expect to call to testify in this matter, in coming to the conclusions he has reached in relation to this Lawsuit.

RESPONSE:

Plaintiffs have yet to designate any experts. Plaintiffs will supplement the response to this request as required upon designating an expert.

Respectfully submitted,

Timothy E. Weitz
Attorney-in-Charge
SBN 21117500
Jeff B. McDonald
Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas 78701
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Mark A. Weitz
Of Counsel
SBN 21116500
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas  78766-9673
(512) 322-9202 Main Number
(512) 323-5071 Fax Number

Reynaldo Ortiz
Of Counsel
Law Office of Reynaldo Ortiz, P.C.
SBN 15324275
801 Nolana, Suite 202
McAllen, Texas  78504
(956) 687-4567  Phone
(956) 631-1384  Fax

ATTORNEYS FOR PLAINTIFFS

Plaintiffs' Response to Defendant Legion Insurance Company's First Requests for Production

Page 10

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this the 30th day of October, 2000, a true and correct copy of the foregoing Plaintiffs' Response to Defendant Legion Insurance Company's First Requests for Production to Plaintiffs has been served on the following parties and in the manner set forth below:

Greg Pierce/Julie A. Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas  78701-2589
(Hand Delivery)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas  78205-3585
(Certified Mail-Return Receipt Requested)

Elizabeth G. Neally/Michael Fisher
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas  78520
(Certified  Mail-Return Receipt Requested)

Timothy E. Weitz

---

Plaintiffs' Response to Defendant Legion Insurance Company's First Requests for Production

Page 11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC | § | |
| INSTITUTE, ET AL., | § | |
| Plaintiffs | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. B-00-37 |
| | § | |
| LEGION INSURANCE COMPANY, | § | |
| ET AL., | § | |
| | § | |
| Defendants | § | |

## PLANTIFFS' RESPONSE TO DEFENDANT LEGION INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES

TO:    Legion Insurance Company, by and through its attorney of record:

Greg Pierce/Julie A. Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas 78701-2589

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Rio Grande

Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center,

LTD. (hereinafter RGIO and RGIO-ASC) hereby respond to Defendant Legion Insurance

Company's First Set of Interrogatories to Plaintiffs.

### INTERROGATORY RESPONSES

INTERROGATORY NO 1:

Please identify each and every person answering or assisting in the answering of
these Interrogatories and, for each person identified, specifically state the Interrogatory or

RECEIVED
OCT 3 0 2000
BY:_____

Interrogatories (by number) that person assisted in answering, as well as the documents or other things, if any, referred to in answering each respective Interrogatory.

ANSWER:

| William Snyder, M.D. | Mark A. Weitz | Tim Weitz |
|---|---|---|
| 400 E. Dove Avenue | P.O. Box 9673 | 1411 West Avenue, Suite 200 |
| McAllen, Texas 78504 | Austin, Texas 78766 | Austin, Texas 78701 |
| 956-668-2663 | 512-322-9202 | 512-322-9202 |

INTERROGATORY NO 2:

Please identify all persons having knowledge of facts relevant to this Lawsuit.

ANSWER:

William Snyder, M.D.
Cecilia Quiroz
400 E. Dove Ave
McAllen, Texas 78504
956-686-2663
Plaintiff employee, contact through Plaintiffs only

Debra James Vance
Last Known Address
Legion Insurance Company
1 Legion Plaza
Philadelphia, Pennsylvania

Peter Holt
President Claims Administration Services
P.O. Box 3968
Boca Raton, Florida 33427
1-516-241-9500

Gil Garza
PSJA I.S.D.
Athletic Director
700 E. Gore
Pharr, Texas 78577
956-702-5697

Athletic Trainers at High Schools covered by Legion between 1998-1999.

---

Plaintiffs' Response to Defendant Legion Insurance Company's First Set of Interrogatories

Page 2

Patients listed on Attachment 1 of this Plaintiffs' Response to Defendant Legion Insurance Company's First Set of Interrogatories.  Addresses were provided previously to Claims Administrative Services when claims were filed and Legion Insurance Company is in possession of that information.  To the extent that Legion seeks repetitive information, Plaintiffs object on the grounds that the request is unreasonably duplicative and that the information can be obtained from another source that is more convenient and less burdensome.

John Lawton
4300 Horizon North Parkway
#832
Dallas, Texas 75287
Plaintiff contract employee, contact through Plaintiff only

INTERROGATORY NO 3:

Identify and describe any communication among you, including any communications between your employees, officers, directors, agents, and/or representatives, within the last five years regarding your billing rates.

ANSWER:

Plaintiffs object to this interrogatory as vague, overly broad in terms of both time and the nature of the communications, and unduly burdensome.  "Regarding billing rates" is not only undefined, but is so broad as to literally encompass any discussion at any time regarding submitting bills to patients and/or insurance providers.  As this question is worded it asks for information that is literally impossible to ascertain because no one keeps records of conversations and/or communications of something that is as routine a part of the Plaintiffs' business as billing.  If Legion seeks to determine what Plaintiffs' billing rates are, how they are calculated, or any other aspect regarding them, such an inquiry should be made.  That information is also provided in the responses to Interrogatories numbered 7 and 8 herein below.  This question as worded cannot reasonably be answered.

INTERROGATORY NO 4:

Identify all persons to whom you provided medical services that you contend should be paid by Legion, but which have not.

ANSWER:

See Attachment 1 to this Plaintiffs' Response to Defendant Legion Insurance Company's First Set of Interrogatories.

---

Plaintiffs' Response to Defendant Legion Insurance Company's First Set of Interrogatories

INTERROGATORY NO 5:

For each person identified in response to Interrogatory No. 4, describe the services provided to those persons for which you seek to recover in this Lawsuit.

