61

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
S u he n District of Texas
FILED

OCT 0 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., PLAINTIFFS | § § § § § § | |
| VS | § § | CIVIL ACTION NO. B-00-037 |
| LEGION INSURANCE COMPANY, ET AL., DEFENDANTS | § § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER, OR, ALTERNATIVELY, FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiffs Rio Grande Orthopaedic Institute (RGOI) and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (RGOI-ASC) filing this Plaintiffs' Response to Defendant's Motion to Amend Scheduling Order, or, Alternatively, for Leave to File Motion for Summary Judgment Plaintiffs would respectfully show the court as follows.

I

### Scheduling History

1 1     The Court initially issued a scheduling order on April 25, 2000 which was entered on April 26, 2000. This order was issued after consideration at an initial pretrial conference. The order set deadlines for a number of filings and procedural requirements specifically including completion of discovery by December 18, 2000 and filing of Defendants' Motion for Summary Judgment no later than January 5, 2001 Thereafter, during the course of the discovery process, Defendant Legion Insurance Company (hereinafter "Legion") sought the agreement of the parties to a modification of the scheduling order. The parties agreed to the modification On May 24, 2001, Defendant

Legion filed an Agreed Motion to Amend Scheduling Order asserting the need to complete discovery and address any matters dependent on the information to be gathered. The first motion of Defendant Legion to amend the scheduling order was granted on June 18, 2001 and thereby various procedural deadlines, including completion of discovery and filing of dispositive motions, were reset to the current deadlines at issue.

1.2     By its pleadings filed on September 21, 2001, Defendant Legion is again seeking amendment of the scheduling order and is specifically seeking to revive deadlines that have already passed not once, but twice. Under the first scheduling order, discovery was to be completed by December 18, 2000 and dispositive motions filed by January 5, 2001. Upon the granting of Legion's first motion to amend the scheduling order filed after the deadlines had passed, the existing deadlines were put in place as requested. The existing deadlines require completion of discovery and filing of dispositive motions by August 15, 2001. Legion is now seeking to modify not only prospective deadlines in regard to such matters as the joint pretrial order and docket call, but the amended deadlines for discovery and dispositive motions that had already passed at the time of Legion's filing by approximately five weeks and three weeks, respectively. In the alternative, Defendant Legion is now seeking leave to file a much belated motion for summary judgment as a result of having missed the first two deadlines to do so

II

**Opposition to Motion to Amend Scheduling Order**

2 1     Deadlines for completion of discovery and filing of dispositive motions have both passed and Defendant Legion has not raised good cause to resurrect them. The existing scheduling order resulted from amendments made at the request of Defendant Legion's counsel   Legion's counsel has not changed during these proceedings   The current schedule was adopted as specifically sought by Legion's counsel and agreed to by the parties

2

2 2     In the current instance, as in the prior Legion request, the deadlines of most concern to Legion have passed.  The amended deadline for filing of dispositive motions and completion of discovery was reached on August 15, 2001.  Legion's counsel seems to be asserting that the discovery deadline was allowed to run out solely because of Legion's cost saving efforts designed to forego discovery and resolve the case through alternative dispute resolution.  This line of reasoning is flawed given that the mediation deadline was set for August 31, 2001, a date chosen by Legion's counsel and a date approximately two weeks after the discovery and dispositive motion deadline of August 15, 2001.  While the rationale promoted by Legion's counsel may in some way explain the misguided decision-making process of Legion or its counsel, it does not amount to good cause to amend the scheduling order and is somewhat suspect in light of Legion's limited discovery efforts throughout the pretrial stages of these proceedings.

2.3     Defendant Legion has been derelict in pursuing discovery for its own preparation and has been resistant to providing discovery information when sought from Legion.  At no time has Legion sought to take the deposition testimony of anyone.  Plaintiffs are the only ones who have sought to take deposition testimony.   Plaintiffs documented efforts to take the deposition testimony of Defendant representatives go as far back as November 2000 and as recently as May 2001   In each instance, Legion's counsel either skirted the requests to coordinate depositions or requested more time to coordinate the taking of testimony at a later date.  See Exhibit A, attached and incorporated herein by reference.

2.4     As for written discovery by Legion, a single round of interrogatories and production requests directed at Plaintiffs was filed on September 29, 2000 consisting of 18 interrogatories and 20 production requests.  Defendant Legion has not served any other discovery requests on Plaintiffs or another Defendant   Plaintiffs timely responded to the written discovery and filed objections   Discussions between counsel took place thereafter in which counsel for Legion and Plaintiffs voiced their respective positions on the opposing party's objections and responses not only in regard to Legion's requests but also in regard to the requests made by Plaintiffs much earlier in the year on July 6, 2000 These discussions culminated in an exchange of correspondence in which some problems

3

related to legibility of documents were addressed and the positions of the parties further crystallized.  See Exhibit B, attached and incorporated herein by reference

2.5     Since the exchange of discovery positions in 2000, aside from an attorney meeting at the Austin office of Legion's counsel in February 2001 to explain responsive discovery documents to Legion's counsel, no further written discovery issues were pursued by Legion's counsel until recent weeks.  After an August 21, 2001 mediation held shortly before the mediation deadline of August 31, Legion's counsel has one month later just now decided to revisit a discovery impasse that has been in existence as far back as November 2000.  In view of the foregoing, Legion's counsel now appears to be engaged in dilatory tactics to compensate for not actively pursuing discovery prior to the initial deadline of December 18, 2000 and the amended deadline granted to Legion of August 15, 2001.

