*63*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., PLAINTIFFS | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-037 |
| LEGION INSURANCE COMPANY, ET AL., DEFENDANTS | § § | |

## PLAINTIFFS' FIRST MOTION TO COMPEL DISCOVERY RESPONSES BY DEFENDANT LEGION INSURANCE COMPANY

COMES NOW, Plaintiffs Rio Grande Orthopaedic Institute (RGOI) and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (RGOI-ASC) filing this Plaintiffs' First Motion to Compel Discovery Responses by Defendant Legion Insurance Company and would respectfully show the court as follows:

### I.
### Background

1.1     On July 6, 2000, Plaintiffs served Plaintiffs' First Request for Production of Documents to Defendant Legion Insurance Company and Plaintiffs' First Set of Interrogatories to Defendant Legion Insurance Company which are attached and incorporated herein by reference as Exhibits A and B.

1.2     On Augusts 22, 2000, after requesting and receiving additional time to respond, Defendant Legion Insurance Company filed Defendant Legion Insurance Company's Answers and Objections to Plaintiffs' First Set of Interrogatories and Defendant Legion Insurance Company's Responses to Plaintiffs' First Request for Production which are attached and incorporated herein by reference as Exhibits C and D.

1

1.3    Thereafter, in September 2000, Defendant Legion Insurance Company (hereinafter "Legion") served its First Requests for Production and First Set of Interrogatories on Plaintiffs. Plaintiffs timely responded to Defendant Legion's discovery requests.

1.4    In November 2000, Plaintiffs' counsel and counsel for Defendant Legion corresponded regarding the discovery objections filed by each party and the disputes surrounding their respective discovery requests and the related answers and objections.  Plaintiffs addressed a concern raised by Defendant Legion regarding legibility of documents and reduced Plaintiffs' concerns about deficient responses to writing.  The concerns of Plaintiffs were listed in detail and provided to Defendant Legion by letter dated November 10, 2000 which is attached and incorporated herein by reference as Exhibit E.  Subsequent conversations between counsel failed to resolve these disputed issues.

## II.
### Outstanding Production of Defendant Legion Insurance Company

Production

2.1    In Request for Production No. 1, Plaintiffs requested the St. Anthony's Guide used to adjust the claims that are the subject of this suit.  The only objection was that the request is unduly vague, but Legion agreed to provide non-privileged documents responsive to this request. No privilege objection has been made and no privilege log has been provided.  Consequently, Legion needs to produce the guide by mailing it to the office of Plaintiffs' counsel or indicating when a copy can be retrieved from the office of Legion's counsel.

2.2    In Request for Production No. 2, Plaintiffs requested specified certificates of insurance issued to the school district/high school insureds under the policies which form the subject matter of this suit.  The objections by Legion are vague, overbroad, unduly burdensome and not reasonably calculated to lead to discovery of relevant evidence. There are only ten, maybe fifteen, total certificates.  While Legion has demanded five years of non-Legion claims files, it maintains that this request is burdensome.  The requested certificates will clearly have relevant

CutePDF - www.fovto.com

evidence.    Such certificates contain insurance terms, premium, coverage, agent and other information about the coverage.

2.3    In Request for Production No. 3, Plaintiffs requested insurance polices issued to the school districts/high schools that form the basis of this suit.    The objections are vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence, but subject to all of these objections, Legion agreed to produce the documents that are non-privileged.    No privilege objection has been made and no privilege log has been provided. Consequently, Legion needs to produce the policies by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.4    In Request for Production No. 4, Plaintiffs requested all documents relating to alleged fraud committed by Plaintiffs against Defendants.    The objections are vague, attorney client privilege, work product doctrine, and the party investigation/communication privilege. However, Legion agreed to produce the documents if not privileged.    No documents have been identified as falling under a specific privilege and no privilege log has been provided.    Legion needs to produce the documents relating to alleged fraud.

2.5    In Request for Production No. 5, Plaintiffs asked for the Curriculum Vitae, resume and/or other information pertaining to Legion's investigator, James Kuykendall.    The objections are vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence.    However, subject to these objections, Legion agreed to produce the document if it is not privileged.    No privilege objections have been made and no privilege log provided. Consequently, Legion needs to produce the Curriculum Vitae by mailing it to the office of Plaintiffs' counsel or indicating when a copy can be retrieved from the office of Legion's counsel.

2.6    In Request for Production No. 6, Plaintiffs requested all documents sent by Legion to Sergeant Glenn Maddox of the Texas Department of Insurance or any other member of the Texas Department of Insurance pertaining to TDI file #2000-2278.    The objections are vague, over broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant

evidence, but subject to all of these objections, Legion agreed to produce the documents if not privileged. No privilege objections have been made and no privilege log provided. Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.7     In Request for Production No. 7, Plaintiffs requested loss ratio information for the three insurance policies that form the subject matter of this suit. The objections are vague, not reasonably calculated to lead to relevant evidence, and confidential business information. This request goes to the heart of Plaintiffs' misrepresentation and deceptiveness claims that Legion's payment practices changed when its loss ratios began to exceed either the premium or an acceptable level. This information is clearly relevant and admissible and goes to intent. Legion needs to produce the loss ratio information by mailing it to the office of Plaintiffs' counsel or indicating when the responsive documents can be retrieved from the office of Legion's counsel.

2.8     In Request for Production No. 8, Plaintiffs requested all agreements between Legion Insurance Company and Claims Administration Services, Inc. The sole objection is overbroad. Subject to this single objection, Legion agreed to produce responsive documents if not privileged. No privilege objections have been made and no privilege log provided. Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.9     In Request for Production No. 9, Plaintiffs requested all agreements between Claims Administration Services, Inc., and John Little. The sole objection is overbroad. Subject to this single objection, Legion agreed to produce responsive documents if not privileged. No privilege objections have been made and no privilege log provided. Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

4

2.10    In Request for Production No. 10, Plaintiffs requested all agreements between John Little and Legion Insurance Company.   The sole objection is overbroad.   Subject to this single objection, Legion agreed to produce responsive documents if not privileged.   No privilege objections have been made and no privilege log provided.   Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.11    In Requests for Production No. 11 through 13, Plaintiffs requested all correspondence between the three defendants pertaining to the subject matter of the suit. The objections are vague, and covered by the joint defense privilege. Subject to these assertions, Legion still agreed to produce the documents if not privileged.   Legion has not identified any documents that are subject to privilege and no privilege log has been provided.   Consequently, Legion needs to produce the correspondence that is not privilege and provide a log of what is privileged.   Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.   Privileged documents need to be identified so that a determination can be made as to the need to seek a ruling from the court.

2.12    In Request for Production No. 16, Plaintiffs requested all complaints, other than those filed by Plaintiffs, against Legion during the preceding five years. The objections are vague, overbroad, and not reasonably calculated to lead to the discovery of relevant evidence.   It is anticipated that such complaints will show a common pattern and scheme and are therefore discoverable.   Legion needs to produce responsive documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.13    In Request for Production No. 17, Plaintiffs requested all complaints, other than those filed by Plaintiffs, against Claims Administration Services, Inc. during the preceding five years. The objections are vague, overbroad, and not reasonably calculated to lead to the discovery of relevant evidence.   It is anticipated that such complaints will show a common pattern and scheme and are therefore discoverable.   Legion needs to produce responsive documents by mailing them

5

CVtsPDF – www.fastio.com

ClickPDF - www.fineto.com

to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.14    In Request for Production No. 18, Plaintiffs requested correspondence between Legion and any of the insured school districts and/or high schools whose student claims form the basis of this suit.   The objections are vague, overbroad, and not reasonably calculated to lead to the discovery of relevant evidence.   Subject to these objections, Legion agreed to produce non-privileged correspondence.  Legion has not identified any documents that are subject to privilege and no privilege log has been provided.   Consequently, Legion needs to produce the correspondence that is not privileged and provide a log of what is privileged.  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.  Privileged documents need to be identified so that a determination can be made as to the need to seek a ruling from the court.

2.15    In Request for Production No. 19, Plaintiffs requested copies of all fraud investigations performed by any of the defendants relating to the Plaintiffs.   The objections are vague, attorney client/work product doctrine, and/or the party investigation/communication privilege.   Subject to these assertions, Legion agreed to produce responsive documents if not privileged.  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.  Privileged documents need to be identified so that a determination can be made as to the need to seek a ruling from the court.