ANSWER:

Plaintiffs object to this interrogatory on the grounds that Legion Insurance Company already has the material it is requesting and to require this information again is unduly burdensome. Plaintiffs further object on the grounds that the request is unreasonably duplicative and that the information can be obtained from another source that is more convenient, less burdensome, and less expensive. The information requested in this interrogatory was provided to Legion at the time the claims were filed between August 1998 and December 1999. Requiring the duplication of effort will unnecessarily require RGOI and RGOI-ASC to go through each file and extract the CPT code for each patient when this information is already in the hands of Legion and its co-defendant. Legion and its co-defendant Claims Administration (CAS) already have this information. Plaintiffs direct Legion to the EOB's issued by CAS that contain the requested information.

INTERROGATORY NO 6:

For each incident of nonpayment for services provided to those persons described in response to Interrogatory No. 4, state the date(s) upon which those services were allegedly rendered.

ANSWER:

See Attachment 1 to this Plaintiffs' Response to Defendant Legion Insurance Company's First Set of Interrogatories.

INTERROGATORY NO 7:

State the amount you contend Legion should pay for services rendered by you to each of the persons identified in response to Interrogatory No. 4 and describe the method for calculating that amount.

ANSWER:

Plaintiffs object that the request is unreasonably duplicative and that the information can be obtained from another source that is more convenient, less burdensome, and less expensive. Without waiving the foregoing, Plaintiffs respond as follows. See Attachment 1 to this Plaintiffs' Response to Defendant Legion Insurance Company's

---

First Set of Interrogatories.  Plaintiffs seek the full amount billed in that it is the usual and customary reimbursement for the services provided.  The method of calculation is set out in Legion's own insurance policies issued to the school districts, and calls for "usual and customary" reimbursement.  Legion can find Plaintiffs' methodology within those policies under the definition of "usual and customary."  Legion itself knows what this calculation is and how to apply it because from approximately August 1998 until August 1999 it paid claims in accordance with this definition.  It was only after Legion and/or CAS sought to somehow limit Legion's claims exposure that it began to not pay claims.  When it resumed payment, Legion and/or CAS began to use Medicare and other guidelines not only totally inconsistent with the language of the policies, but also with its own prior claims payment practices as instituted by CAS.

INTERROGATORY NO 8:

　　　　For each person identified in response to Interrogatory No. 4, identify all accounting documents that reflect the sums charged by you to that person.

ANSWER:

Plaintiffs object to this request as vague as to the term "accounting documents."  Plaintiffs are not vendors with accounting documents.  Plaintiffs' services are identified by a document known as a HCF 1500, copies of which Legion already has in its possession.  Consequently, Plaintiffs object on the grounds that the request is unreasonably duplicative and that the information can be obtained from another source that is more convenient, less burdensome, and less expensive.  These documents set out the procedure and the amount billed.  Where the procedure is set forth twice, the document reflects what is referred to in the industry as a "Modifier 85" and represents the assistant's fee for that procedure.

INTERROGATORY NO 9:

　　　　Identify all contracts between you and any of the persons identified in response to Interrogatory No., 4 which relate to the claims you have asserted in this Lawsuit.

ANSWER:

Plaintiffs object to this interrogatory as vague and unduly burdensome.  Without waiving the foregoing objections, Plaintiffs state that Plaintiffs have no contracts per se with individual patients, nor do Plaintiffs have contracts with any of the school districts.  Plaintiffs have a claim form and an insurance information form for each patient allowing Plaintiffs to file insurance claims on their behalf.  Legion is aware of these arrangements and how they apply because Legion, through its claims administrator CAS, paid claims in the proper manner for a portion of the time that the 1998-1999 school year policies were in effect.

---

INTERROGATORY NO 10:

     Identify all patients to whom you have provided services, and for which services you have submitted bills to insurance companies other than Legion which have not been paid in full sum originally submitted by you.

ANSWER:

Plaintiffs object to this interrogatory as not reasonably calculated to lead to the discovery of relevant and admissible evidence. In addition, it is overly burdensome, requiring Plaintiffs to provide information on hundreds of claims that have no relationship whatsoever to this lawsuit.

INTERROGATORY NO 11:

     Identify the insurance companies to whom you submitted the bills for the patients identified in response to Interrogatory No. 10.

ANSWER:

Plaintiffs object to this interrogatory as not reasonably calculated to lead to the discovery of relevant and admissible evidence. In addition, it is overly burdensome, requiring Plaintiffs to provide information on hundreds of claims that have no relationship whatsoever to this lawsuit.

INTERROGATORY NO 12:

     For each incident of nonpayment described in response to Interrogatory No. 10, describe the services rendered for which you were not paid in full.

ANSWER:

Plaintiffs object to this interrogatory as not reasonably calculated to lead to the discovery of relevant and admissible evidence. In addition, it is overly burdensome, requiring Plaintiffs to provide information on hundreds of claims that have no relationship whatsoever to this lawsuit.

INTERROGATORY NO 13:

     Identify any communication between you and your patients and/or your patients' insurers regarding the payment or non-payment for services provided to those persons identified in response to Interrogatory No. 10.

---

ANSWER:

Plaintiffs object to this interrogatory as not reasonably calculated to lead to the discovery of relevant and admissible evidence.  In addition, it is overly burdensome, requiring Plaintiffs to provide information on hundreds of claims that have no relationship whatsoever to this lawsuit.

INTERROGATORY NO 14:

For any services provided to those persons identified in response to Interrogatory No. 10 which gave rise to a claims dispute, state the amount Plaintiffs contend they should have been paid, as well as the amount actually paid, if any.

ANSWER:

Plaintiffs object to this interrogatory as not reasonably calculated to lead to the discovery of relevant and admissible evidence.  In addition, it is overly burdensome, requiring Plaintiffs to provide information on hundreds of claims that have no relationship whatsoever to this lawsuit.