2.6     Defendant Legion is required to show good cause to obtain a modification or amendment of the scheduling order under Fed. R. Civ. P. 16(b).  Based on the procedural history of this case, Defendant Legion has not shown good cause for a second modification or amendment of the scheduling order  Defendant Legion has not been deligent.  Good cause for such a modification does not exist in the absence of diligence by the movant.   Without a showing of good cause, Defendant Legion is not entitled to modification of the scheduling order and is certainly not entitled to revive the twice missed deadlines related to discovery and filing of dispositive motions  The misplaced efforts of Defendant Legion should instead be directed at coordinating the completion and submission of the required joint pretrial order being drafted by Plaintiffs for filing on October 5, 2001

III

**Opposition to Leave to File Motion for Summary Judgment**

3 1     As referenced in sections I and II , herein above, which are incorporated in this section as if fully set out at length, Defendant Legion's request in the alternative for leave to file a motion for summary judgment is untimely and without good cause

4

3.2     Counsel for Legion notes that a draft of its motion for summary judgment was provided to Plaintiffs "some time ago" and asserts that Legion "agreed" not to file its motion for summary judgment until after the parties' mediation of this matter.  Legion's counsel also states "That the parties were unable to schedule a mediation prior to the expiration of the deadline for dispositive motions."  See paragraph 4, of page 3 of Defendant Legion's motion.  These statements are somewhat misleading and do not demonstrate good cause to grant leave to file the motion for summary judgment

3.3     It is true that Legion's counsel furnished Plaintiffs' counsel with a draft of Defendant Legion's Motion for Summary Judgment "some time ago."  In fact, the draft was first referenced by Legion's counsel as early as May 16, 2001 and the draft itself was provided on June 14, 2001, just over a month before the filing deadline for dispositive motions under the amended scheduling order   Counsel for Plaintiffs and counsel for Legion subsequently discussed the motion and Plaintiffs' counsel expressed disagreement with the position taken by Legion.  Counsel for Plaintiffs also expressed sentiments to the effect that the motion was without merit and its filing would erode any good will that may remain between the parties making settlement more difficult However, at no time was an agreement reached between counsel regarding the filing of the motion   Legion's counsel either unilaterally "decided" not to file the motion for summary judgment for whatever tactical benefit or improvement of settlement posture to be derived for his client or counsel simply failed to file it due to an oversight   No agreement was reached between the parties.  Legion's counsel let the deadline run for filing despite having a motion drafted and ready several weeks prior.  A tactical or settlement posturing decision on the part of Legion does not constitute good cause for leave to file well over a month after the deadline has come and gone

3 4     The assertion of Legion's counsel that the parties were "unable" to schedule a mediation prior to the expiration of the dispositive motion deadline is incorrect and irrelevant   Initial efforts to get this case to mediation were made by Plaintiffs during the first half of 2001 with escalating intensity throughout May, June, and July.  Any inability

CSHPDF - www.fasiso.com

to coordinate a mediation was created by delay and unreasonable demands by Legion's counsel as much as to any other contributing factors including counsel's insistence that the mediation be held in Austin for his convenience and that of his client rather than in the Rio Grande Valley from which this litigation has arisen. See Exhibit C, attached and incorporated herein by reference. In any event, the amended mediation deadline and the amended dispositive motion deadline were chosen by Defendant Legion and were not procedurally intertwined in any way so as to prevent Defendant Legion from filing its motion for summary judgment. To imply otherwise is misleading and in no way constitutes good cause for changing the scheduling order in this regard.

3 5    Defendant Legion is required to show good cause to obtain a modification or amendment of the scheduling order under Fed. R. Civ. P. 16(b) and under Fed. R. Civ. P 6(b) is required to do so in those instances where leave to file is requested after a scheduling order deadline has been passed. Fed. R Civ. P. 6(b) indicates when a motion is filed for enlargement of time after the failure to act before the specified deadline, granting of the motion is contingent upon the failure to act being excusable neglect. In light of the foregoing, Defendant Legion has not shown good cause to amend the scheduling order for leave to file its Motion for Summary Judgment and has not demonstrated that its failure to act was the result of excusable neglect so as to justify an enlargement of time

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court find that Defendant Legion Insurance Company's motion is without merit and deny the motion in its entirety or, in the alternative, deny leave to file the motion for summary judgment and grant an amendment to the scheduling order only in regard to the dates for Joint Pretrial Order, Final Pretrial and Settlement Conference, and Docket Call

Respectfully Submitted,

Timothy E  Weitz, Attorney-in-Charge
SBN 21117500

Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P
1411 West Avenue, Suite 200
Austin, Texas  78701
(512) 322-9202  Main Number
(512) 445-4995  Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
5520 North "C" Street
McAllen, Texas 78504
(956) 686-2663  Main Number
(956) 686-5289  Fax Number

Reynaldo Ortiz, Of Counsel
SBN 15324275
Federal ID. No. 3767
Law Office of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas  78504
(956) 687-4567  Main Number
(956) 631-1384  Fax Number

ATTORNEYS FOR PLAINTIFFS

CitiPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of October 2001, a true and correct copy of the foregoing Plaintiffs' Response to Defendant's Motion to Amend Scheduling Order, or, Alternatively, for Leave to File Motion for Summary Judgment has been served on the following individuals and in the following manner.