2.16    In Request for Production No. 20, Plaintiffs requested copies of information gathered by Claims Administration Services, Inc., pursuant to "requests for additional information" set forth in their EOBs (Explanation of Benefits) issued to Plaintiffs.   The objections are vague and overbroad, but subject to these objections, Legion agreed to produce non-privileged documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided.   Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.17    In Request for Production No. 21, Plaintiffs requested all evidence of any PPO network in place covering the Legion Insurance Company policies which form the basis of this suit, including but not limited to, Beech Street.   The sole objection is vague but subject to this objection, Legion agreed to produce non-privileged documents.   Legion has not identified any documents that are subject to privilege and no privilege log has been provided.   Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.18    In Request for Production No. 22, Plaintiffs requested any and all statements of the Plaintiffs.   The sole objection is vague, but subject to this objection, Legion agreed produce such statements if not privileged.   Legion has not identified any documents that are subject to privilege and no privilege log has been provided.   Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.19    In Request for Production No. 23, Plaintiffs requested any and all witness statements of persons with knowledge as defined by FRCP 26(b)(1).   The objections are attorney-client privilege, work product doctrine, and/or the party investigation/communication privilege. Although objecting, Legion agreed to provide non-privileged documents responsive to the request.   The objections simply do no not apply by virtue of the rules and Legion needs to produce any such statements by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.20    In Request for Production No. 26, Plaintiffs requested all indemnity agreements between the defendants in the case.   The objection is overbroad, but subject to this objection, Legion agreed to all non-privileged responsive documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided.   Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.21    In Request for Production No. 27, Plaintiffs requested copies of all internal memoranda of Legion pertaining to the policies and/or claims made the subject of this suit, including but not limited to memoranda or other correspondence between Debra James Vance and the Legion claims department. The objections are vague, work product doctrine, and attorney client/investigation/communication privileges. Subject to these objections, Legion agreed to produce non-privileged responsive documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.22    In Request for Production No. 28, Plaintiffs requested copies of all internal memoranda of Claims Administration Services, Inc., pertaining to the policies and/or claims made the subject matter of this suit, including but not limited to, memoranda or other correspondence between Peter Holt and the claims department of Claims Administration Services, Inc. The objections are vague, work product doctrine, and attorney client/investigation/communication privileges. Subject to these objections, Legion agreed to produce non-privileged responsive documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.23    In Requests for Production No. 29. through 50, Plaintiffs requested copies of specific claims files (identified by name, number, dates of service, dates of payment) and all information that shows how those specific claims were adjusted and paid. The objections are vague, overbroad, protected under the work product doctrine, protected by the attorney-client and the party investigation/communication privilege and not reasonably calculated to lead to the discovery of relevant evidence. Subject to these objections, Legion agreed to produce non-privileged responsive documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

8

2.24.   In Request for Production No. 51, Plaintiffs requested all documents that indicate claims incurred and claims paid for the policies made the subject of the suit. The objections are vague, not reasonably calculated to lead to the discovery of relevant evidence, and protected by the attorney-client privilege, work product doctrine, and party investigation/communication privilege. The request was also objected to as overbroad. There is nothing vague, or overbroad about the request. The information goes to the heart of Plaintiffs' deception and misrepresentation claims and will show why Legion and Claims Administration Services stopped properly paying claims. As claims experience got worse Legion and Claims Administration Services began to find ways to limit Legion's exposure. Attorney client privilege, the work product doctrine, and the party investigative/communication privilege do not apply. This data is generated and kept, or should be, in an on-going manner as part of the regular course of business and Legion is not entitled to withhold it. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.25   In Requests for Production No. 52 through 54, Plaintiffs requested all correspondence between A&G Health Plans and any defendant. The objections are vague and overbroad, but Legion agreed to produce all non-privileged responsive documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

2.26   In Requests for Production No. 55 through 56, Plaintiffs requested all contracts or agreements between Legion and/or Claims Administration Services, and A&G Health Plans. The objections were overbroad and not reasonably calculated to lead to the discovery of relevant evidence. Even so, Legion agreed to produce all non-privileged responsive documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

9

2.27   In Requests for Production No. 57 through 61, Plaintiffs requested all correspondence between any of the defendants, between any of the school districts and Legion, between Legion and the Plaintiffs, and Legion and the Texas Department of Insurance regarding the Jennifer Castillo claim.  The objections were the joint defense privilege, not reasonably calculated to lead to the discovery of relevant evidence, and overbroad.  Subject to these objections, Legion agreed to produce all non-privileged responsive documents.  Legion has not identified any documents that are subject to privilege and no privilege log has been provided.  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

### III.
### Outstanding Interrogatory Responses of Defendant Legion Insurance Company

Interrogatories

3.1   In Interrogatory No. 4, Plaintiffs requested the total amount of claims paid during the year July 30, 1998 through July 30, 1999 for the Legion insurance policies that are the subject of this suit.  Legion objected as vague, that the request seeks information not calculated to lead to the discovery of relevant, admissible evidence and that it is confidential business information.  The request is hardly vague, the information may be confidential, but it is not privileged and it will clearly yield admissible evidence.  This request goes to the heart of Plaintiffs' deception and misrepresentation claims and provides evidence of clear intent to deceive and to misrepresent.  By taking total premium and total claims paid, a determination can be made of the loss ratio as of a particular date and show that Legion's and Claims Administration Service's misconduct with regard to claims payment began as the losses reached unacceptable levels for them.

3.2   In Interrogatory No. 5, Plaintiffs requested the total premium collected on the Legion policies that are the subject of the suit for July 30, 1998 to July 30, 1999.  Legion objected as vague, that the request seeks information not reasonably calculated to lead to the discovery of relevant, admissible evidence, and that it is confidential business information.  The request is hardly vague, the information may be confidential, but it is not privileged and it will clearly yield relevant and admissible evidence.  This request goes to the heart of Plaintiffs' deception and

10

misrepresentation claims and provides evidence of intent to deceive and to misrepresent.  By taking total premium and total claims paid, a determination can be made of the loss ratio as of a particular date and show that Legion's and Claims Administration Service's misconduct with regard to claims payment began as the losses reached unacceptable levels for them.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court overrule the objections of Defendant Legion Insurance Company to Plaintiffs' Requests for Production and Interrogatories, and find that Defendant Legion Insurance Company should provide the documents requested by Plaintiffs requests for production and should fully respond to the interrogatories made the subject of this first motion to compel.  It is requested that Defendant Legion Insurance Company be ordered to provide the documents sought and to fully answer the interrogatories at issue.

Respectfully Submitted,

Timothy E. Weitz, Attorney-in-Charge
SBN 21117500
Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas  78701
(512) 322-9202  Main Number
(512) 445-4995  Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
5520 North "C" Street
McAllen, Texas 78504
(956) 686-2663  Main Number
(956) 686-5289  Fax Number

Reynaldo Ortiz, Of Counsel
SBN 15324275
Federal ID. No. 3767
Law Office of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204

11

McAllen, Texas  78504
(956) 687-4567  Main Number
(956) 631-1384  Fax Number

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF CONFERENCE

I hereby certify that I, the undersigned, have conferred with counsel for Defendant
Legion Insurance Company in an effort to resolve this matter and further certify that this motion
is opposed and, at the time of this filing, the disputes set forth herein have not been resolved.

_____
Timothy E. Weitz

12

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of October, 2001, a true and correct copy of the foregoing Plaintiffs' First Motion to Compel Discovery Responses by Defendant Legion Insurance Company has been served on the following individuals and in the following manner:

Greg Pierce/Julie Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
(Certified Mail - Return Receipt Requested)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas 78205-5385
(Certified Mail - Return Receipt Requested)

Timothy E. Weitz

13

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC | § | |
| INSTITUTE, AND RIO GRANDE | § | |
| ORTHOPAEDIC INSTITUTE | § | |
| AMBULATORY SURGERY CENTER | § | |
| LTD. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-037 |
| | § | |
| LEGION INSURANCE COMPANY, | § | |
| CLAIMS ADMINISTRATION | § | |
| SERVICES, INC., AND | § | |
| JOHN LITTLE, DBA INSURANCE | § | |
| ASSOCIATES OF THE VALLEY | § | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LEGION INSURANCE COMPANY

TO:   Legion Insurance Company, by serving its attorney of record, Greg Pierce and Julie Springer, Scott, Douglas & McConnico, L.L.P., 600 Congress Ave., Suite 1500, Austin, Texas 78701-2589

COMES NOW, Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., Plaintiffs in the above styled and numbered cause, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, file this their First Request for Production of Documents to Legion Insurance Company.

## DOCUMENTS TO BE PRODUCED

1.   The St. Anthony's Guide used by Claims Administration Services, Inc., to adjust the claims that are the subject matter of this suit.

2.   All certificates of insurance issued to the school district/high school insureds under the

Plaintiffs' First Request for Production to Defendant Legion                                        1

EXHIBIT
A

polices which form the subject matter of this suit.

3.  Copies of all insurance polices issued to the school districts/high schools that form the basis of this suit.

4.  Copies of all documents relating to, or in any way associated with, any alleged fraud committed by Plaintiffs against Legion Insurance Company, Claims Administration Services, Inc., and/or John Little.

5.  A copy of the Curriculum Vitae, resume and/or other information pertaining to James Kuykendall.

6.  Copies of documents sent by you to Sergeant Glenn Maddox of the Texas Department of Insurance, or any other member of the Texas Department of Insurance, pertaining to TDI file #2000-2278.

7.  Copies of any and all documentation that show the loss ratio for the three insurance polices that form the subject matter of this suit.

8.  Copies of all agreements between Legion Insurance Company and Claims Administration Services, Inc.

9.  Copies of all agreements between Claims Administration Services, Inc., and John Little.

10.  Copies of all agreements between John Little and Legion Insurance Company.

11.  All correspondence between Legion Insurance Company and Claims Administration Services, Inc., pertaining to the subject matter of this suit.

12.  All correspondence between Legion Insurance Company and John Little pertaining to the subject matter of this suit.

13.  All correspondence between John Little and Claims Administration Services, Inc., pertaining to the subject matter of this suit.

14.  A copy of Claims Administration Services, Inc.'s Texas Third Party Administration license for the state of Texas.

15.  A copy of Legion Insurance Company's annual statement for the last three years.

16.  Copies of all complaints, other than those filed by Plaintiffs, against Legion Insurance Company in the preceding five years.

17.  Copies of all complaints, other than those filed by Plaintiffs, against Claims Administration Service, Inc., in the preceding five years.

18.  Copies of all correspondence between Legion Insurance Company and any of the insured school districts and/or high schools whose student claims form the basis of this suit.

19.  Copies of all fraud investigations performed by Claims Administration Services, Inc., Legion Insurance Company, and/or John Little, relating to the Plaintiffs.

20.  Copies of information gathered by Claims Administration Services, Inc., pursuant to the "requests for additional" information set forth in their EOBs (Explanation of Benefits) issued to Plaintiffs.

21.  Any and all documents which evidence the existence of any PPO network that is in place with respect to the Legion Insurance Company polices which form the basis of this suit, including but not limited to, Beech Street.