INTERROGATORY NO 15:

Identify all accounting documents reflecting the sums charged for any disputed claims provided to those persons identified in response to Interrogatory No. 10.

ANSWER:

Plaintiffs object to this interrogatory as not reasonably calculated to lead to the discovery of relevant and admissible evidence.  In addition, it is overly burdensome, requiring Plaintiffs to provide information on hundreds of claims that have no relationship whatsoever to this lawsuit.

INTERROGATORY NO 16:

Identify all experts who you expect to call to testify at trial, and describe the substance of the opinions and/or conclusions you expect them to render.

ANSWER:

Plaintiffs have yet to designate either a testifying expert or a consulting expert upon whom its testifying expert will rely.  Upon doing so, Plaintiffs will supplement this response as required.

---

INTERROGATORY NO 17:

Identify all experts who you do not expect to testify, but whose opinions have been reviewed by an expert you expect to call to testify at trial, and describe the opinions and/or conclusions reached by them in relation to this Lawsuit.

ANSWER:

Plaintiffs have yet to designate either a testifying expert or a consulting expert upon whom its testifying expert will rely. Upon doing so, Plaintiffs will supplement this response as required.

INTERROGATORY NO 18:

Describe all facts that you contend entitle you to recover from each of the Defendants.

ANSWER:

Plaintiff objects to this request as vague, overly broad, and overly burdensome. It is also information most easily adduced at deposition, and consequently, to seek such information through this interrogatory requiring a detailed written explanation of "all" facts creates an undue burden on Plaintiffs and is therefore objectionable. Subject to these objections Plaintiffs would state as follows:

Legion issued an insurance policy, or series of insurance policies, to school districts in the Rio Grande Valley which called for the reimbursement of medical services at 100% of usual and customary. The policies were sold, marketed or otherwise submitted to the school districts for their consideration by John Little, Arnulso Oliveras and/or Insurance Associates of the Valley either directly or by these people as employees/agents of Insurance Associates of the Valley. Acting in concert with Legion/CAS, these individuals/entities caused or helped to disseminate the claim forms, and copies of the insurance policies and/or certificates wherein the conditions and terms of the policies were contained. This material was disseminated for the sole purpose of inducing and or/securing the services of medical providers for the students of the subject policies. As medical providers this material was provided to Plaintiffs and they relied upon it in providing services to the students covered under the policies.

The students of these school districts came to the Plaintiffs seeking medical/surgical services. Claim forms were provided, completed and properly submitted by Plaintiffs for the services provided to these students. Until about August of 1999, Legion Insurance Company and/or CAS paid the claims submitted by Plaintiffs in accordance with the policy provisions. In some instances, Plaintiffs and CAS/Legion would agree to a

---

Plaintiffs' Response to Defendant Legion Insurance Company's First Set of Interrogatories

discount of the fee and then the discounted amount was promptly paid at 100% of the usual and customary amount.

In August of 1999, CAS/Legion ceased paying Plaintiffs' claims until November or December of 1999. The last payment Plaintiffs received until the claims resumption was in August and represented work done in June or July of 1999. Plaintiff RGOI-ASC had just finished negotiating five settlement agreements with A&G, a claims negotiator working for CAS/Legion. Those agreements were negotiated in the same manner as those negotiated and paid up until that point. Legion/CAS failed to honor any of those agreements as they had just several months before.

In direct contravention of the Legion policy, and the representations made by Little, Insurance Associates, Oliveras, CAS and Legion, not only did Legion/CAS stop paying claims, but Legion and CAS then began the construction of a rouse to buy time and somehow explain its total delinquency in paying claims. The rouse consisted of an allegation made to the Texas Department of Insurance that the Plaintiffs claims were somehow "fraudulent." Legion/CAS hired an investigator who contacted Plaintiffs and asked to come to the Plaintiffs premises. He was given permission subject to confirming his status as an investigator and his working relationship with CAS/Legion. He never provided the requested confirmations, and, after one brief contact, never contacted Plaintiffs again. This alleged fraud allegation followed shortly after the Plaintiffs filed complaints with the Texas Department of Insurance regarding the claims paying delinquency of CAS/Legion. Correspondence from CAS to third parties in November and December of 1999 revealed that the alleged internal fraud investigation conducted by CAS revealed no fraud and CAS/Legion resumed paying claims. However, upon the resumption of claims paying, CAS/Legion began adjusting and paying claims, not in accordance with their prior practice and the terms of the policy, but by applying inappropriate and non-contractual standards to the claims. The effect was to drastically and improperly reduce the amount of the claims paid to the Plaintiffs.

Plaintiffs have conducted discovery and still must make arrangements to go to the site in Florida where much of the documentation exists on these claims. However, they believe that the Defendants' conduct in wrongfully altering the claims paying on these policies arose from the claims experience realized under the policies. In essence, CAS/Legion began to compensate for their own failure and their agents' failure to properly underwrite this business by reducing claims payments. Although Plaintiffs have been unable to absolutely tie this conduct to any particular motive, they believe that this practice was motivated in whole or in part by CAS's and/or Little's and/or, Insurance Associates' and or Oliveras' desire to re-write this business through another insurance carrier for the school year 1999-2000 and in an effort to do so took steps to conceal the true nature of the claims experience for this block of business.

---

<u>VERIFICATION</u>

STATE OF TEXAS

COUNTY OF HIDALGO

KNOW ALL MEN BY THESE PRESENCES:

ON THIS DAY, personally appeared before me the person known to me to be Dr. William Snyder, who after being duly sworn on his oath deposed and stated as follows: I am William Snyder, M.D. I am the authorized representative of Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute ASC, Ltd. I have read the foregoing answers to Defendant Legion Insurance Company's First Set of Interrogatories and the information contained therein is true and correct to the best of my personal knowledge. Further affiant sayeth not.