Greg Pierce/Julie Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas  78701-2589
(Certified Mail - Return Receipt Requested)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas  78205-5385
(Certified Mail - Return Receipt Requested)

Timothy E  Weitz

**Exhibits:**
**Plaintiffs' Response to Defendant's Motion to Amend Scheduling Order, or, Alternatively, for Leave to File Motion for Summary Judgment**

Exhibit A:

1. Letter from Plaintiffs' Counsel to Counsel for Legion Insurance Company without enclosure dated November 10, 2000 seeking to coordinate depositions of Defendant Legion's representatives

2. Letter from Plaintiffs' Counsel to Counsel for Claims Administration Services, Inc. dated November 13, 2000 seeking to coordinate depositions of Defendant Claims Administration Services' representative

3. Deposition notice transmittal letter without enclosures from the office of Plaintiffs' Counsel to the Federal Clerk of the United States District Court for the Southern District of Texas as copied to Defendants

Exhibit B

1. Fax from Defendant Legion's Counsel to Plaintiffs' Counsel dated November 9, 2000 regarding discovery disputes

2. Letter from Plaintiffs' Counsel to Counsel for Legion Insurance Company dated November 10, 2000 with enclosure regarding discovery disputes and seeking to take the depositions of Defendant Legion's representatives

Exibit C

1. Letter from Plaintiffs' Counsel to Counsel for Defendants dated July 9, 2001 regarding mediation arrangements

# McDonald, Mackay & Weitz, L.L.P.

### ATTORNEYS AT LAW

| JEFF B. McDonald, J.D. | Taralynn R. Mackay, R.N., J.D. | Timothy E. Weitz, J.D. |
|---|---|---|
| (512)  453-4608 | (512)  281-5999 | (512)  322-9202 |
| Fax (512) 453-8979 | Fax (512) 281-9559 | Fax: (512) 323-5071 |

November 10, 2000

Fax and Hand Delivery

Greg Pierce
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589

Re:   Rio Grande Orthopaedic Institute, and Rio Grande Orthopaedic Institute
Ambulatory Surgery Center, Ltd., Plaintiffs vs. Legion Insurance Company,
Claims Administration Services, Inc., and John Little, d/b/a Insurance Associates
of the Valley, Defendants;

Civil Action No. B-00-37; Discovery Responses

Dear Mr Pierce·

Thank you for your letter of November 9.  In light of the stage of these proceedings, I
agree that it is time to start addressing and narrowing any disputed discovery issues  I
will revisit with co-counsel the discovery responses that you have identified as possibly
being improper or deficient  I will let you know whether our position has changed and
what steps, if any, will be taken to address your concerns.  I will be traveling next week,
but will initiate the review process and plan to get back with you the following week or
shortly after the Thanksgiving break  As for the illegible documents included as
Attachment 1 to Plaintiffs' Response to Defendant Legion Insurance Company's First Set
of Interrogatories, the current copy in my possession is readable, but apparently does not
copy well despite efforts to enlarge it  I have requested a better copy and will forward it
to you as soon after I receive it as possible

Since now is an appropriate time to eliminate as many discovery disputes as possible,
Legion's discovery responses have been reviewed and it appears that there are a number
of requests that your client needs to act upon  I have enclosed a list of such matters and
ask that you let me know which, if any, can be resolved short of court intervention

In the meantime, Plaintiffs would like to take the deposition of Legion's corporate
representative and request that you identify Legion's representative and dates in the
middle or latter part of December that deposition testimony can be taken  Please note
that the individual should have full knowledge of the relationship between Claims



**EXHIBIT**

**A**

1411 West Avenue, Suite 200
Austin, Texas 78701
(512) 322-9202

3150 Executive Drive
San Angelo, Texas 76904
(915) 223-8302

Administration Services and Legion Insurance Company including what arrangements were made for handling policies and claims in Texas. Similarly, the individual should be reasonably knowledgeable of the relationships and arrangements between Legion Insurance Company, Mr. John Little, and Insurance Associates of the Valley. Perhaps as important, the representative should be familiar with the claims payment history of Legion in regard to patients of Plaintiffs when the claims were initially being appropriately paid and when the claims were subsequently being ignored or dramatically reduced. In addition, the representative should be familiar with the allegations made to the Texas Department of Insurance by Legion against Plaintiffs, the purported basis for the allegations, and the outcome of those allegations.

Questions are anticipated to be asked about what Legion knew or should have known regarding the reimbursement it pays for provider services in the Valley area and in Texas. Likewise, questions are expected on Legion's responsibility and authority to oversee the activities of Claims Administration Services. Inquiries will also be made into who is responsible, and to what degree, for payment of Legion claims. Questions will be asked as to how much oversight Legion maintains over the payment process to include its awareness of claims volume, payments, and lag time between receipt and acknowledgment of a claim.

I hope that this information helps you to identify an appropriate representative for Legion Insurance Company. I have tried to be as specific as possible while at the same time not unnecessarily limiting the scope of my client's discovery. In general, I would request that the representative be familiar with the defendant parties, understand the claims paying process for the policies that are the subject of this litigation, and be knowledgeable of the concerns raised in Plaintiffs' pleadings.

If you anticipate any problem in identifying an appropriate representative, determining available dates for deposition, or need additional information, please let me know. Available dates are critical for coordinating with local counsel so any possible dates you can provide will be appreciated. I look forward to your responses regarding the outstanding discovery owed by your client and hope to get back with you soon regarding the discovery issues you have raised.

If you would like to discuss this case, do not hesitate to call.

Best Regards,

Tim Weitz

Enclosure

# McDonald, Mackay & Weitz, l.l.p.

ATTORNEYS AT LAW

Jeff B. McDonald, J.D.
(512) 453-4608
Fax (512) 453-8979

Taralynn R. Mackay, R.N., J.D.
(512) 281-5999
Fax (512) 281-9559

Timothy E. Weitz, J.D.
(512) 322-9302
Fax (512) 323-5071

November 13, 2000

Via Fax and U.S Mail

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas 78205-3585

Re:   Rio Grande Orthopaedic Institute, and Rio Grande Orthopaedic Institute
      Ambulatory Surgery Center, Ltd., Plaintiffs vs. Legion Insurance Company,
      Claims Administration Services, Inc., and John Little, d/b/a Insurance Associates
      of the Valley, Defendants,
      Civil Action No. B-00-37,

Dear Mr. Jefferson

At this stage of the proceedings, it is probably best to start addressing and eliminating
discovery matters. Consequently, I am writing to let you know that Plaintiffs would like
to take the deposition testimony of a corporate representative of Claims Administration
Services, Inc. Please identify a Claims Administrative Services representative and dates
in the middle or latter part of December that deposition testimony can be taken