22.  Any and all statements of the Plaintiffs.

23.  Any and all witness statements or statements of persons with knowledge as defined by FRCP 26(b)(1).

24.  All documents, tangible things, reports, models, or data compilations, that have been provided to, reviewed by, or prepared by or for an expert in anticipation of the expert's testimony.

25.  A copy of the Curriculum Vitae or resume for any testifying expert.

26.  All indemnity agreements between any of the defendants in this case.

27.  Copies of all internal memoranda of Legion Insurance Company pertaining to the polices and/or claims made the subject of this suit, including but not limited to, memoranda or other correspondence between Debra James Vance and the claims department for Legion Insurance Company.

28.  Copies of all internal memoranda of Claims Administration Services, Inc., pertaining to the polices and/or claims made the subject matter of this suit, including but not limited to, memoranda or other correspondence between Peter Holt and the claims department for Claims Administration Services, Inc.

29.  Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Oscar Sandoval, Policy # AH2-133461, on December 17, 1998, and paid on February

4, 1999.

30.   Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Inc., for services rendered to Adan Delagarza, Policy # AH2-133485, on March 30, 1999, and paid on December 15, 1999.

31.   Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Irene Cantu, Policy # AH2-133485, on October 21, 1998, and paid in two separate checks received by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., on December 1, 1998 and July 29, 1999.

32.   Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Eduardo Perez, Policy # AH2-133485, on October 29, 1998, and paid on February 10, 1999.

33.   Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Francisco Avalos, Policy # AH3-917285, on November 12, 1998, and paid on February 10, 1999.

34.   Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Erik Diaz, Policy # AH2-133485, on October 20, 1998, and paid on February 10, 1999.

35.   Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center. Ltd., for services rendered to Donnie Quintanilla, Policy # AH2-133485, on November 14, 1998, and paid on February 11, 1999.

36.   Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Antonio Alvarado, Policy # AH2-133461, on October 17, 1998, and paid on February 17, 1999.

37.  Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Gabriella Garcia, Policy # AH2-133485, on October 13, 1998, and paid on February 17, 1999.

38.  Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Yoana Guzman, Policy # AH2-133485, on November 21, 1998, and paid on February 17, 1999.

39.  Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Juan Fernandez, Policy # AH2-133485, on September 29, 1998, and paid on February 17, 1999.

40.  Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Christopher Raleigh, Policy # AH3-917285, on October 15, 1998, and paid on March 11, 1999.

41.  Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Christina Martinez, Policy # AH2-133485, on January 14, 1999, and paid on March 16, 1999.

42.  Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Rene Chavez, Policy # AH2-133485, on May 19, 1999, and paid on July 27, 1999.

43.  Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Hugo Lopez, Policy # AH2-133485, on February 16, 1999, and paid on July 27, 1999.

44.  Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Amanda Marin, Policy # AH3-917285,  on February 25, 1999, and paid on August 6,

1999.

45. Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Armando Cano, Policy # AH2-133461, on March 19, 1999, and paid on August 11, 1999.

46. Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Rene Chavez, Policy # AH2-133485, on July 22, 1999, and paid on January 14, 2000.

47. Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Sarah Jimenez, Policy # AH3-197285, on May 15, 1999, and paid on December 10, 1999.

48. Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Susie Marroquin, Policy # AH2-133485, on January 16, 1999, and paid on December 8, 1999.

49. Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Selbestre Gutierrez, Policy # AH2-133485, on May 5, 1999, and paid on December 8, 1999.

50. Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Rosa Rodriquez, Policy # AH2-133485, on October 29, 1998, and paid on December 3, 1998.

51. Any and all documents that indicate claims incurred and claims paid for the policies made the subject of this lawsuit.

52. All correspondence, regardless of form, between A&G Health Plans and Claims Administration Services, Inc., relating to any of the claims of the Plaintiffs for services rendered to students/employees under the polices which form the subject matter of this suit.

53.  All correspondence, regardless of form, between A&G Health Plans and Legion Insurance Company, relating to any of the claims of the Plaintiffs for services rendered to students/employees under the polices which form the subject matter of this suit.

54.  All correspondence, regardless of form, between A&G Health Plans and John Little, relating to any of the claims of the Plaintiffs for services rendered to students/employees under the polices which form the subject matter of this suit.

55.  All contracts or agreements between Legion Insurance Company and A&G Health Plans.

56.  All contracts or agreements between Claims Administration Services, Inc., and A&G Health Plans.

57.  All correspondence between you and Claims Administration Services, Inc., regarding the Jennifer Castillo claim.

58.  All correspondence between you and John Little regarding the Jennifer Castillo claim.

59.  All Correspondence between you and any school district and/or school district employee regarding the Jennifer Castillo claim.

60.  All correspondence between you and the Texas Department of Insurance regarding the Jennifer Castillo claim.

61.  All correspondence between you and the Plaintiffs regarding the Jennifer Castillo claim.

Respectfully submitted,

Timothy E. Weitz, Attorney in Charge
SBN 21117500
Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas 78701
(512) 322-9202  Main Number
(512) 323-5071  Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas 78766-9673
(512) 322-9202  Direct Line
(512) 323-5071  Fax Number

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the _6th_ day of July, 2000, a true and correct copy of this, Plaintiffs'
First Request For Production of Documents to Defendant Legion Insurance Company, has been
served on the following parties and in the following manner:

Greg Pierce
Julie Springer
Scott, Douglas & McConnico, L.L.P.
600 Congress Ave
Suite 1500
Austin, Texas 78701-2589
(Via Regular, First Class Mail)

Charles M. Jefferson
Attorney at Law
700 N. St. Mary Street
Suite 1000
San Antonio, Texas 78205
(Via Regular, First Class Mail)

W. Michael Fisher
Elizabeth G. Neally
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
(Via Regular, First Class Mail)

Timothy E. Weitz

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC | § | |
| INSTITUTE, AND RIO GRANDE | § | |
| ORTHOPAEDIC INSTITUTE | § | |
| AMBULATORY SURGERY CENTER | § | |
| LTD. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-037 |
| | § | |
| LEGION INSURANCE COMPANY, | § | |
| CLAIMS ADMINISTRATION | § | |
| SERVICES, INC., AND | § | |
| JOHN LITTLE, DBA INSURANCE | § | |
| ASSOCIATES OF THE VALLEY | § | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT LEGION INSURANCE COMPANY

TO:   Legion Insurance Company, by serving its attorney of record, Greg Pierce and Julie Springer, Scott, Douglas & McConnico, L.L.P., 600 Congress Ave., Suite 1500, Austin, Texas 78701-2589

COMES NOW, Rio Grande Orthopaedic Institute (RGOI) and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (RGOI ASC), Plaintiffs in the above styled and numbered cause, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, files this their First Set of Interrogatories to Legion Insurance Company.

## DEFINITIONS AND INSTRUCTIONS

For purposes of this discovery, the following definitions and instructions shall apply:

1.   You are notified that the answers and documents and copies of documents that you provide may be offered in evidence at trial of this lawsuit for the consideration of the trier of fact.

2.   As used in these interrogatories the following words shall have the definitions listed below:

Plaintiffs' First Set of Interrogatories to Defendant Legion

**EXHIBIT**

B

1

(a) "Document" includes the words "Documents" and "Documentary Evidence" and means any written, printed, recorded, taped, photographed, or graphic matter, however produced or reproduced and includes but is not limited to correspondence, reports, writings, physical models, notes, diaries and compilations of data;

(b) "Identify" means

    i. As to a person to state his full name, title, current business and personal address and telephone number;

    ii. As to any non-human entity recognized by law, to state its full name, present place of business and past place of business if no longer in business;

    iii. As to a statement to state who made it, to whom it was made, when it was made, who recorded the statement, who was present when it was made and the complete identity of the person who now has possession of the statement

    iv. As to a document means to state a description of the document, its date, author(s), recipients if any, the name and address of the custodian, and the substance of the document;

3.    "Person" means natural persons and also includes professional associations, corporations, partnerships, associations, federations or any other legally recognized entity.

4.    "You," "Your" or "Yourself" means the party to whom these discovery requests are directed on page one and includes all your agents, employees, attorneys, representatives or persons over who you have control, or have a superior right to compel them to act or produce an item.

5.    "Defendant" means you, "Defendants" mean you and the other defendant parties to this lawsuit.

6.    Use as much space as necessary to answer these interrogatories, including retyping the questions so as to allow sufficient room to fully answer.

7.    Each and every answer must be full and complete.

8.    If you cannot answer a question fully and completely please explain why, and further explain what steps you took to acquire sufficient information to make full and complete answers.

# INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify all persons and their representative capacity who assisted, or in any way contributed information to answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify any and all persons who had any authority over, or any role in, the adjustment of the RGOI and/or RGOI ASC claims on the Legion Insurance Company policies the subject matter of this suit

**ANSWER:**

**INTERROGATORY NO. 3:** Please identify all facts, together with the time in which you came to know these facts, that caused you to believe that any of the RGOI and/or RGOI ASC claims were fraudulent.

**ANSWER:**

**INTERROGATORY NO. 4:** Please set out the total amount of claims paid during the year July 30, 1998 through July 30, 1999, on the Legion Insurance Company polices that are the subject of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:**  Please set out the total premium collected during the year July 30, 1998 through July 30, 1999, for the Legion Insurance Company polices that are the subject of this suit.

**ANSWER:**

**INTERROGATORY NO. 6:**  Please identify the portion of the Legion Insurance Company polices that are the subject of this suit, wherein it states that claims will be paid in accordance with Medicare group rates, the St. Anthony's Guide, or any standard other than "Customary and Usual."

**ANSWER:**

**INTERROGATORY NO. 7:**  What type of insurance licenses does John Little hold, and in what states other than Texas is he licensed.