SIGNED THIS 18th DAY OF OCTOBER, 2000.



_____
Dr. William Snyder: Affiant

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public on this the 18th Day of OCTOBER, 2000.

PATRICIA SNYDER
MY COMMISSION EXPIRES
FEBRUARY 6, 2002

_Patricia Snyder_
NOTARY PUBLIC

_Patricia Snyder_
PRINTED NAME OF NOTARY

_____

Plaintiffs' Response to Defendant Legion Insurance Company's First Set of Interrogatories

Respectfully submitted,

Timothy E. Weitz
Attorney-in-Charge
SBN 21117500
Jeff B. McDonald
Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas 78701
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Mark A. Weitz
Of Counsel
SBN 21116500
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas  78766-9673
(512) 322-9202 Main Number
(512) 323-5071 Fax Number

Reynaldo Ortiz
Of Counsel
Law Office of Reynaldo Ortiz, P.C.
SBN 15324275
801 Nolana, Suite 202
McAllen, Texas  78504
(956) 687-4567  Phone
(956) 631-1384  Fax

ATTORNEYS FOR PLAINTIFFS

---

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this the 30th day of October, 2000, a true and correct copy of the foregoing Plaintiffs' Response to Defendant Legion Insurance Company's First Set of Interrogatories has been served on the following parties and in the manner set forth below:

Greg Pierce/Julie A. Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas  78701-2589
(Hand Delivery)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas  78205-3585
(Certified Mail-Return Receipt Requested)

Elizabeth G. Neally/Michael Fisher
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas  78520
(Certified  Mail-Return Receipt Requested)