Please note that the individual should have full knowledge of the relationship between
Claims Administration Services, Inc and Legion Insurance Company including what
arrangements were made for handling policies and claims in Texas. Similarly, the
individual should be reasonably knowledgeable of the relationship and arrangements
between Claims Administration Services, Inc., Legion Insurance Company, John Little,
and Insurance Associates of the Valley. Perhaps as important, the representative should
be familiar with the claims payment history of Legion and Claims Administration
Services in regard to patients of Plaintiffs when the claims were initially being
appropriately paid and when the claims were subsequently being ignored or dramatically
reduced

Questions are anticipated to be asked about what Claims Administration Services knew
or should have known regarding the reimbursement it pays for provider services in the
Valley area and in Texas. Likewise, questions are expected on Claims Administration
Services' responsibility and authority to make payment determinations and how much
discretion Claims Administration Services had in regard to payment of claims. Inquiries
will also be made into who is responsible, and to what degree, for payment of Legion
Insurance Company claims. Questions will be asked as to how much oversight Legion

1411 West Avenue, Suite 200
Austin, Texas 78701
(512) 322-9302

3150 Executive Drive
San Angelo, Texas 76904
(915) 223-8302

maintained over the payment process to include its awareness of claims volume, payments, and lag time between receipt and acknowledgment of a claim

I hope that this information helps you to identify an appropriate representative for Claims Administration Services, Inc. I have tried to be as specific as possible while at the same time not unnecessarily limiting the scope of my client's discovery. In general, I would request that the representative be familiar with the defendant parties, understand the claims paying process for the policies that are the subject of this litigation, and be knowledgeable of the concerns raised in Plaintiffs' pleadings.

If you anticipate any problem in identifying an appropriate representative or need additional information, please let me know.

Best Regards,

Tim Weitz

# *Law Office of*
# *Reynaldo Ortiz, P.C.*

REYNALDO ORTIZ†*

†BOARD CERTIFIED
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

GINA KARAM MILLIN

*ALSO LICENSED IN COLORADO

May 18, 2001

Michael N. Milby, Federal Clerk
United States District Court
Southern District of Texas
Brownsville Division
600 E. Harrison
Brownsville, Texas 78520

      Re:   *Rio Grande Orthopaedic Institute, et al. v.*
              *Legion Insurance Company, etc., et al.*
              Cause No. 00-37

Dear Mr. Milby:

      Enclosed are the following documents with regard to the above-referenced matter:

1. Plaintiffs' Notice of Oral Deposition (of Corporate Representative of Legion Insurance Company);

2. Plaintiffs' Notice of Oral Deposition (of Corporate Representative of Claims Administration Services); and

3. Plaintiffs' Notice of Oral Deposition (of Corporate Representative of Brown & Brown).

      Please place in the appropriate Court file and return a file-marked copy to me in the enclosed envelope. Thank you for your assistance in this regard.

              Sincerely,

              Stephanie Sells
              Paralegal

:sas
Enclosures
cc:    Timothy E. Weitz, Esq. (w/encl.)
       Charles M. Jefferson, Esq. (w/encl.)
       Elizabeth G. Neally, Esq. (w/encl.)
       Greg Pierce, Esq. (w/encl.)

*1109 West Nolana, Suite 204  McAllen, Texas 78504  (956) 687-4567  Fax:  (956) 631-1384*

Case 1:00-cv-00037   Document 61   Filed in TXSD on 10/02/2001   Page 15 of 28

Law Offices

# SCOTT, DOUGLASS & McCONNICO, L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

600 CONGRESS AVENUE, SUITE 1500
AUSTIN, TEXAS 78701-2589
TELEPHONE NO. (512) 495-6300
TELECOPIER (512) 474-0731

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| DATE: 11/09/00 | TRANSMISSION DEADLINE: |
| TO: Tim Weitz | |
| FAX NUMBER: 323-5071 | SENT DATE AND TIME: _____ .m. |
| FROM: Greg Pierce | NUMBER OF PAGES INCLUDING COVER SHEET: 4 |
| LD CODE: 15005298 | CLIENT/MATTER NUMBER: 5298.16 |
| DOCUMENT NAME: Letter/283157 | PARALEGAL: Lori Lumpkin |
| RETURN TO: Billie Fredrickson | FAX OPERATOR: _____ |

**IMPORTANT:** This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the United States Postal Service. Thank you.

NOTES/COMMENTS:



EXHIBIT
B

Case 1:00-cv-00037  Document 61  Filed in TXSD on 10/02/2001  Page 16 of 28

LAW OFFICES

# SCOTT, DOUGLASS
## & McCONNICO, L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP

ONE AMERICAN CENTER
600 CONGRESS AVENUE, 15TH FLOOR
AUSTIN, TEXAS 78701-2589
TELEPHONE (512) 495-6300
FAX (512) 474-0731
WWW.SCOTTDOUG.COM

THOMAS A. ALBRIGHT†
WILLIAM J. ALBRIGHT
DOUGLAS W. ALEXANDER▲
R. PAIGE ARNETTE
ANNA M. BAKER
DANIEL C. BITTING
JOHN W. CAMP†
CYNTHIA SAFFER CONNOLLY†
JAMES N. COWDEN†
DOUGLAS JACKSON DASHIELL∗
CASEY L. DOBSON

RAY H. DONLEY
FRANK DOUGLASS†∗
MARK W. COHAN
CHRISTOPHER FULLER
DEREK GALLAWAY
JEFFREY G. HENER
SAM JOHNSON
DAVID JUNKIN
JENNIFER KNAUTH
RAY LANGENBERG§
AMY E. LEE