**ANSWER:**

**INTERROGATORY NO. 8:**  What type of insurance licenses are held by Claims Administration Services, Inc., and in what states is it licensed and/or authorized to do business.

**ANSWER:**

**INTERROGATORY NO. 9:** Please provide the names and addresses of all reinsurers who have reinsured any portion of the Legion Insurance Company policies that are the subject matter of this suit.

**ANSWER:**

**INTERROGATORY NO. 10:** Please identify all persons with knowledge of relevant facts, by providing their name, address and telephone number, as required by FRCP 26(b)(1).

**ANSWER:**

**INTERROGATORY NO. 11:** Please provide the names, addresses and telephone numbers of all persons who you expect to call at trial.

**ANSWER:**

**INTERROGATORY NO. 12:** For all experts who will testify at trial, please provide the following:

    (A)   the expert's name, address and phone number;

    (B)   the subject matter on which the expert will be testifying;

    (C)   the facts know by the expert that relate to or form the basis of the expert's mental impressions and opinions, formed or made in connection with this case, regardless of when and how the factual information was acquired;

    (D)   the expert's mental impressions and opinions formed or made in connection with this case, and any methods used to derive them;

    (E)   any bias of the witness;

    (F)   a list of all documents, tangible things, reports, models, or data compilations that have been provided to or reviewed by or prepared by or for the expert in anticipation of the

expert's testimony;

**ANSWER:**

**INTERROGATORY NO. 13:**  Please set out your contentions as to why, under prevailing insurance law in Texas, Legion Insurance Company and/or Claims Administration Services, Inc., can legally apply the St. Anthony's Medicare Group Rate Manual to adjust the claims under the polices made the subject of this suit, and any facts that support this legal contention.

**ANSWER:**

**INTERROGATORY NO. 14:** Please state why Legion Insurance Company and/or Claims Administration Services, Inc., were not bound by the terms of the settlement agreements reached on August 6, 1999, between RGOI ASC and A&G, as to five of the outstanding claims referenced in paragraph 14 of Plaintiffs' Original Petition.

**ANSWER:**

**INTERROGATORY NO. 15:**  Under the terms of the Legion Insurance Company policies that form the subject matter of this suit, what percentage of an approved, primary claim, was Legion Insurance Company obligated to pay under the policy terms.

**ANSWER:**

**INTERROGATORY NO. 16:** What factors, if any, will you contend at trial mitigate or otherwise excuse Legion Insurance Company and/or Claims Administration Services, Inc., for failing to pay claims within the time period set forth in Texas Insurance Code art. 21.55.

**ANSWER:**

**INTERROGATORY NO. 17:** If any of the polices that form the subject matter of this suit are governed by, or otherwise part of, any kind of PPO network, please identify the specific policy number, insured, and the network that applies to the policy.

**ANSWER:**

**INTERROGATORY NO. 18:** Who was or is the agent of record for the Legion Insurance Company policies that are the subject matter of this suit. If you are not the agent of record, explain what your relationship is to the agent, i.e., employee, sub-agent, MGA, etc.

**ANSWER:**

Respectfully submitted,

Timothy E. Weitz, Attorney in Charge
SBN 21117500
Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas 78701
(512) 322-9202 Main Number
(512) 323-5071 Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas 78766-9673
(512) 322-9202 Direct Line
(512) 323-5071 Fax Number

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of July, 2000, a true and correct copy of this, Plaintiffs' First Set of Interrogatories to Defendant Legion Insurance Company, has been served on the following parties and in the following manner:

Greg Pierce
Julie Springer
Scott, Douglas & McConnico, L.L.P.
600 Congress Ave
Suite 1500
Austin, Texas 78701-2589
(Via Regular, First Class Mail)

Charles M. Jefferson
Attorney at Law
700 N. St. Mary Street
Suite 1000
San Antonio, Texas 78205
(Via Regular, First Class Mail)

W. Michael Fisher
Elizabeth G. Neally
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
(Via Regular, First Class Mail)

Timothy E. Weitz

**Plaintiffs' First Set of Interrogatories to Defendant Legion**

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., | § § § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 00-37 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC., AND JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY, | § § § § § § | |
| Defendants | § § | |

## DEFENDANT LEGION INSURANCE COMPANY'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:   Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., by and through its counsel of record, Timothy E. Weitz, McDonald, Mackay & Weitz, L.L.P., 1411 West Avenue, Suite 200, Austin, Texas 78701.

Legion Insurance Company, a Defendant in the above-entitled and numbered cause, submits these Answers and Objections to Plaintiffs Rio Grande Orthopaedic Institute, and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd.'s First Set of Interrogatories on the attached **Exhibit A**.



EXHIBIT
C

1

271305

CutePDF - www.tovia.com

Respectfully Submitted,

By _____

Greg Pierce
Attorney-in-Charge
SDT Admission No. 13785
State Bar No. 15994250
One American Center
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
512/495-6300
512/474-0731 (fax)

Of Counsel:

Julie Springer
State Bar No. 18966770
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589

ATTORNEYS FOR LEGION INSURANCE
COMPANY

2

271305

CVisPDF - www.fastio.com

# CERTIFICATE OF SERVICE

I hereby certify that, on August 22, 2000, a true and correct copy of the foregoing DEFENDANT LEGION INSURANCE COMPANY'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES was forwarded as indicated to the following:

Jeff B. McDonald  
Timothy E. Weitz  
McDonald, Mackay & Weitz, L.L.P.  
1411 West Avenue, Suite 200  
Austin, Texas  78701

VIA CM RRR #7000 0520 0022 2201 1404

Mark A. Weitz  
Law Office of Mark A. Weitz  
P.O. Box 9673  
Austin, Texas  78766-9673

VIA CM RRR #7000 0520 0022 2201 1411

Charles M. Jefferson  
One Riverwalk Place, Suite 1000  
700 North St. Mary's Street  
San Antonio, Texas  78205-3585

VIA CM RRR #7000 0520 0022 2201 1428

Elizabeth G. Neally  
Roerig, Oliveira & Fisher, L.L.P.  
855 West Price Road, Suite 9  
Brownsville, Texas  78520

VIA CM RRR #7000 0520 0022 2201 1435

Greg Pierce

3

271305

## EXHIBIT A

## I. ANSWERS AND OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 1:

Please identify all persons and their representative capacity who assisted, or in any way contributed information to answering these interrogatories.

ANSWER:

Objection. This interrogatory is vague.

With the assistance of counsel:

Andrew Walsh
Legion Insurance Company
One Logan Square, Suite 1400
Philadelphia, PA 19103

INTERROGATORY NO. 2:

Identify any and all persons who had any authority over, or any role in, the adjustment of the RGOI and/or RGOI ASC claims on the Legion Insurance Company policies the subject matter of this suit.

ANSWER:

Objection. This interrogatory is vague.

Subject to its objections, Legion responds as follows:

All claims that Legion understands have been made part of the subject matter of this suit were adjusted by CAS.

INTERROGATORY NO. 3:

Please identify all facts, together with the time in which you came to know these facts, that caused you to believe that any of the RGOI and/or RGOI ASC claims were fraudulent.

4

ANSWER:

    Objection. This interrogatory is vague.

    Objection. This interrogatory is unduly burdensome.

    Objection. This interrogatory assumes facts not in evidence.

    Subject to its objections, Legion responds as follows:

    Legion was informed by CAS that sums sought by Rio Grande were consistently substantially higher than reasonable. At that time, Legion believed there to be a potential that the claims were fraudulent.

INTERROGATORY NO. 4:

    Please set out the total amount of claims paid during the year July 30, 1998 through July 30, 1999, on the Legion Insurance Company polices [sic] that are the subject of this lawsuit.

ANSWER:

    Objection. This interrogatory is vague.

    Objection. This interrogatory seeks information that is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

    Objection. This interrogatory seeks confidential business information of Legion.

INTERROGATORY NO. 5:

    Please set out the total premium collected during the year July 30, 1998 through July 30, 1999, for the Legion Insurance Company polices [sic] that are the subject of this suit.

ANSWER:

    Objection. This interrogatory is vague.

    Objection. This interrogatory seeks information that is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

    Objection. This interrogatory seeks confidential business information of Legion.

5

271305

INTERROGATORY NO. 6:

Please identify the portion of the Legion Insurance Company polices [sic] that are the subject of this suit, wherein it states that claims will be paid in accordance with Medicare group rates, the St. Anthony's Guide, or any standard other than "Customary and Usual."

ANSWER:

Objection. This interrogatory is vague.

Objection. This interrogatory assumes facts not in evidence.

Subject to its objections, Legion responds as follows:

The policies at issue limit Legion's payment obligation to fees that are (among other requirements) "reasonable in relationship to the service or supply given and the severity of the condition." Medicare group rates and the St. Anthony's Guide are resources used to help to determine whether charges are reasonable.

INTERROGATORY NO. 7:

What type of insurance licenses does John Little hold, and in what states other than Texas is he licensed?

ANSWER:

Legion is unaware of the type of insurance licenses held by John Little.

INTERROGATORY NO. 8:

What type of insurance licenses are held by Claims Administration Services, Inc., and in what states is it licensed and/or authorized to do business?

ANSWER:

Claims Administration Services, Inc. holds a third party administrator's license. Legion is unaware of any other licenses that Claims Administration Services, Inc. holds, if any.

INTERROGATORY NO. 9:

Please provide the names and addresses of all reinsurers who have reinsured any

6

271305

portion of the Legion Insurance Company policies that are the subject matter of this suit.

ANSWER:

Objection. This interrogatory seeks information that is irrelevant to any issue in this case.

Objection. This interrogatory is vague.

Objection. This interrogatory seeks confidential business information of Legion.

INTERROGATORY NO. 10:

Please identify all persons with knowledge or relevant facts by providing their name, address and telephone number, as required by FRCP 26(b)(1).