Timothy E. Weitz

---

# ATTACHMENT 1 TO PLAINTIFFS' RESPONSE TO DEFENDANT LEGION INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES

CVISPDF - www.fasiso.com

| ASC? | CLAIM | Pat# | PATIENT NAME | | FILED | REFILED | SERVICE | ORIGINAL | LEGION | LEGION PMT | LEGION ADJ | LEGION BAL | B | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ✓ | 44431 | 7618 | SALINAS | JESSE | 9/1/98 | 2/3/00 | 9/9/98 | $6,140.00 | $3,300.00 | $1,075.00 | $225.00 | | | Bad Primary Writeoff of $3,955.00 |
| ✓ | 44430 | 7804 | FERNANDEZ | JUAN | 9/9/98 | | 9/9/98 | $3,300.00 | $3,000.00 | $2,488.88 | $1,312.00 | | | |
| ✓ | 454041 | 7814 | PEREZ | EDUARDO | 9/9/98 | | 9/9/98 | $3,800.00 | $3,000.00 | | | $4,207.22 | | BAD Writeoff on Primary |
| ✓ | 454482 | 8007 | ESPARZA | ADALBERTO | 1/15/99 | | 10/3/98 | $7,355.00 | $4,307.22 | | | $6,726.45 | | Patient Balance |
| ✓ | 323412 | 8007 | ESPARZA | ADALBERTO | 8/4/99 | | 10/3/98 | $7,355.00 | $4,851.36 | $125.91 | | | | |
| ✓ | 497801 | 8008 | GARCIA | GABRIELA | 10/23/98 | | 10/13/98 | $5,149.00 | $3,982.99 | $3,982.99 | $1,154.10 | | | |
| ✓ | 464431 | 7560 | RALEIGH | CHRISTOPHER | 10/1/98 | 4/8/99 | 10/15/98 | $2,528.00 | $2,528.00 | $2,177.69 | $350.31 | | | |
| ✓ | 464781 | 7867 | ALVARADO | ANTONIO | 10/1/98 | | 10/17/98 | $8,028.00 | $8,028.00 | $3,609.49 | $4,418.00 | | | |
| ✓ | 467821 | 8273 | DIAZ | ERIK | 10/23/98 | | 10/20/98 | $1,300.00 | $1,300.00 | $1,300.00 | $0.00 | | | |
| ✓ | 468801 | 8363 | CANTU | IRENE | 10/23/98 | | 10/21/98 | $2,149.00 | 2149 | $810.50 | $1,338.50 | | | |
| ✓ | 472451 | 8340 | RODRIGUEZ | JUAN | 9/31/98 | 8/12/99 | 10/21/98 | $1,300.00 | $1,300.00 | $1,075.00 | $225.00 | | | |
| ✓ | 470802 | 8340 | GONZALEZ | ROSA | 11/6/98 | | 11/6/98 | $2,060.00 | $2,060.00 | $2,060.00 | $0.00 | | | |
| ✓ | 474852 | 8340 | ALVARADO | ROBERTO | 10/29/98 | | 11/7/98 | $5,122.00 | $82.00 | $82.00 | $0.00 | | | Pending Cerius |
| ✓ | 480202 | 8121 | ALVARADO | ANNA | 12/4/98 | | 11/12/98 | $5,122.00 | $5,122.00 | $2,904.00 | $2,218.00 | | | |
| ✓ | 480401 | 8244 | AVALOS | FRANCISCO | 12/9/98 | | 11/14/98 | $4,828.00 | $4,828.00 | $2,180.00 | $2,748.00 | | | |
| ✓ | 491801 | 8412 | QUINTANILLA | DONNIE | 1/23/99 | 2/3/00 | 1/21/98 | $5,300.00 | $4,390.00 | | | $4,399.00 | | |
| ✓ | 480002 | 3698 | CASTILLO | SCARLET | 12/9/98 | | 1/21/98 | $10,834.00 | $7,004.30 | $3,698.64 | $3,698.64 | $3,539.40 | | Bad Primary Writeoff of $4,581.50 |
| ✓ | 488801 | 5604 | GUZMAN | YOANA | 12/22/98 | | 12/16/98 | $6,420.00 | $4,600.00 | $810.05 | $250.15 | $5,122.00 | | |
| ✓ | 480012 | 8001 | SALINAS | ERICA | 12/22/98 | | 12/17/98 | $5,122.00 | $5,122.00 | | | | | |
| ✓ | 488201 | 8708 | SANDOVAL | OSCAR | 3/3/99 | | 1/5/99 | $10,834.00 | $4,908.20 | $4,908.20 | $0.00 | | | |
| ✓ | 480372 | 8519 | SALDANA | JENNIE | 2/1/99 | 4/8/99 | 1/14/99 | $21,714.00 | $21,710.00 | $6,787.00 | $14,947.00 | | | |
| ✓ | 488901 | 8400 | GUTIERREZ | CHRISTINA | 2/1/99 | | 1/14/99 | $13,778.00 | $13,778.00 | $3,556.00 | $9,722.00 | | | |
| ✓ | 506411 | 8420 | VALDEZ | IRENE | 2/1/99 | | 1/16/99 | $9,426.00 | $9,426.00 | $3,898.89 | $3,527.11 | | | |