RICHARD P. MARSHALL, JR.∗
CARROLL MARTIN∗
STEVE McCONNICO∗∗
ELIZABETH N. MILLER∗∗
CURTIS J. OSTERLOH
GREG PIERCE
PHYLLIS POLLARD§
WALLACE N. SCOTT JR
STEVE SELBY
JENNIFER P. SELLING
QUENTIN (DOUG) SIGEL

JOHN G. SOULE∗
JULIE A. SPRINGER
JANE M. N. WEBRE∗
K. PAUP WHITWORTH, JR.∗
SARA M. WILDER
STEVEN J. WINGARD

OF COUNSEL
MARTIN L. ALLDAY

†BOARD CERTIFIED CIVIL TRIAL LAW
∗BOARD CERTIFIED PERSONAL INJURY TRIAL LAW
▲BOARD CERTIFIED-LABOR & EMPLOYMENT LAW
∗∗BOARD CERTIFIED-OIL, GAS & MINERAL LAW
§BOARD CERTIFIED CIVIL APPELLATE LAW
◊BOARD CERTIFIED-ADMINISTRATIVE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

WRITER'S DIRECT
DIAL NUMBER:

November 9, 2000

<u>**VIA FACSIMILE**</u>: 323-5071

Mr. Tim Weitz
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas 78701

Re: Cause No. 00-37; *Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. v. Legion Insurance Company, Claims Administration Services, Inc. and John Little d/b/a Insurance Associates of the Valley*; In the United States District Court for the Southern District of Texas, Brownsville Division

Dear Tim:

I write regarding Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd.'s ("Plaintiffs") responses to Legion Insurance Company's ("Legion") written discovery. Many of Plaintiffs' responses to Legion's written discovery are improper. I offer the following in hopes of resolving the parties' differences regarding the responses:

First, in response to many of Legion's interrogatories (See responses to Interrogatory Nos. 5-8) and requests for production (see responses to Request for Production Nos. 6-10, 14, and 16-18), Plaintiffs take the position that they submitted the requested information and/or documentation to Legion prior to filing suit, and need not produce it again. Such a response is improper. Legion is entitled to discover relevant documents and information as part of the process of this lawsuit regardless of what documents or information was previously sent to Legion by the Plaintiffs outside the litigation. Accordingly, I request that Plaintiffs' provide the requested documents and

Case 1:00-cv-00037  Document 61  Filed in TXSD on 10/02/2001  Page 17 of 28

Mr. Tim Weitz
November 9, 2000
Page 2

information notwithstanding their allegation that much of the information and documentation has been previously provided to Legion and/or the other defendants.

Second, with respect to Plaintiffs' repeated objections based upon Tex. Occupations Code § 159.001 et seq., such objections are unfounded. Tex. Occupations Code § 159.003(a)(3) provides an exception for any "proceeding to substantiate and collect on a claim for medical services provided to the patient...." Thus, the confidentiality provided by Tex. Occupations Code § 159.001 et seq. does not preclude production of documents relating to medical services for which the Plaintiffs seek to recover in this lawsuit.

Furthermore, medical records and communications relating to patients treated by Plaintiffs, but for which Plaintiff does not seek recovery here, may be produced after having been redacted to show only the charges and specific services provided. See Tex. Occupations Code § 159.004(4). Accordingly, the Texas Occupations Code does not provide a basis upon which Plaintiffs can refuse to produce documents requested by Legion.

Third, contrary to Plaintiffs' objections, documents and information relating to services provided by Plaintiffs to patients for whom Plaintiffs do not seek recovery in this lawsuit are relevant. As Plaintiffs have alleged, the policies at issue in this case provide for payment of "usual and customary charges" for medical services. The policies define "usual and customary charges" as:

"(1)  the usual fee(s) charged by the provider for the service or supply given;

(2)  the average fee charged for the service or supply in the locality in which the service or supply is received; and

(3)  reasonable in relationship to the service or supply given and the severity of the condition."

Furthermore, Legion's policies specifically exclude payment for charges that the patient would not have to pay if he did not have insurance. Thus, the amounts charged by the Plaintiffs to patients other than those covered under Legion's policies are highly relevant to whether the Plaintiffs may recover in this case. Accordingly, information and documentation relating to such patients should be produced.

283157

Mr. Tim Weitz
November 9, 2000
Page 3


Finally, the copy of attachment 1 to Plaintiffs' Response to Defendant Legion Insurance Company's First Set of Interrogatories which my office received is unreadable due to the size of the typeface. I request that Plaintiffs provide a readable copy of the document.

Please consider the above comments and let me know as soon as possible whether the Plaintiffs are willing to voluntarily produce all of the documentation requested and fully answer Legion's interrogatories.

Sincerely,

Greg Pierce

# McDonald, Mackay & Weitz, L.L.P.

### ATTORNEYS AT LAW

| | | |
|---|---|---|
| Jeff B. McDonald, J.D. | Taralynn R. Mackay, R.N., J.D. | Timothy E. Weitz, J.D. |
| (512)  453-4608 | (512)  281-5999 | (512)  322-9202 |
| Fax· (512) 453-8979 | Fax. (512) 281-9559 | Fax  (512) 323-5071 |

November 10, 2000

Fax and Hand Delivery

Greg Pierce
Scott, Douglass & McConnico, L.L.P
600 Congress Avenue, 15th Floor
Austin, Texas  78701-2589

Re·   Rio Grande Orthopaedic Institute, and Rio Grande Orthopaedic Institute
      Ambulatory Surgery Center, Ltd., Plaintiffs vs. Legion Insurance Company,
      Claims Administration Services, Inc., and John Little, d/b/a Insurance Associates
      of the Valley, Defendants;

      Civil Action No. B-00-37; Discovery Responses

Dear Mr. Pierce

Thank you for your letter of November 9.  In light of the stage of these proceedings, I
agree that it is time to start addressing and narrowing any disputed discovery issues  I
will revisit with co-counsel the discovery responses that you have identified as possibly
being improper or deficient  I will let you know whether our position has changed and
what steps, if any, will be taken to address your concerns  I will be traveling next week,
but will initiate the review process and plan to get back with you the following week or
shortly after the Thanksgiving break.  As for the illegible documents included as
Attachment 1 to Plaintiffs' Response to Defendant Legion Insurance Company's First Set
of Interrogatories, the current copy in my possession is readable, but apparently does not
copy well despite efforts to enlarge it  I have requested a better copy and will forward it
to you as soon after I receive it as possible.