ANSWER:

Andrew Walsh
Carmen Mull
Deborah Vance
Legion Insurance Company
One Logan Square, Suite 1400
Philadelphia, PA 19103
213/963-1200

Peter Holt
Claims Adminisrative Services, Inc.
P.O. Box 3968
Boca Raton, Forida 33427-3968
561/241-9500

John Little
Insurance Associates of the Valley
521 South 77 Sunshine Strip
Harlingen, Texas 78550
956/423-0490

William Snyder
Rio Grande Orthopaedic Institute
400 East Dove Avenue
McAllen, Texas 78504
956/686-2663

7

271305

Greg Pierce
Scott, Douglass & McConnico, L.L.P.
One American Center
600 Congress Avenue, 15th Floor
Austin, Texas 78701
512/495-6300

Jeff McDonald
Timothy E. Weitz
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas 78701
512/322-9202

Mark A. Weitz
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas 78766-9673
802/253-7413

Charles Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas 78205-3585
210/227-4182

Jennifer Castillo
P.O. Box 221
Alamo, Tx 78516

Jorge Lozano
P.O. Box 52
Elsa, Tx 78543

Benjamin Mendez
1101 Valley View Dr.
Weslaco, Tx 78596

Jesus Rivera
P.O. Box 235
Alamo, Tx 78516

Luz Moya

8

271305

2nd 3rd Trimble
Edcouch, TX 78538

Jorge Trujillo
413 Fleetwood Dr.
Alamo, Tx 78516

Leroy Ortiz
500 E. Sioux Rd.
Pharr, Tx 78577

Connie Uribe
c/o Maria Longoria
117 Salazar Street
San Juan, Tx 78589

Oscar Sandoval

Jorge Lozano

Erica Salinas

Silbestre Gutierrez

Sarah Jiminez

Michelle Valdez

Rene Chavez

Joe Rodriguez

Kristina Gutierrez

Antonio Alvarado

Donnie Quintanilla

Lisa Martinez
Ekrizel Cavazos

Susie Marroquin

9

Oscar Sandoval

Rosa Rodriguez

Adan De La Garza

Jesse Salinas

Christina Luna

Saul Exparza

Haydee Cordova

Scarlet Castillo

Ben Cantu

Fermin Mancha

Johnny O'Mata

Dianey Garcia

Nathan Coy

Jennie Saldana

Roberto Gonzalez

Maria Rodriguez

Luis Rios

Eugenio Reyna

Ben Cantu

Raul Vallejo III

Steven Cameron

Tamra Gomez

10

271305

Rebecca Stokes

Israel Pena

Claudia Watts

Trisha Cardenas

Alberto Exparza

## INTERROGATORY NO. 11:

Please provide the names, addresses and telephone numbers of all persons who you expect to call at trial.

## ANSWER:

Objection. This interrogatory seeks information privileged from discovery by the attorney work product doctrine.

Subject to its objections, Legion responds as follows:

Legion has not determined who it will call as witnesses in trial of this matter.

## INTERROGATORY NO. 12:

For all experts who will testify at trial, please provide the following:

## ANSWER:

(A)   the expert's name, address and phone number;
(B)   the subject matter on which the expert will be testifying;
(C)   the facts know [sic] by the expert that relate to or form the basis of the expert's mental impressions and opinions, formed or made in connection with this case, regardless of when and how the factual information was acquired;
(D)   the expert's mental impressions and opinions formed or made in connection with this case, and any methods used to derive them;
(E)   any bias of the witness;
(F)   a list of all documents, tangible things, reports, models, or data compilations that have been provided to or reviewed by or prepared by or for the expert in anticipation of the expert's testimony.

11

ANSWER:

    Objection. This interrogatory is unduly burdensome.

    Subject to its objections, Legion responds as follows:

    Legion has not designated any testifying experts at this time.

INTERROGATORY NO. 13:

    Please set out your contentions as to why, under prevailing insurance law in Texas, Legion Insurance Company and/or Claims Administration Services, Inc., can legally apply the St. Anthony's Medicare Group Rate Manual to adjust the claims under the polices [sic] made the subject of this suit, and any facts that support this legal contention.

ANSWER:

    Objection. This interrogatory is vague.

    Objection. This interrogatory is unduly burdensome.

    Objection. This interrogatory assumes facts not in evidence.

    Subject to its objections, Legion responds as follows:

    The policies at issue limit Legion's payment obligation to fees that are (among other requirements) "reasonable in relationship to the service or supply given and the severity of the condition." Medicare group rates and the St. Anthony's Guide are resources used to determine whether charges are reasonable.

INTERROGATORY NO. 14:

    Please state why Legion Insurance Company and/or Claims Administration Services, Inc., were not bound by the terms of the settlement agreements reached on August 6, 1999, between RGOI ASC and A&G, as to five of the outstanding claims referenced in paragraph 14 of Plaintiffs' Original Petition.

ANSWER:

    Objection. This interrogatory assumes facts not in evidence.

12

Subject to its objections, Legion responds as follows:

Legion denies that any settlement agreements were entered into by it or CAS with respect to the claims identified at Paragraph 14 of Plaintiffs' Original Petition.

INTERROGATORY NO. 15:

Under the terms of the Legion Insurance Company policies that form the subject matter of this suit, what percentage of an approved, primary claim, was Legion Insurance Company obligated to pay under the policy terms.

ANSWER:

Objection. This interrogatory is vague.

Subject to its objections, Legion responds as follows:

Legion is required to pay the benefits provided by the terms of the policies.

INTERROGATORY NO. 16:

What factors, if any, will you contend at trial mitigate or otherwise excuse Legion Insurance Company and/or Claims Administration Services, Inc., for failing to pay claims within the time period set forth in Texas Insurance Code art. 21.55?

ANSWER:

Objection. This interrogatory is vague.

Objection. This interrogatory assumes facts not in evidence.

Objection. Legion objects to this interrogatory to the extent that it seeks to discover information privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privilege.

Subject to its objections, Legion responds as follows:

Legion denies that it failed to pay claims within the period set forth in Texas Insurance Code art. 21.55.

INTERROGATORY NO. 17:

If any of the polices [sic] that form the subject matter of this suit are governed by,

13

271305

or otherwise part of, any kind of PPO network, please identify the specific policy number, insured, and the network that applies to the policy.

ANSWER:

Objection. This interrogatory is vague.

Subject to its objections, Legion responds as follows:

The policies identified in Plaintiffs' Original Petition were not part of a PPO network, as Legion understands the phrase "PPO network."

INTERROGATORY NO. 18:

Who was or is the agent of record for the Legion Insurance Company policies that are the subject matter of this suit. If you are not the agent of record, explain what your relationship is to the agent, i.e., employee, sub-agent, MGA, etc.

ANSWER:

Objection. This interrogatory is vague.

Objection. This interrogatory is not reasonably calculated to lead to the discovery of relevant evidence.

Subject to its objections, Legion responds as follows:

Insurance Associates of the Valley, Inc. was the agent who represented the insureds in obtaining the policies identified in the Plaintiffs' Original Petition. Legion did not have an "agent of record" for those policies.

14

271305

or otherwise part of, any kind of PPO network, please identify the specific policy number, insured, and the network that applies to the policy.

ANSWER:

Objection. This interrogatory is vague.

Subject to its objections, Legion responds as follows:

The policies identified in Plaintiffs' Original Petition were not part of a PPO network, as Legion understands the phrase "PPO network."

INTERROGATORY NO. 18:

Who was or is the agent of record for the Legion Insurance Company policies that are the subject matter of this suit. If you are not the agent of record, explain what your relationship is to the agent, i.e., employee, sub-agent, MGA, etc.

ANSWER:

Objection. This interrogatory is vague.

Objection. This interrogatory is not reasonably calculated to lead to the discovery of relevant evidence.

Subject to its objections, Legion responds as follows:

Insurance Associates of the Valley, Inc. was the agent who represented the insureds in obtaining the policies identified in the Plaintiffs' Original Petition. Legion did not have an "agent of record" for those policies.

14

271305

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC INSTITUTE, AND RIO GRANDE ORTHOPAEDIC INSTITUTE AMBULATORY SURGERY CENTER, LTD., | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 00-37 |
| LEGION INSURANCE COMPANY, CLAIMS ADMINISTRATION SERVICES, INC., AND JOHN LITTLE, D/B/A INSURANCE ASSOCIATES OF THE VALLEY, | § § § § § § | |
| Defendants | § § | |

## DEFENDANT LEGION INSURANCE COMPANY'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

TO:   Rio Grande Orthopaedic Institute and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., by and through its counsel of record, Timothy E. Weitz, McDonald, Mackay & Weitz, L.L.P., 1411 West Avenue, Suite 200, Austin, Texas 78701.

Pursuant to Rule 166b of the Texas Rules of Civil Procedure, Defendant Legion Insurance Company submits the following objections and responses to Plaintiffs Rio Grande Orthopaedic Institute, and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd.'s First Request for Production of Documents.