| ✓ | 510811 | 8706 | MARROQUIN | SUSIE | 2/2/99 | | 1/21/99 | $21,714.00 | $21,714.00 | $16,734.00 | $4,980.00 | | | Extra Writeoff of $8,368.00 posted in error |
| ✓ | 508091 | 8073 | LOPEZ | HUGO | 3/1/99 | | 2/1/99 | $2,500.00 | $2,500.00 | $1,049.40 | $1,450.60 | | | |
| ✓ | 520201 | 8805 | MARIN | AMANDA | 3/1/99 | | 2/25/99 | $10,834.00 | $10,834.00 | $2,504.00 | $8,350.00 | | | |
| ✓ | 540261 | 8157 | CANO | ARMANDO | 3/24/99 | 4/5/99 | 3/9/99 | $10,144.00 | $10,144.00 | $4,042.59 | $6,101.50 | | | Courtesy Code |
| ✓ | 540821 | 7754 | CANTU | BEN | 4/6/99 | | 3/27/99 | $10,834.00 | $9,255.05 | $1,455.15 | $7,799.90 | | | |
| ✓ | 544491 | 8410 | DE LA GARZA | ADAN | 4/6/99 | | 3/30/99 | $6,308.00 | $6,308.00 | $3,154.00 | $3,154.00 | $3,608.00 | | Patient Balance |
| ✓ | 540241 | 8558 | GARCIA | DANEY | 8/4/99 | | 4/26/99 | $5,380.00 | $3,507.10 | $98.10 | $0.00 | | | |
| ✓ | 540421 | 8051 | PEDRAZA | BRIANA | 8/4/99 | | 4/26/99 | $12,280.00 | $1,078.40 | $1,078.40 | | | | |
| ✓ | 542462 | 8581 | GUTIERREZ | SILVESTRE | 5/13/99 | 10/2/99 | 5/11/99 | $20,810.00 | $20,810.00 | $7,064.36 | $13,745.64 | | | |
| ✓ | 574641 | 8802 | VALDEZ | MICHELLE | 6/23/99 | 10/2/99 | 5/11/99 | $24,756.00 | $24,756.00 | $6,194.55 | $18,561.45 | | | |
| ✓ | 540791 | 8806 | JIMENEZ | SARAH | 6/9/99 | 10/2/99 | 5/15/99 | $16,324.00 | $7,064.36 | | | $9,259.64 | | |
| ✓ | 564012 | 8622 | CARDENAS | TRISHA | 7/3/99 | | 5/19/99 | $13,662.00 | | $13,662.00 | | | | Misposted 7064.36 Adj as Pmt |
| ✓ | 543091 | 8673 | CHAVEZ | RENE | 5/27/99 | 8/12/99 | 5/19/99 | $17,242.00 | $16,324.00 | | $16,324.00 | | | Pending to BCBS |
| ✓ | 544212 | 8663 | LOPEZ | DANIEL | 8/1/99 | | 5/20/99 | $14,320.00 | | | | $14,710.00 | | |
| ✓ | 544721 | 8065 | CASTILLO | JENNIFER | 6/1/99 | 2/3/00 | 5/26/99 | $14,710.00 | $14,710.00 | | | | | Cerius Pending - no action since 7/99 |
| ✓ | 566442 | 8333 | STONES | REBECCA | 7/30/99 | | 5/7/99 | $5,122.00 | $3,421.50 | $1,790.00 | $1,531.50 | | | Courtesy Adjustment |
| ✓ | 566282 | 8417 | RIOS | LUIS | 8/3/99 | 2/3/00 | 6/2/99 | $18,962.00 | $13,579.00 | $0.00 | $13,579.00 | | | |
| ✓ | 376842 | 8052 | GARZA | JULIANA | 7/3/99 | | 6/3/99 | $16,324.00 | | | | | | |
| ✓ | 380022 | 8815 | SANTA MARIA | JOSE | 9/9/99 | | 6/3/99 | $7,608.00 | $5,676.40 | $320.60 | $5,355.80 | | | |
| ✓ | 538341 | 8673 | CHAVEZ | RENE | 7/26/99 | 10/2/99 | 7/23/99 | $5,380.00 | $5,380.00 | $1,012.80 | $4,377.20 | | | Bad Primary Writeoff of 8,859.00 - pending Legion claim |
| ✓ | 388780 | 8877 | RODRIGUEZ | MARIA | 4/1/00 | | 7/24/99 | $9,848.00 | $165.80 | | | $165.80 | | Pending to Second carrier |
| ✓ | 500203 | 8267 | VILLAPUDO | JOEY | 2/2/00 | | 8/3/99 | $16,324.00 | $16,324.00 | | | | | |
| ✓ | 600052 | 8036 | PENA | ISRAEL | 11/4/99 | | 8/24/99 | $5,181.70 | $5,181.70 | $284.80 | $5,897.10 | $13,312.84 | | Courtesy Adjustment |
| ✓ | 631282 | 9904 | WATTS | CLAUDIA | 1/3/00 | 2/3/00 | 10/23/99 | $14,166.52 | $14,166.52 | $852.68 | | $64,949.35 | | Error - Primary Writeoff of $12,566.22 was posted |
| | | | | | | | | $452,292.00 | $342,241.85 | $103,945.40 | $173,447.10 | $342,241.85 | | |