Since now is an appropriate time to eliminate as many discovery disputes as possible,
Legion's discovery responses have been reviewed and it appears that there are a number
of requests that your client needs to act upon  I have enclosed a list of such matters and
ask that you let me know which, if any, can be resolved short of court intervention

In the meantime, Plaintiffs would like to take the deposition of Legion's corporate
representative and request that you identify Legion's representative and dates in the
middle or latter part of December that deposition testimony can be taken  Please note
that the individual should have full knowledge of the relationship between Claims

1411 West Avenue, Suite 200
Austin, Texas 78701
(512) 322-9202

3150 Executive Drive,
San Angelo, Texas 76904
(915) 223-8302

Administration Services and Legion Insurance Company including what arrangements were made for handling policies and claims in Texas. Similarly, the individual should be reasonably knowledgeable of the relationships and arrangements between Legion Insurance Company, Mr. John Little, and Insurance Associates of the Valley. Perhaps as important, the representative should be familiar with the claims payment history of Legion in regard to patients of Plaintiffs when the claims were initially being appropriately paid and when the claims were subsequently being ignored or dramatically reduced. In addition, the representative should be familiar with the allegations made to the Texas Department of Insurance by Legion against Plaintiffs, the purported basis for the allegations, and the outcome of those allegations.

Questions are anticipated to be asked about what Legion knew or should have known regarding the reimbursement it pays for provider services in the Valley area and in Texas. Likewise, questions are expected on Legion's responsibility and authority to oversee the activities of Claims Administration Services. Inquiries will also be made into who is responsible, and to what degree, for payment of Legion claims. Questions will be asked as to how much oversight Legion maintains over the payment process to include its awareness of claims volume, payments, and lag time between receipt and acknowledgment of a claim.

I hope that this information helps you to identify an appropriate representative for Legion Insurance Company. I have tried to be as specific as possible while at the same time not unnecessarily limiting the scope of my client's discovery. In general, I would request that the representative be familiar with the defendant parties, understand the claims paying process for the policies that are the subject of this litigation, and be knowledgeable of the concerns raised in Plaintiffs' pleadings

If you anticipate any problem in identifying an appropriate representative, determining available dates for deposition, or need additional information, please let me know Available dates are critical for coordinating with local counsel so any possible dates you can provide will be appreciated I look forward to your responses regarding the outstanding discovery owed by your client and hope to get back with you soon regarding the discovery issues you have raised

If you would like to discuss this case, do not hesitate to call

Best Regards,

Tim Weitz

Enclosure

<u>Outstanding Discovery of Legion Insurance Company</u>

<u>Production</u>

1.      Plaintiffs requested the St. Anthony's Guide used to adjust the claims that are the subject of this suit.  The only objection was that the request is unduly vague, but Legion agreed to provide non-privileged documents responsive to this request   No privilege objection has been made and no privilege log has been provided.  Consequently, Legion needs to produce the guide by mailing it to the office of Plaintiffs' counsel or indicating when a copy can be retrieved from the office of Legion's counsel.

2.      Plaintiffs requested specified certificates of insurance.  The objections by Legion are vague, over broad, unduly burdensome and not reasonably calculated to lead to discovery of relevant evidence. There are only ten, maybe fifteen, total certificates.  While Legion has demanded five years of non-Legion claims files, it maintains that his request is burdensome.  The requested certificates will clearly have relevant evidence.  Such certificates contain insurance terms, premium, coverage, agent and other information about the coverage.

3       Plaintiffs requested insurance polices.  The objections are vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence, but subject to all of these objections, Legion agreed to produce the documents that are non-privileged.  No privilege objection has been made and no privilege log has been provided.  Consequently, Legion needs to produce the policies by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel

4       Plaintiffs requested all documents relating to alleged fraud committed by Plaintiffs against Defendants  The objections are vague, attorney client privilege, work product doctrine, and the party investigation/communication privilege  However, Legion agreed to produce the documents if not privileged.  No documents have been identified as falling under a specific privilege and no privilege log has been provided   Legion needs to produce the documents relating to alleged fraud

5       Plaintiffs asked for the Curriculum Vitae of Legion's investigator, James Kuykendall  The objections are vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence.  However, subject to these objections, Legion agreed to produce the document if it is not privileged.  No privilege objections have been made and no privilege log provided.  Consequently, Legion needs to produce the Curriculum Vitae by mailing it to the office of Plaintiffs' counsel or indicating when a copy can be retrieved from the office of Legion's counsel

6       Plaintiffs requested all documents sent by Legion to Sergeant Glenn Maddox of the Texas Department of Insurance   The objections are vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence, but subject to all of these objections, Legion agreed to produce the documents if not privileged  No privilege objections have been made and no privilege log provided  Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the

1

office of Legion's counsel.

7.      Plaintiffs requested loss ratio information for the three insurance policies that form the basis of the suit  The objections are vague, not reasonably calculated to lead to relevant evidence, and confidential business information. This request goes to the heart of our misrepresentation and deceptiveness claims that Legion's payment practices changed when its loss ratios began to exceed either the premium or an acceptable level.  This information is clearly relevant and admissible and goes to intent. Legion needs to produce the loss ratio information by mailing it to the office of Plaintiffs' counsel or indicating when the responsive documents can be retrieved from the office of Legion's counsel.