EXHIBIT
D

1

271270

Respectfully Submitted,

By       _____

       Greg Pierce
       Attorney-in-Charge
       SDT Admission No. 13785
       State Bar No. 15994250
       One American Center
       600 Congress Avenue, 15th Floor
       Austin, Texas 78701-2589
       512/495-6300
       512/474-0731 (fax)

Of Counsel:

Julie Springer
State Bar No. 18966770
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589

ATTORNEYS FOR LEGION INSURANCE COMPANY

2

271270

# CERTIFICATE OF SERVICE

I hereby certify that, on August 22, 2000, a true and correct copy of the foregoing DEFENDANT LEGION INSURANCE COMPANY'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION was forwarded as indicated to the following:

Jeff B. McDonald                         VIA CM RRR #7000 0520 0022 2201 1404
Timothy E. Weitz
McDonald, Mackay & Weitz, L.L.P.
1411 West Avenue, Suite 200
Austin, Texas 78701

Mark A. Weitz                            VIA CM RRR #7000 0520 0022 2201 1411
Law Office of Mark A. Weitz
P.O. Box 9673
Austin, Texas 78766-9673

Charles M. Jefferson                     VIA CM RRR #7000 0520 0022 2201 1428
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas 78205-3585

Elizabeth G. Neally                      VIA CM RRR #7000 0520 0022 2201 1435
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520

Greg Pierce

3

271270

# I. GENERAL OBJECTIONS

Legion Insurance Company ("Legion") objects to Plaintiffs Request for Production to the extent that they impose obligations or duties that are beyond the scope of the Federal Rules of Civil Procedure.

Legion objects to Plaintiffs' Request for Production to the extent that they would require production of documents in violation of Tex. Rev. Civ. Stat. art. 4495b § 5.08.

# II. RESPONSES TO REQUEST FOR DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

The St. Anthony's Guide used by Claims Administration Services, Inc., to adjust the claims that are the subject matter of this suit.

## RESPONSE:

Objection. This request is unduly vague.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 2:

All certificates of insurance issued to the school district/high school insureds under the polices [sic] which form the subject matter of this suit.

## RESPONSE:

Objection. This request is overbroad.

Objection. This request is vague.

Objection. This request is unduly burdensome.

Objection. This request seeks documents that are not reasonably calculated to lead to the discovery of relevant evidence.

4

271270

## REQUEST FOR PRODUCTION NO. 3:

Copies of all insurance polices [sic] issued to the school districts/high schools that form the basis of this suit.

## RESPONSE:

Objection. This request is overbroad.

Objection. This request is vague.

Objection. This request is unduly burdensome.

Objection. This request seeks documents that are not reasonably calculated to lead to the discovery of relevant evidence.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 4:

Copies of all documents relating to, or in any way associated with, any alleged fraud committed by Plaintiffs against Legion Insurance Company, Claims Administration Services, Inc., and/or John Little.

## RESPONSE:

Objection. This request is vague.

Objection. This request seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, the party investigation/communication privilege.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 5:

A copy of the Curriculum Vitae, resume and/or other information pertaining to

5

271270

James Kuykendall.

RESPONSE:

Objection.  This request is vague.

Objection.  This request is overbroad.

Objection.  This request is not reasonably calculated to lead to the discovery of relevant evidence.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 6:

Copies of documents sent by you to Sergeant Glenn Maddox of the Texas Department of Insurance, or any other member of the Texas Department of Insurance, pertaining to TDI file #2000-2278.

RESPONSE:

Objection.  This request is vague.

Objection.  This request is overbroad.

Objection.  This request is not reasonably calculated to lead to the discovery of relevant evidence.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 7:

Copies of any and all documentation that show the loss ratio for the three insurance polices [sic] that form the subject matter of this suit.
RESPONSE:

Objection.  This request is vague.

6

271270

Objection.  This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection.  This request seeks confidential business information of Legion.

REQUEST FOR PRODUCTION NO. 8:

Copies of all agreements between Legion Insurance Company and Claims Administration Services, Inc.

RESPONSE:

Objection.  This request is overbroad.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 9:

Copies of all agreements between Claims Administration Services, Inc., and John Little.

RESPONSE:

Objection.  This request is overbroad.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 10:

Copies of all agreements between John Little and Legion Insurance Company.

RESPONSE:

Objection.  This request is overbroad.

271270

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 11:

All correspondence between Legion Insurance Company and Claims Administration Services, Inc., pertaining to the subject matter of this suit.

RESPONSE:

Objection. This request is vague.

Objection. This request seeks documents privileged by the joint defense privilege.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 12:

All correspondence between Legion Insurance Company and John Little pertaining to the subject matter of this suit.

RESPONSE:

Objection. This request is vague.

Objection. This request seeks documents privileged by the joint defense privilege.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 13:

All correspondence between John Little and Claims Administration Services, Inc., pertaining to the subject matter of this suit.

8

271270

RESPONSE:

Objection. This request is vague.

Objection. This request seeks documents privileged by the joint defense privilege.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 14:

A copy of Claims Administration Services, Inc.'s Texas Third Party Administration license for the State of Texas.

RESPONSE:

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 15:

A copy of Legion Insurance Company's annual statement for the last three years.

RESPONSE:

Objection. Discovery of Legion's annual statements would be relevant only to the Defendant's net worth. Discovery of net worth is only relevant to post-judgment discovery and/or punitive damages. Such discovery is inappropriate prior to rendition of a judgment in favor of the Plaintiffs, including findings that would subject Legion to liability for punitive damages.

Objection. This request seeks confidential business information of Legion.

REQUEST FOR PRODUCTION NO. 16:

Copies of all complaints, other than those filed by Plaintiffs, against Legion

9

271270

Insurance Company in the preceding five years.

RESPONSE:

Objection. This request is unduly vague.

Objection. This request is overbroad.

Objection. This request is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

REQUEST FOR PRODUCTION NO. 17:

Copies of all complaints, other than those filed by Plaintiffs, against Claims Administration Service, Inc., in the preceding five years.

RESPONSE:

Objection. This request is unduly vague.

Objection. This request is overbroad.

Objection. This request is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

REQUEST FOR PRODUCTION NO. 18:

Copies of all correspondence between Legion Insurance Company and any of the insured school districts and/or high schools whose student claims form the basis of this suit.

RESPONSE:

Objection. This request is vague.

Objection. This request is overbroad.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's

10

271270

possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 19:

Copies of all fraud investigations performed by Claims Administration Services, Inc., Legion Insurance Company, and/or John Little, relating to the Plaintiffs.

RESPONSE:

Objection. This request is vague.

Objection. This request seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privilege.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 20:

Copies of information gathered by Claims Administration Services, Inc., pursuant to the "requests for additional" information set forth in their EOBs (Explanation of Benefits) issued to Plaintiffs.

RESPONSE:

Objection. This request is vague.

Objection. This request is overbroad.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 21:

Any and all documents which evidence the existence of any PPO network that is in place with respect to the Legion Insurance Company polices [sic] which form the basis of this suit, including but not limited to, Beech Street.

11

271270

RESPONSE:

Objection.  This request is vague.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 22:

Any and all statements of the Plaintiffs.

RESPONSE:

Objection.  This request is vague.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 23:

Any and all witness statements or statements of persons with knowledge as defined by FRCP 26(b)(1).

RESPONSE:

Objection.   This request seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 24:

All documents, tangible things, reports, models, or data compilations, that have been provided to, reviewed by, or prepared by or for an expert in anticipation of the expert's testimony.

12

271270

RESPONSE:

Objection. This request is overbroad.

Objection. Legion objects to this request to the extent that it seeks documents relating to consulting experts who are not expected to testify in this matter and whose work product has not been reviewed by an expert expected to testify in this matter.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 25:

A copy of the Curriculum Vitae or resume for any testifying expert.

RESPONSE:

Legion has not designated any testifying experts at this time.

REQUEST FOR PRODUCTION NO.26:

All indemnity agreements between any of the defendants in this case.

RESPONSE:

Objection. This request is overbroad.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 27:

Copies of all internal memoranda of Legion Insurance Company pertaining to the polices [sic] and/or claims made the subject of this suit, including but not limited to, memoranda or other correspondence between Debra James Vance and the claims department for Legion Insurance Company.

13

271270

<u>RESPONSE</u>:

Objection.  This request is vague.

Objection.   This request seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

<u>REQUEST FOR PRODUCTION NO. 28</u>:

Copies of all internal memoranda of Claims Administration Services, Inc., pertaining to the polices [sic] and/or claims made the subject matter of this suit, including but not limited to, memoranda or other correspondence between Peter Holt and the claims department for Claims Administration Services, Inc.

<u>RESPONSE</u>:

Objection.  This request is vague.

Objection.   This request seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

<u>REQUEST FOR PRODUCTION NO. 29</u>:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Oscar Sandoval, Policy # AH2-133461, on December 17, 1998, and paid on February 4, 1999.

14

RESPONSE:

Objection. This request is vague.

Objection. This request is overbroad.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 30:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Adan Delagarza, Policy # AH2-133485, on March 30, 1999, and paid on December 15, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 31:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company

15

271270

adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Irene Cantu, Policy # AH2-133485, on October 21, 1998, and paid in two separate checks received by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., on December 1, 1998 and July 29, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 32:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Eduardo Perez, Policy # AH2-133485, on October 29, 1998, and paid on February 10, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's

16

possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 33:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Francisco Avalos, Policy # AH3-917285, on November 12, 1998, and paid on February 10, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 34:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Erik Diaz, Policy # AH2-133485, on October 20, 1998, and paid on February 10, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

17

271270

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 35:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Donnie Quintanilla, Policy # AH2-133485, on November 14, 1998, and paid on February 11, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 36:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Antonio Alvarado, Policy # AH2-133461, on October 17, 1998, and paid on February 17, 1999.

18

271270

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 37:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Gabriella Garcia, Policy # AH2-133485, on October 13, 1998, and paid on February 17, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 38:

Copies of the claims file and/or any file that contains documents which evidence

19

271270

or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Yoana Guzman, Policy # AH2-133485, on November 21, 1998, and paid on February 17, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 39:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Juan Fernandez, Policy # AH2-133485, on September 29, 1998, and paid on February 17, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's

271270

possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 40:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Christopher Raleigh, Policy # AH3-917285, on October 15, 1998, and paid on March 16, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 41:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Christina Martinez, Policy # AH2-133485, on January 14, 1999, and paid on March 16, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

21

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 42:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Rene Chavez, Policy # AH2-133485, on May 19, 1999, and paid on July 27, 1999.

## RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 43:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Hugo Lopez, Policy # AH2-133485, on February 16, 1999, and paid on July 27, 1999.

22

271270

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 44:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Amanda Marin, Policy # AH3-917285, on February 25, 1999, and paid on August 6, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 45:

Copies of the claims file and/or any file that contains documents which evidence

23

271270

or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Armando Cano, Policy # AH2-133461, on March 19, 1999, and paid on August 11, 1999.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 46:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Rene Chavez, Policy # AH2-133485, on July 22, 1999, and paid on January 14, 2000.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's

24

271270

possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 47:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Sarah Jimenez, Policy # AH3-197285, on May 15, 1999, and paid on December 10, 1999.

## RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 48:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Susie Marroquin, Policy # AH2-133485, on January 16, 1999, and paid on December 8, 1999.

## RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

25

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 49:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Selbestre Gutierrez, Policy # AH2-133485, on May 5, 1999, and paid on December 8, 1999.

## RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 50:

Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Rosa Rodriquez, Policy # AH2-133485, on October 29, 1998, and paid on December 3, 1998.

271270

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 51:

Any and all documents that indicate claims incurred and claims paid for the policies made the subject of this lawsuit.

RESPONSE:

Objection. This request is vague.

Objection. This request is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Objection. Legion objects to this request to the extent that it seeks documents privileged from discovery by the attorney client privilege, the attorney work product doctrine, and/or the party investigation/communication privileges.

Objection. This request is overbroad.

REQUEST FOR PRODUCTION NO. 52:

All correspondence, regardless of form, between A&G Health Plans and Claims Administration Services, Inc., relating to any of the claims of the Plaintiffs for services rendered to students/employees under the polices [sic] which form the subject matter of this suit.

27

RESPONSE:

Objection. This request is vague.

Objection. This request is overbroad.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 53:

All correspondence, regardless of form, between A&G Health Plans and Legion Insurance Company, relating to any of the claims of the Plaintiffs for services rendered to students/employees under the polices [sic] which form the subject matter of this suit.

RESPONSE:

Objection. This request is vague.

Objection. This request is overbroad.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 54:

All correspondence, regardless of form, between A&G Health Plans and John Little, relating to any of the claims of the Plaintiffs for services rendered to students/employees under the polices [sic] which form the subject matter of this suit.

RESPONSE:

Objection. This request is vague.

Objection. This request is overbroad.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's

28

271270

possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 55:

All contracts or agreements between Legion Insurance Company and A&G Health Plans.

## RESPONSE:

Objection.  This request is overbroad.

Objection.  This request is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 56:

All contracts or agreements between Claims Administration Services, Inc., and A&G Health Plans.

## RESPONSE:

Objection.  This request is overbroad.

Objection.  This request is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 57:

All correspondence between you and Claim Administration Services, Inc., regarding the Jennifer Castillo claim.

29

271270

RESPONSE:

Objection. Legion objects to this request to the extent that it seeks documents privileged by the joint defense privilege.

Objection. This request is overbroad.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 58:

All correspondence between you and John Little regarding the Jennifer Castillo claim.

RESPONSE:

Objection. Legion objects to this request to the extent that it seeks documents privileged by the joint defense privilege.

Objection. This request is overbroad.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 59:

All correspondence between you and any school district and/or school district employee regarding the Jennifer Castillo claim.

RESPONSE:

Objection. Legion objects to this request to the extent that it seeks documents privileged by the joint defense privilege.

Objection. This request is overbroad.

Subject to its objections, Legion responds as follows:

271270

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 60:

All correspondence between you and the Texas Department of Insurance regarding the Jennifer Castillo claim.

RESPONSE:

Objection. Legion objects to this request to the extent that it seeks documents privileged by the joint defense privilege.

Objection. This request is overbroad.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

REQUEST FOR PRODUCTION NO. 61:

All correspondence between you and the Plaintiffs regarding the Jennifer Castillo claim.

RESPONSE:

Objection. Legion objects to this request to the extent that it seeks documents privileged by the joint defense privilege.

Objection. This request is overbroad.

Subject to its objections, Legion responds as follows:

All non-privileged documents responsive to this request, that are within Legion's possession or control, will be produced at a mutually agreeable time and place.

31

# McDonald, Mackay & Weitz, L.L.P.

## ATTORNEYS AT LAW

JEFF B. McDONALD, J.D.
(512) 453-4608
Fax: (512) 453-8979

TARALYNN R. MACKAY, R.N., J.D.
(512) 281-5999
Fax: (512) 281-9559

TIMOTHY E. WEITZ, J.D.
(512) 322-9202
Fax: (512) 323-5071

November 10, 2000

Fax and Hand Delivery

Greg Pierce
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589

Re:    Rio Grande Orthopaedic Institute, and Rio Grande Orthopaedic Institute
Ambulatory Surgery Center, Ltd., Plaintiffs vs. Legion Insurance Company,
Claims Administration Services, Inc., and John Little, d/b/a Insurance Associates
of the Valley, Defendants;

    Civil Action No. B-00-37; Discovery Responses

Dear Mr. Pierce:

Thank you for your letter of November 9. In light of the stage of these proceedings, I
agree that it is time to start addressing and narrowing any disputed discovery issues  I
will revisit with co-counsel the discovery responses that you have identified as possibly
being improper or deficient. I will let you know whether our position has changed and
what steps, if any, will be taken to address your concerns. I will be traveling next week,
but will initiate the review process and plan to get back with you the following week or
shortly after the Thanksgiving break. As for the illegible documents included as
Attachment 1 to Plaintiffs' Response to Defendant Legion Insurance Company's First Set
of Interrogatories, the current copy in my possession is readable, but apparently does not
copy well despite efforts to enlarge it  I have requested a better copy and will forward it
to you as soon after I receive it as possible

Since now is an appropriate time to eliminate as many discovery disputes as possible,
Legion's discovery responses have been reviewed and it appears that there are a number
of requests that your client needs to act upon  I have enclosed a list of such matters and
ask that you let me know which, if any, can be resolved short of court intervention

In the meantime, Plaintiffs would like to take the deposition of Legion's corporate
representative and request that you identify Legion's representative and dates in the
middle or latter part of December that deposition testimony can be taken. Please note
that the individual should have full knowledge of the relationship between Claims

1411 West Avenue, Suite 200
Austin, Texas 78701
(512) 322-9202

3150 Executive Drive
San Angelo, Texas 76904
(915) 223-8302

EXHIBIT
E

Administration Services and Legion Insurance Company including what arrangements were made for handling policies and claims in Texas   Similarly, the individual should be reasonably knowledgeable of the relationships and arrangements between Legion Insurance Company, Mr. John Little, and Insurance Associates of the Valley.  Perhaps as important, the representative should be familiar with the claims payment history of Legion in regard to patients of Plaintiffs when the claims were initially being appropriately paid and when the claims were subsequently being ignored or dramatically reduced.  In addition, the representative should be familiar with the allegations made to the Texas Department of Insurance by Legion against Plaintiffs, the purported basis for the allegations, and the outcome of those allegations.

Questions are anticipated to be asked about what Legion knew or should have known regarding the reimbursement it pays for provider services in the Valley area and in Texas. Likewise, questions are expected on Legion's responsibility and authority to oversee the activities of Claims Administration Services.  Inquiries will also be made into who is responsible, and to what degree, for payment of Legion claims.  Questions will be asked as to how much oversight Legion maintains over the payment process to include its awareness of claims volume, payments, and lag time between receipt and acknowledgment of a claim.

I hope that this information helps you to identify an appropriate representative for Legion Insurance Company.  I have tried to be as specific as possible while at the same time not unnecessarily limiting the scope of my client's discovery.  In general, I would request that the representative be familiar with the defendant parties, understand the claims paying process for the policies that are the subject of this litigation, and be knowledgeable of the concerns raised in Plaintiffs' pleadings.

If you anticipate any problem in identifying an appropriate representative, determining available dates for deposition, or need additional information, please let me know Available dates are critical for coordinating with local counsel so any possible dates you can provide will be appreciated.  I look forward to your responses regarding the outstanding discovery owed by your client and hope to get back with you soon regarding the discovery issues you have raised

If you would like to discuss this case, do not hesitate to call

Best Regards,

Tim Weitz

Enclosure

## Outstanding Discovery of Legion Insurance Company

### Production

1.       Plaintiffs requested the St. Anthony's Guide used to adjust the claims that are the subject of this suit.  The only objection was that the request is unduly vague, but Legion agreed to provide non-privileged documents responsive to this request.   No privilege objection has been made and no privilege log has been provided.  Consequently, Legion needs to produce the guide by mailing it to the office of Plaintiffs' counsel or indicating when a copy can be retrieved from the office of Legion's counsel.

2.       Plaintiffs requested specified certificates of insurance.  The objections by Legion are vague, over broad, unduly burdensome and not reasonably calculated to lead to discovery of relevant evidence. There are only ten, maybe fifteen, total certificates.  While Legion has demanded five years of non-Legion claims files, it maintains that his request is burdensome.  The requested certificates will clearly have relevant evidence.  Such certificates contain insurance terms, premium, coverage, agent and other information about the coverage.