Client/LegionOver1K

ASC Sheet

| ASC? | CLAIM | PM # | PATIENT NAME | | FILED | REFILED | SERVICE | ORIGINAL | LEGION | LEGION PMT | LEGION ADJ | LEGION BAL | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 430082 | 7847 | LOZANO | JORGE | 4/5/99 | | 9/5/98 | $3,234.00 | $3,234.00 | $1,153.65 | $682.35 | $0.00 | Pat Bal, Pending claim |
| | 430082 | 7847 | LOZANO | JORGE | 4/5/99 | 2/29/00 | 8/9/99 | $3,300.00 | $3,300.00 | $481.69 | $0.00 | $3,300.00 | |
| | 441682 | 7873 | HERNANDEZ | ANTONIO | 4/2/00 | 3/16/99 | 9/3/98 | $1,086.00 | $481.99 | $823.80 | $285.20 | $0.00 | |
| | 443381 | 7887 | ALVARADO | DANIEL | 9/9/98 | | 9/7/98 | $1,189.00 | $1,189.00 | $1,380.00 | $850.00 | $0.00 | |
| | 448201 | 7842 | REYNA | EDDIE | 9/13/98 | 1/5/99 | 9/11/98 | $2,340.00 | $2,340.00 | $1,003.88 | $136.12 | $0.00 | |
| | 444641 | 7829 | MONROY | EDDIE | 9/13/98 | 1/5/99 | 9/12/98 | $1,139.00 | $1,139.00 | $468.00 | $0.00 | $0.00 | Extra $30.00 W/O Error |
| | 465542 | 7933 | HUERTA | ELOY | 12/14/98 | | 9/15/98 | $1,250.00 | $468.00 | $73.42 | $708.00 | $0.00 | |
| | 472597 | 7922 | TREVINO | JONATHAN | 2/1/99 | | 9/15/98 | $1,250.00 | $778.42 | $1,431.45 | $163.55 | $0.00 | |
| | 474171 | 7971 | TREVINO | JORGE | 9/17/98 | | 9/16/98 | $1,536.00 | $1,536.00 | | | $0.00 | |
| | 481824 | 8014 | BRISENO | ANASTACIO | 9/23/98 | | 9/21/98 | $2,077.00 | $2,077.00 | $1,077.00 | $452.83 | $1,077.00 | Never Filed - bad DE |
| | 491322 | 8182 | COY | NATHAN | 3/9/99 | | 9/25/99 | $1,682.00 | $472.87 | $19.24 | $472.07 | $0.00 | |
| | 483311 | 9004 | CARDENAS | VICTOR | 9/28/98 | | 9/29/98 | $1,187.00 | $1,187.00 | $1,077.50 | $89.50 | $0.00 | |
| | 490101 | 9177 | LUCIO | ABLE | 10/14/98 | | 10/9/98 | $1,748.00 | $1,748.00 | $1,400.60 | $348.40 | $0.00 | |
| | 456092 | 8228 | ORTIZ | EZ | 11/21/98 | | 10/9/98 | $1,121.00 | $875.37 | $697.39 | $177.81 | $0.00 | |
| | 489241 | 7874 | ROSALES | ELENO | 10/14/98 | | 10/16/98 | $1,189.00 | $1,189.00 | $1,153.65 | $35.35 | $0.00 | |
| | 490721 | 7860 | RALEIGH | CHRISTOPHER | 10/14/98 | | 10/12/98 | $1,402.00 | $1,402.00 | $1,250.70 | $151.30 | $0.00 | |
| | 491041 | 8249 | TREVINO | CYNTHIA | 10/14/98 | | 10/12/98 | $1,040.00 | $1,040.00 | $950.50 | $89.50 | $0.00 | |
| | 485001 | 8521 | RODRIGUEZ | WALLY | 10/23/98 | | 10/21/98 | $1,648.00 | $1,648.00 | $1,512.19 | $133.81 | $0.00 | |
| | 495961 | 8674 | HERNANDEZ | PORFIRIO | 11/11/98 | | 10/30/98 | $1,188.00 | $1,188.00 | $923.80 | $265.20 | $0.00 | |
| | 476121 | 8412 | VASQUEZ | RICARDO | 1/12/99 | 1/5/99 | 11/3/98 | $2,603.00 | $2,603.00 | $1,302.00 | $442.54 | $758.44 | Patient Balance |
| | 479191 | 8323 | QUINTANILLA | DOANIE | 1/14/99 | | 11/25/98 | $1,136.00 | $1,136.00 | $879.00 | $257.00 | $0.00 | |
| | 481771 | 8521 | RODRIGUEZ | ROEL | 1/18/99 | | 11/4/98 | $1,016.00 | $1,016.00 | $947.59 | $67.41 | $0.00 | |
| | 490041 | 7710 | AVILA | ROGELIO | 1/21/99 | | 11/17/98 | $1,461.00 | $1,461.00 | $1,141.40 | $319.60 | $0.00 | |
| | 505381 | 8674 | GONZALEZ | FRANK | 12/4/98 | | 1/25/99 | $1,189.00 | $1,189.00 | $1,153.65 | $35.35 | $0.00 | |
| | 507861 | 7691 | JIMENEZ | NIDIA | 1/13/99 | | 1/12/99 | $1,148.00 | $1,148.00 | $1,099.40 | $48.59 | $0.00 | |
| | 509031 | 8001 | BELTRAN | SARAH | 1/15/99 | | 1/14/99 | $1,534.00 | $1,534.00 | $1,500.15 | $33.59 | $0.35 | |
| | 513761 | 7691 | MARTINEZ | RICKY | 1/22/99 | | 1/20/99 | $1,127.00 | $1,127.00 | $1,046.10 | $80.90 | $0.00 | |
| | 518561 | 9012 | LOPEZ | LISA | 1/28/99 | | 1/27/99 | $1,608.00 | $1,608.00 | $825.20 | $383.80 | $0.00 | |
| | 525431 | 8236 | PEREZ | HUGO | 2/13/99 | | 2/5/99 | $1,116.00 | $1,116.00 | $787.21 | $328.79 | $0.00 | |
| | 529241 | 8276 | GARCIA | ANGELA | 2/24/99 | | 2/19/99 | $1,223.00 | $1,223.00 | $882.40 | $330.60 | $0.00 | |
| | 538053 | 9397 | GARCIA | JUAN | 3/9/99 | | 3/9/99 | $2,123.00 | $2,123.00 | $651.49 | $1,471.51 | $0.00 | ERROR $976.13 Credit Balance - Error |
| | 544191 | 9432 | VILLAPANDO | JOEY | 8/12/99 | | | | | | | $0.00 | |
| | 579792 | 7997 | GUTIERREZ | SILBESTRE | 4/6/99 | 4/1/99 | 4/5/99 | $1,189.00 | $1,189.00 | $1,148.56 | $40.44 | $0.00 | |
| | 618731 | 136 | LUNA | CHRISTINA | 9/25/99 | | 8/23/99 | $1,642.00 | $182.53 | $152.53 | $0.00 | $0.00 | Pending |
| | 843861 | 9033 | GARCIA | STEPHANIE | 2/3/00 | | 9/23/99 | $3,470.00 | $3,470.00 | | | $3,470.00 | Courtesy Adjustment |
| | | | VALDEZ | MICHELLE | 11/1/99 | 2/29/00 | 11/16/99 | $10,834.00 | $10,834.00 | $10,834.00 | $10,834.00 | $8,605.44 | |
| | | | | | | | | $62,803.00 | $57,569.91 | $29,926.14 | $19,057.99 | $57,569.55 | |