8.      Plaintiffs requested all agreements between Legion Insurance Company and Claims Administration Services, Inc.  The sole objection is overbroad.  Subject to this single objection, Legion agreed to produce responsive documents if not privileged.  No privilege objections have been made and no privilege log provided.  Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

9.      Plaintiffs requested all agreements between Claims Administration Services, Inc., and John Little. The sole objection is overbroad.  Subject to this single objection, Legion agreed to produce responsive documents if not privileged.  No privilege objections have been made and no privilege log provided.  Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

10.      Plaintiffs requested all agreements between John Little and Legion Insurance Company  The sole objection is overbroad.  Subject to this single objection, Legion agreed to produce responsive documents if not privileged  No privilege objections have been made and no privilege log provided  Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

11 through 13   Plaintiffs requested all correspondence between the three defendants pertaining to the subject matter of the suit. The objections are vague, and covered by the joint defense privilege  Subject to these assertions, Legion still agreed to produce the documents if not privileged   Legion has not identified any documents that are subject to privilege and no privilege log has been provided  Consequently, Legion needs to produce the correspondence that is not privilege and provide a log of what is privileged  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel  Privileged documents need to be identified so that a determination can be made as to the need to seek a ruling from the court

16      Plaintiffs requested all complaints, other than those filed by Plaintiffs, against Legion during the preceding five years  The objections are vague, overbroad, and not reasonably calculated to lead to the discovery of relevant evidence   It is anticipated that such complaints will show a common

2

pattern and scheme and are therefore discoverable. Legion needs to produce responsive documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

17. Plaintiffs requested all complaints, other than those filed by Plaintiffs, against Claims Administration Services, Inc. during the preceding five years. The objections are vague, overbroad, and not reasonably calculated to lead to the discovery of relevant evidence. It is anticipated that such complaints will show a common pattern and scheme and are therefore discoverable. Legion needs to produce responsive documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

18. Plaintiffs requested correspondence between Legion and any of the insured school districts and/or high schools whose student claims form the basis of this suit. The objections are vague, overbroad, and not reasonably calculated to lead to the discovery of relevant evidence. Subject to these objections, Legion agreed to produce non-privileged correspondence. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Consequently, Legion needs to produce the correspondence that is not privilege and provide a log of what is privileged. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel. Privileged documents need to be identified so that a determination can be made as to the need to seek a ruling from the court.

19. Plaintiffs requested copies of all fraud investigations performed any of the defendants relating to the Plaintiffs. The objections are vague, attorney client/work product doctrine, and/or the party investigation/communication privilege. Subject to these assertions, Legion agreed to produce responsive documents if not privileged. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel. Privileged documents need to be identified so that a determination can be made as to the need to seek a ruling from the court.

20. Plaintiffs requested copies of information gathered by Claims Administration Services, Inc., pursuant to "requests for additional information" set forth in their EOBs (Explanation of Benefits) issued to Plaintiffs. The objections are vague and overbroad, but subject to these objections, Legion agreed to produce non-privileged documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

21. Plaintiffs requested all evidence of any PPO network in place covering the Legion Insurance Company policies which form the basis of this suit, including but not limited to, Beech Street. The sole objection is vague but subject to this objection, Legion agreed to produce non-privileged documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

CZAPDF - www.texiss.com

22.    Plaintiffs requested any and all statements of the Plaintiffs.   The sole objection is vague, but subject to this objection, Legion agreed produce such statements if not privileged.  Legion has not identified any documents that are subject to privilege and no privilege log has been provided.  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

23    Plaintiffs requested any and all witness statements of persons with knowledge as defined by FRCP 26(b)(1).  The objections are attorney-client privilege, work product doctrine, and/or the party investigation/communication privilege.  Although objecting, Legion agreed to provide non-privileged documents responsive to the request.  The objections simply do no not apply by virtue of the rules and Legion needs to produce any such statements by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel

26.    Plaintiffs requested all indemnity agreements between the defendants in the case.   The objection is overbroad, but subject to this objection, Legion agreed to all non-privileged responsive documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided.  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

27.    Plaintiffs requested copies of all internal memoranda of Legion pertaining to the policies and/or claims made the subject of this suit, including but not limited to memoranda or other correspondence between Debra James Vance and the Legion claims department  The objections are vague, work product doctrine, and attorney client/investigation/communication privileges.  Subject to these objections, Legion agreed to produce non-privileged responsive documents.  Legion has not identified any documents that are subject to privilege and no privilege log has been provided.  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel

28    Plaintiffs requested copies of all internal memoranda of Claims Administration Services, Inc., pertaining to the policies and/or claims made the subject matter of this suit, including but not limited to, memoranda or other correspondence between Peter Holt and the claims department of Claims Administration Services, Inc  The objections are vague, work product doctrine, and attorney client/investigation/communication privileges  Subject to these objections, Legion agreed to produce non-privileged responsive documents.  Legion has not identified any documents that are subject to privilege and no privilege log has been provided  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel

29  through 50    Plaintiffs requested copies of specific claims files and all information that shows how those specific claims were adjusted and paid  The objections are vague, overbroad, protected under the work product doctrine, protected by the attorney-client and the party investigation/communication privilege and not reasonably calculated to lead to the discovery of relevant evidence.  Subject to these objections, Legion agreed to produce non-privileged responsive

documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

51.     Plaintiffs requested all documents that indicate claims incurred and claims paid for the policies made the subject of the suit. The objections are vague, not reasonably calculated to lead to the discovery of relevant evidence, and protected by the attorney-client privilege, work product doctrine, and party investigation/communication privilege. The request was also objected to as overbroad. There is nothing vague, or overbroad about the request. The information goes to the heart of Plaintiffs' deception and misrepresentation claims and will show why Legion and Claims Administration Services stopped properly paying claims. As claims experience got worse Legion and Claims Administration Services began to find ways to limit Legion's exposure. Attorney client privilege, the work product doctrine, and the party investigative/communication privilege do not apply. This data is generated and kept in an on-going manner as part of the regular course of business and Legion is not entitled to withhold it. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