3.       Plaintiffs requested insurance polices.  The objections are vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence, but subject to all of these objections, Legion agreed to produce the documents that are non-privileged.  No privilege objection has been made and no privilege log has been provided.  Consequently, Legion needs to produce the policies by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

4       Plaintiffs requested all documents relating to alleged fraud committed by Plaintiffs against Defendants.  The objections are vague, attorney client privilege, work product doctrine, and the party investigation/communication privilege.  However, Legion agreed to produce the documents if not privileged.  No documents have been identified as falling under a specific privilege and no privilege log has been provided.  Legion needs to produce the documents relating to alleged fraud

5       Plaintiffs asked for the Curriculum Vitae of Legion's investigator, James Kuykendall  The objections are vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence   However, subject to these objections, Legion agreed to produce the document if it is not privileged.  No privilege objections have been made and no privilege log provided.  Consequently, Legion needs to produce the Curriculum Vitae by mailing it to the office of Plaintiffs' counsel or indicating when a copy can be retrieved from the office of Legion's counsel

6       Plaintiffs requested all documents sent by Legion to Sergeant Glenn Maddox of the Texas Department of Insurance   The objections are vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence, but subject to all of these objections, Legion agreed to produce the documents if not privileged  No privilege objections have been made and no privilege log provided.  Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the

office of Legion's counsel.

7.      Plaintiffs requested loss ratio information for the three insurance policies that form the basis of the suit. The objections are vague, not reasonably calculated to lead to relevant evidence, and confidential business information. This request goes to the heart of our misrepresentation and deceptiveness claims that Legion's payment practices changed when its loss ratios began to exceed either the premium or an acceptable level. This information is clearly relevant and admissible and goes to intent. Legion needs to produce the loss ratio information by mailing it to the office of Plaintiffs' counsel or indicating when the responsive documents can be retrieved from the office of Legion's counsel.

8.      Plaintiffs requested all agreements between Legion Insurance Company and Claims Administration Services, Inc. The sole objection is overbroad. Subject to this single objection, Legion agreed to produce responsive documents if not privileged. No privilege objections have been made and no privilege log provided. Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

9.      Plaintiffs requested all agreements between Claims Administration Services, Inc., and John Little. The sole objection is overbroad. Subject to this single objection, Legion agreed to produce responsive documents if not privileged. No privilege objections have been made and no privilege log provided. Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

10.     Plaintiffs requested all agreements between John Little and Legion Insurance Company  The sole objection is overbroad. Subject to this single objection, Legion agreed to produce responsive documents if not privileged  No privilege objections have been made and no privilege log provided  Consequently, Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel

11. through 13.  Plaintiffs requested all correspondence between the three defendants pertaining to the subject matter of the suit  The objections are vague, and covered by the joint defense privilege  Subject to these assertions, Legion still agreed to produce the documents if not privileged  Legion has not identified any documents that are subject to privilege and no privilege log has been provided  Consequently, Legion needs to produce the correspondence that is not privilege and provide a log of what is privileged  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel  Privileged documents need to be identified so that a determination can be made as to the need to seek a ruling from the court

16    Plaintiffs requested all complaints, other than those filed by Plaintiffs, against Legion during the preceding five years. The objections are vague, overbroad, and not reasonably calculated to lead to the discovery of relevant evidence. It is anticipated that such complaints will show a common

2

pattern and scheme and are therefore discoverable. Legion needs to produce responsive documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

17.    Plaintiffs requested all complaints, other than those filed by Plaintiffs, against Claims Administration Services, Inc. during the preceding five years. The objections are vague, overbroad, and not reasonably calculated to lead to the discovery of relevant evidence. It is anticipated that such complaints will show a common pattern and scheme and are therefore discoverable. Legion needs to produce responsive documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

18.    Plaintiffs requested correspondence between Legion and any of the insured school districts and/or high schools whose student claims form the basis of this suit. The objections are vague, overbroad, and not reasonably calculated to lead to the discovery of relevant evidence. Subject to these objections, Legion agreed to produce non-privileged correspondence. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Consequently, Legion needs to produce the correspondence that is not privilege and provide a log of what is privileged. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel. Privileged documents need to be identified so that a determination can be made as to the need to seek a ruling from the court.

19.    Plaintiffs requested copies of all fraud investigations performed any of the defendants relating to the Plaintiffs. The objections are vague, attorney client/work product doctrine, and/or the party investigation/communication privilege. Subject to these assertions, Legion agreed to produce responsive documents if not privileged. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel. Privileged documents need to be identified so that a determination can be made as to the need to seek a ruling from the court.

20.    Plaintiffs requested copies of information gathered by Claims Administration Services, Inc., pursuant to "requests for additional information" set forth in their EOBs (Explanation of Benefits) issued to Plaintiffs. The objections are vague and overbroad, but subject to these objections, Legion agreed to produce non-privileged documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel

21    Plaintiffs requested all evidence of any PPO network in place covering the Legion Insurance Company policies which form the basis of this suit, including but not limited to, Beech Street. The sole objection is vague but subject to this objection, Legion agreed to produce non-privileged documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

3

22.    Plaintiffs requested any and all statements of the Plaintiffs.  The sole objection is vague, but subject to this objection, Legion agreed produce such statements if not privileged.  Legion has not identified any documents that are subject to privilege and no privilege log has been provided.  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

23.    Plaintiffs requested any and all witness statements of persons with knowledge as defined by FRCP 26(b)(1).  The objections are attorney-client privilege, work product doctrine, and/or the party investigation/communication privilege.  Although objecting, Legion agreed to provide non-privileged documents responsive to the request.  The objections simply do no not apply by virtue of the rules and Legion needs to produce any such statements by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

26.    Plaintiffs requested all indemnity agreements between the defendants in the case.  The objection is overbroad, but subject to this objection, Legion agreed to all non-privileged responsive documents.  Legion has not identified any documents that are subject to privilege and no privilege log has been provided.  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

27.    Plaintiffs requested copies of all internal memoranda of Legion pertaining to the policies and/or claims made the subject of this suit, including but not limited to memoranda or other correspondence between Debra James Vance and the Legion claims department.  The objections are vague, work product doctrine, and attorney client/investigation/communication privileges.  Subject to these objections, Legion agreed to produce non-privileged responsive documents.  Legion has not identified any documents that are subject to privilege and no privilege log has been provided.  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

28.    Plaintiffs requested copies of all internal memoranda of Claims Administration Services, Inc , pertaining to the policies and/or claims made the subject matter of this suit, including but not limited to, memoranda or other correspondence between Peter Holt and the claims department of Claims Administration Services, Inc  The objections are vague, work product doctrine, and attorney client/investigation/communication privileges  Subject to these objections, Legion agreed to produce non-privileged responsive documents  Legion has not identified any documents that are subject to privilege and no privilege log has been provided  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel

29  through 50    Plaintiffs requested copies of specific claims files and all information that shows how those specific claims were adjusted and paid  The objections are vague, overbroad, protected under the work product doctrine, protected by the attorney-client and the party investigation/communication privilege and not reasonably calculated to lead to the discovery of relevant evidence.  Subject to these objections, Legion agreed to produce non-privileged responsive

4

documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel

51.     Plaintiffs requested all documents that indicate claims incurred and claims paid for the policies made the subject of the suit. The objections are vague, not reasonably calculated to lead to the discovery of relevant evidence, and protected by the attorney-client privilege, work product doctrine, and party investigation/communication privilege. The request was also objected to as overbroad. There is nothing vague, or overbroad about the request. The information goes to the heart of Plaintiffs' deception and misrepresentation claims and will show why Legion and Claims Administration Services stopped properly paying claims. As claims experience got worse Legion and Claims Administration Services began to find ways to limit Legion's exposure. Attorney client privilege, the work product doctrine, and the party investigative/communication privilege do not apply. This data is generated and kept in an on-going manner as part of the regular course of business and Legion is not entitled to withhold it. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

52. through 54.    Plaintiffs requested all correspondence between A&G Health Plans and any defendant. The objections are vague and overbroad, but Legion agreed to produce all non-privileged responsive documents. Legion has not identified any documents that are subject to privilege and no privilege log has been provided. Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

55 through 56.    Plaintiffs requested all contracts or agreements between Legion and/or Claims Administration Services, and A&G Health Plans. The objections were overbroad and not reasonably calculated to lead to the discovery of relevant evidence. Even so, Legion agreed to produce all non-privileged responsive documents  Legion has not identified any documents that are subject to privilege and no privilege log has been provided  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel.

57. through 61.    Plaintiffs requested all correspondence between any of the defendants, between any of the school districts and Legion, between Legion and the Plaintiffs, and Legion and the Texas Department of Insurance regarding the Jennifer Castillo claim. The objections were the joint defense privilege, not reasonably calculated to lead to the discovery of relevant evidence, and overbroad Subject to these objections, Legion agreed to produce all non-privileged responsive documents Legion has not identified any documents that are subject to privilege and no privilege log has been provided  Legion needs to produce the documents by mailing them to the office of Plaintiffs' counsel or indicating when copies can be retrieved from the office of Legion's counsel

5

Interrogatories

4.      Plaintiffs requested the total amount of claims paid during the year July 30, 1998 through July 30, 1999 for the Legion insurance policies that are the subject of this suit.  Legion objected as vague, that the request seeks information not calculated to lead to the discovery of relevant, admissible evidence and that it is confidential business information.  The request is hardly vague, the information may be confidential, but it is not privileged and it will clearly yield admissible evidence.  This request goes to the heart of Plaintiffs' deception and misrepresentation claims and provides evidence of clear intent to deceive and to misrepresent.

5.      Plaintiffs requested the total premium collected on the Legion policies that are the subject of the suit for July 30, 1998 to July 30, 1999.  Legion objected as vague, that the request seeks information not reasonably calculated to lead to the discovery of relevant, admissible evidence, and that it is confidential business information.  The request is hardly vague, the information may be confidential, but it is not privileged and it will clearly yield relevant and admissible evidence.  This request goes to the heart of Plaintiffs' deception and misrepresentation claims and provides evidence of intent to deceive and to misrepresent.  By taking total premium and total claims paid, a determination can be made of the loss ratio as of a particular date and show that Legion's and Claims Administration Service's misconduct with regard to claims payment began as the losses reached unacceptable levels for them.