| CLAIM | PATIENT | PATIENT NAME | NAME | FILED | REFILED | SERVICE | ORIGINAL | LEGION | LEGION PMT | LEGION ADJ | LEGION BAL | Note |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 361 | 137 | CANTU | IRENE | 10/21/98 | | 10/21/98 | $3,000.00 | $3,000.00 | $3,300.00 | $0.00 | $4,653.00 | Certus No - Out to PI |
| 632 | 153 | GONZALEZ | ROBERTO | 10/28/98 | 12/14/98 | 11/5/98 | $5,225.00 | $5,225.00 | $562.00 | | | |
| 811 | 126 | RALEIGH | CHRISTOPHER | 11/25/98 | 11/17/99 | 11/9/98 | $5,300.00 | $5,300.00 | $362.00 | | | |
| 811 | 120 | ALVARADO | ANTONIO | 11/27/98 | | 10/17/98 | $12,215.00 | $11,215.00 | $11,215.00 | $1,000.00 | | |
| 169 | 109 | PEREZ | EDUARDO | 11/27/98 | | 9/29/98 | $6,620.00 | $6,620.00 | $5,620.00 | $1,000.00 | | |
| 881 | 132 | DIAZ | ERIK | 11/27/98 | | 10/20/98 | $5,370.00 | $5,370.00 | $4,370.00 | $1,000.00 | | |
| 881 | 166 | AVALOS | FRANCISCO | 11/27/98 | | 11/12/98 | $4,295.00 | $4,295.00 | $3,295.00 | $1,000.00 | | |
| 541 | 180 | GUZMAN | YOANA | 11/30/98 | | 11/21/98 | $8,725.00 | $8,725.00 | $7,725.00 | $1,000.00 | | |
| 1041 | 121 | GARCIA | GABRIELA | 11/30/98 | | 10/13/98 | $7,085.00 | $7,085.00 | $6,085.00 | $1,000.00 | | |
| 1081 | 108 | FERNANDEZ | JUAN | 11/30/98 | | 9/29/98 | $5,720.00 | $5,720.00 | $4,750.00 | $970.00 | | |
| 1291 | 215 | SANDOVAL | OSCAR | 12/23/98 | | 12/17/98 | $3,785.00 | $3,785.00 | $3,785.00 | $1,000.00 | | |
| 1891 | 220 | GARCIA | JUAN | 1/17/99 | | 12/16/98 | $9,800.00 | $9,800.00 | $6,900.00 | $1,000.00 | | |
| 2141 | 241 | MARROQUIN | SUSIE | 1/19/99 | | 1/6/99 | $7,685.00 | $7,685.00 | $843.00 | | $8,852.00 | Not Refiled - PI Balance |
| 2151 | 215 | SANDOVAL | OSCAR | 1/24/99 | 11/17/99 | 1/21/99 | $17,335.00 | $17,335.00 | $7,345.31 | | $10,188.69 | Refiled |
| 2161 | 234 | RODRIGUEZ | ROSA | 2/9/99 | 11/17/99 | 1/29/99 | $6,450.00 | $6,450.00 | $4,490.00 | | $4,960.00 | Balance is split |
| 2251 | 284 | LOPEZ | HUGO | 2/9/99 | | 2/18/99 | $5,000.00 | $5,000.00 | $4,000.00 | $1,000.00 | | |
| 2351 | 273 | MARTINEZ | CHRISTINA | 2/20/99 | | 1/14/99 | $17,920.00 | $17,920.00 | $13,405.34 | $4,514.66 | | |
| 2281 | 273 | MARIN | AMANDA | 2/27/99 | | 2/25/99 | $8,745.00 | $8,745.00 | $7,745.00 | $1,000.00 | | |
| 2881 | 265 | CANO | ARMANDO | 3/24/99 | | 1/29/99 | $7,065.00 | $7,065.00 | $6,065.00 | $1,000.00 | | |
| 3001 | 310 | DE LA GARZA | ADAM | 4/5/99 | 11/1/99 | 3/30/99 | $3,785.00 | $3,785.00 | $1,057.00 | | $2,738.00 | Not Refiled - PI Balance |
| 1602 | 214 | BALINAS | ERICA | 4/13/99 | | 12/16/98 | $7,065.00 | $7,065.00 | $3,135.00 | $0.00 | | |
| 337 | 337 | PEDRAZA | BRIANA | 5/13/99 | | 5/1/99 | $10,165.00 | $10,165.00 | $0.00 | $0.00 | | |
| 3491 | 352 | CHAVEZ | RENE | 5/27/99 | | 5/19/99 | $8,595.00 | $8,595.00 | $7,565.00 | $1,000.00 | $11,117.00 | Not Refiled - PI Balance |
| 3641 | 364 | JIMENEZ | JENNIFER | 5/28/99 | 11/17/99 | 5/19/99 | $12,970.00 | $12,970.00 | $11,563.00 | | $10,165.00 | Noted as Denied 12/7/99 - Mark to Appeal |
| 3651 | 367 | CASTILLO | REBECCA | 5/28/99 | 11/17/99 | 2/16/99 | $16,165.00 | $16,165.00 | $0.00 | $150.00 | | Hold During Appeal - not Legion W/O |
| 5001 | 342 | VALDEZ | MICHELLE | 5/29/99 | | 5/11/99 | $4,195.00 | $4,195.00 | $0.00 | $3,400.00 | | |
| 4481 | 352 | CHAVEZ | RENE | 7/30/99 | | 7/22/99 | $4,895.00 | $4,895.00 | $950.00 | $3,945.00 | | Held During Appeal - not Legion W/O |
| 3313 | 330 | GARCIA | DANEY | 8/2/99 | | 4/20/99 | $3,780.00 | $3,780.00 | $150.00 | $150.00 | | |
| 3432 | 358 | CARDENAS | TRISHA | 8/10/99 | | 5/19/99 | $1,059.31 | $1,059.31 | $1,059.31 | $0.00 | | |
| 3702 | 370 | RIOS | LUIS | 8/10/99 | | 6/2/99 | $12,845.00 | $12,845.00 | $0.00 | $0.00 | | |
| 3491 | 344 | GUTIERREZ | SILVESTRE | 8/10/99 | 11/17/99 | 5/5/99 | $17,045.00 | $17,045.00 | $1,574.95 | | $15,470.05 | Not Refiled - PI Balance |
| 3821 | 382 | SANTA MARIA | JOSE | 9/2/99 | | 9/20/99 | $1,800.00 | $1,800.00 | $1,800.00 | $0.00 | | |
| 1232 | 113 | ESPARZA | ADALBERTO | 9/23/99 | 11/17/99 | 10/2/99 | $12,670.00 | $12,670.00 | $1,678.14 | $0.00 | | |
| 1077 | 170 | CANTU | CARLO | 9/23/99 | | 10/13/99 | $1,765.00 | $1,765.00 | $568.35 | $185.00 | $3,785.00 | |
| 832 | 179 | ALVARADO | ANNA | 10/12/99 | | 11/21/98 | $3,785.00 | $3,785.00 | $0.00 | | | Certus Denied, Refiled, Adjusted off w/3005 - Account at 0.00, offset has/Repp bala |
| 3662 | 388 | CASTILLO | SCARLET | 11/1/99 | | 5/20/99 | $5,320.00 | $5,320.00 | $2,475.00 | $2,475.00 | | |
| 5321 | 514 | DANIEL | DANIEL | 11/1/99 | | 11/1/99 | $7,065.00 | $7,065.00 | $0.00 | | | Pending - never refiled |
| 3502 | 376 | VALDEZ | MICHELLE | 11/9/99 | | 9/17/99 | $8,845.00 | $8,845.00 | $8,845.00 | | $8,845.00 | Westco Courtesy Adj, Still out to BCBS of TX |
| 4382 | 427 | GARZA | JULIANA | 11/16/99 | | 9/24/99 | $13,470.00 | $13,470.00 | $2,159.00 | | $11,311.00 | Not Refiled - PI Balance - Certus Denied |
| 4301 | 413 | PENA | ISRAEL | 11/18/99 | | 9/3/99 | $9,785.00 | $9,785.00 | $498.05 | $0.00 | | Legion wait Tertiary |
| 4002 | 448 | VILLAPANDO | JOEY | 12/15/99 | | 10/23/99 | $12,070.00 | $12,070.00 | $498.05 | $0.00 | | Legion wait Tertiary |
| 4142 | 407 | WATTS | CLAUDIA | 1/13/00 | | 7/24/99 | $12,220.00 | $12,220.00 | $0.00 | $0.00 | | Pending to Prudential - Refiled 1/29/00 |
| 1603 | 223 | RODRIGUEZ | MARIA | 1/28/00 | | 1/5/99 | $7,865.00 | $7,865.00 | $0.00 | $0.00 | | Legion wait Tertiary |
| | | SALDANA | JENNIE | 2/11/00 | | 1/5/99 | $18,845.00 | $18,845.00 | $0.00 | $0.00 | | Legion wait Tertiary |
| TOTALS | | | | | | | $395,310.00 | $266,606.85 | $151,516.45 | $25,164.66 | $90,125.74 | |
| | | | | | | | | $286,606.85 | | | | |

CONFIDENTIAL