52. through 54.     Plaintiffs requested all correspondence between A&G Health Plans and any defendant. The objections are vague and overbroad, but Legion agreed to produce all non-privileged responsive documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

55. through 56.     Plaintiffs requested all contracts or agreements between Legion and/or Claims Administration Services, and A&G Health Plans. The objections were overbroad and not reasonably calculated to lead to the discovery of relevant evidence. Even so, Legion agreed to produce all non-privileged responsive documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

57 through 61.     Plaintiffs requested all correspondence between any of the defendants, between any of the school districts and Legion, between Legion and the Plaintiffs, and Legion and the Texas Department of Insurance regarding the Jennifer Castillo claim. The objections were the joint defense privilege, not reasonably calculated to lead to the discovery of relevant evidence, and overbroad. Subject to these objections, Legion agreed to produce all non-privileged responsive documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

5

Interrogatories

4        Plaintiffs requested the total amount of claims paid during the year July 30, 1998 through July 30, 1999 for the Legion insurance policies that are the subject of this suit. Legion objected as vague, that the request seeks information not calculated to lead to the discovery of relevant, admissible evidence and that it is confidential business information. The request is hardly vague, the information may be confidential, but it is not privileged and it will clearly yield admissible evidence. This request goes to the heart of Plaintiffs' deception and misrepresentation claims and provides evidence of clear intent to deceive and to misrepresent.

5        Plaintiffs requested the total premium collected on the Legion policies that are the subject of the suit for July 30, 1998 to July 30, 1999. Legion objected as vague, that the request seeks information not reasonably calculated to lead to the discovery of relevant, admissible evidence, and that it is confidential business information. The request is hardly vague, the information may be confidential, but it is not privileged and it will clearly yield relevant and admissible evidence. This request goes to the heart of Plaintiffs' deception and misrepresentation claims and provides evidence of intent to deceive and to misrepresent. By taking total premium and total claims paid, a determination can be made of the loss ratio as of a particular date and show that Legion's and Claims Administration Service's misconduct with regard to claims payment began as the losses reached unacceptable levels for them.

# McDonald, Mackay & Weitz, L.L.P.

## ATTORNEYS AT LAW

| Jeff B. McDonald, J.D. | Taralynn R. Mackay, R.N., J.D. | Timothy E. Weitz, J.D. |
|---|---|---|
| (512)  453-4608 | (512)  281-5999 | (512)  322-9202 |
| Fax· (512) 453-8979 | Fax  (512)  281-9559 | Fax. (512) 323-5071 |

July 9, 2001

Via Fax and U.S Mail

Greg Pierce
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas  78701-2589

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas  78205-5385

Re·     Mediation - Civil Action No. B-00-037; Rio Grande Orthopaedic Institute, and Rio
        Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., Plaintiffs vs. Legion
        Insurance Company, and Claims Administration Services, Inc.

Dear Counsel.

Based on my communications with Mr. Pierce and with Plaintiffs' local counsel, Reynaldo Ortiz,
it is my understanding that the parties are in agreement that mediation should take place and that
generally speaking it is in everyone's best interest to hold the mediation sooner as opposed to
later  It is also my understanding that counsel for Legion Insurance Company would prefer to
hold the mediation in Austin.  While an Austin mediation would be more convenient for Mr
Pierce and I, it would be unnecessarily inconvenient for Mr. Ortiz and Plaintiffs' representative
William D Snyder, M.D.  I assume that Legion's representative will be coming from outside of
Austin as well, and that travel to the Rio Grande Valley would be no more inconvenient than
elsewhere in Texas

Plaintiffs would prefer to mediate in McAllen, Texas.  There are direct flights from Austin to
McAllen on a daily basis and traffic concerns are minimal.  I am familiar with a McAllen
mediator named Alfred Denham who is extremely well qualified and provides an environment
that is dignified and comfortable.  His office has an experienced support staff and he is able to
provide flexible hours for evening and weekend mediations.  Plaintiffs would be willing to use
Mr. Denham and are certainly willing to consider and select from others that the parties may
suggest.

As for a date for the mediation, Plaintiffs would prefer a July date, but understand that scheduling
will be dependent upon availability of the chosen mediator and the necessary client
representatives  Please let me know what arrangements and dates you prefer or that you believe
will be mutually acceptable to all parties

Best Regards,

Tim Weitz

**EXHIBIT**

C

1411 West Avenue, Suite 200          3150 Executive Drive
Austin, Texas 78701                  San Angelo, Texas 76904
(512) 322-9202                       (915) 223-8302

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC | § | |
| INSTITUTE, AND RIO GRANDE | § | |
| ORTHOPAEDIC INSTITUTE | § | |
| AMBULATORY SURGERY CENTER, | § | |
| LTD , PLAINTIFFS | § | |
| | § | |
| VS | § | CIVIL ACTION NO. B-00-037 |
| | § | |
| LEGION INSURANCE COMPANY, | § | |
| ET AL., DEFENDANTS | § | |

## ORDER

Came on to be considered before the Court, Legion Insurance Company's

pleading entitled Defendant's Motion to Amend Scheduling Order, or, Alternatively, for

Leave to File Motion for Summary Judgment.  Upon review of the motion and a hearing,

the Court finds that the motion is without merit and should in all respects be denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Amend Scheduling

Order, or, Alternatively, for Leave to File Motion for Summary Judgment is hereby

**DENIED** in all respects

DONE in Brownsville, Texas on this the _____ day of _____, 2001

_____
Filemon B. Vela
United States District Court Judge