*β4*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**OCT 0 5 2001**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC | § | |
| INSTITUTE, AND RIO GRANDE | § | |
| ORTHOPAEDIC INSTITUTE | § | |
| AMBULATORY SURGERY CENTER, | § | |
| LTD., PLAINTIFFS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-037 |
| | § | |
| LEGION INSURANCE COMPANY, | § | |
| ET AL., DEFENDANTS | § | |

**PLAINTIFFS' RESPONSE TO FIRST MOTION TO COMPEL OF DEFENDANT
LEGION INSURANCE COMPANY**

COMES NOW, Plaintiffs Rio Grande Orthopaedic Institute (RGOI) and Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd. (RGOI-ASC) filing this Plaintiffs' Response to First Motion to Compel of Defendant Legion Insurance Company and would respectfully show the court as follows:

**I.
Background**

1.1     On July 6, 2000, Plaintiffs served its first request for production of documents and first set of interrogatories on each of the Defendants, including Defendant Legion Insurance Company (hereinafter "Legion") and its former claims administrator, Claims Administration Services, Inc. (hereinafter "CAS"). Among the items of information sought were the claims files related to the specific claims at issue in the pending litigation.

1.2     On Augusts 22, 2000, after requesting and receiving additional time to respond, Defendant Legion Insurance Company filed Defendant Legion Insurance Company's Answers and Objections to Plaintiffs' First Set of Interrogatories and Defendant Legion Insurance Company's Responses to Plaintiffs' First Request for Production.  Similarly, CAS filed its responses and objections to the production requests and its answers to the interrogatories on August 22, 2000.

1.3     Thereafter, in September 2000, Defendant Legion Insurance Company served its First Requests for Production and First Set of Interrogatories on Plaintiffs.  Plaintiffs timely responded to Defendant Legion's discovery requests with answers to interrogatories, production of documents, and offers to produce certain documents at a mutually agreed upon time and place. In addition, Plaintiffs filed a number of related objections and refused various requests while citing grounds for their refusal.

1.4     In November 2000, Plaintiffs' counsel and counsel for Defendant Legion corresponded regarding the discovery objections filed by each party and the disputes surrounding their respective discovery requests and the related answers and objections.   Plaintiffs addressed a concern raised by Defendant Legion regarding legibility of documents and reduced Plaintiffs' concerns about deficient responses to writing.  The concerns of Plaintiffs were listed in detail and provided to Defendant Legion by letter dated November 10, 2000.   Subsequent conversations between counsel failed to resolve these disputed issues.   Consequently, after efforts to mediate the lawsuit in August 2001, Defendant Legion and Plaintiffs filed motions to compel one another to respond more thoroughly to the respective discovery requests and asking that the other party's objections be overruled.  At this time, both motions to compel are pending before the Court.

## II.
## Matters in Dispute

2.1     The matters in dispute can essentially be broken down into two categories of sought after information.

2.2     The first category involves efforts by Defendant Legion to compel discovery and production in regard to documents and information already in possession or control of Defendant Legion.

2.3     The second category focuses on attempts by Defendant Legion to obtain numerous patient medical records that are unnecessary for determining the propriety of payment of the

claims at issue and are therefore not subject to disclosure due to the confidential and privileged nature of the medical records and lack of relevance.

## III.
## Information in Possession of Defendant Legion

3.1     Defendant Legion has sought the claims files for the patients for whom services were rendered, but for which Plaintiffs remain unpaid or underpaid by Defendant Legion.  Defendant Legion has sought these files despite the fact that it or its claims paying entity by their own admission already have the files in question yet have not produced them to Plaintiffs pursuant to Plaintiffs' discovery requests filed almost three months prior to those filed by Defendant Legion.

3.2     Plaintiffs have objected on the grounds that Defendant Legion is seeking documents already in its possession, custody and control or that of CAS, its former claims paying administrator.  Plaintiffs have also objected since the requests seek "all documents relating to" such claims and are therefore overly broad and unduly burdensome.  Given the breadth of the requests, they appear to seek patient medical records which are unnecessary for the prompt and proper payment of the claims and are therefore privileged under the Medical Practice Act of Texas, V.T.C.A., Occupations Code, §159.001 - §159.005.

3.3     Plaintiffs have further objected on the grounds that Defendant Legion has in its possession all the information needed to correctly pay the subject claims.  Plaintiffs know this assumption to be accurate because no additional information was requested of Plaintiffs during the claims paying process.

3.4     The files sought by Defendant Legion were sent by Plaintiffs to Legion's claims administrator, Defendant CAS, between August 1998 and December 1999 as a prerequisite for having the claims reviewed, adjusted, and paid.  CAS was under contract with Legion to provide claims paying services and, upon being fired by Legion, was therefore obligated to transfer the subject files to either Legion or Legion's new claims administrator, Brown & Brown.

3.5     As of December of 1999, Plaintiffs know that the files were in fact in the possession of CAS in that CAS, on behalf of Legion, adjusted and paid claims – albeit very poorly – including some of the very claims that form the basis of this lawsuit.  Attached as Exhibit A and incorporated by reference herein are copies of Explanations of Benefits (EOBs) for claims that are the subject of this suit that were generated by Defendant CAS on behalf of Defendant Legion as part of the deficient claims paying process.  These documents reflect the payments made and the rationales asserted to support the payments.  Consequently, the claims administrator for Defendant Legion could not have created and sent these EOBs without having the very files that Defendant Legion now seeks to have Plaintiffs produce.

3.6     Plaintiffs maintain that what Defendant Legion is attempting to accomplish is to unduly burden Plaintiffs with the administrative costs and inconvenience of pulling, duplicating, and resubmitting files that are already in existence and in Legion's possession, custody, and control.

3.7     It should be noted that when Plaintiffs sought production of these files and related information from CAS to verify that the information was in fact received and properly maintained by Legion's claims administrator, CAS responded that some of the documents were available for inspection and copying in Boca Raton, Florida; however, when responding to Plaintiffs' specific requests for named and numbered patient files in requests 29 – 52 of Plaintiffs' First Request for Production of Documents to Claims Administration Services, in each instance CAS responded through its attorney as follows:

> "CAS does not have such documents.  Legion Insurance Company has terminated CAS as its Third Party Administrator.  This file and all of its Legion Insurance claim files have been turned over to Legion Insurance's new Third Party Administrator, Brown & Brown, 220 South Ridgeway Avenue, Suite 410, Daytona Beach, Florida 32115.  As such, they are under Legion Insurance's control."

See Exhibit B, the responses of CAS to Plaintiffs' production requests 29 - 52 which are incorporated herein by reference.

3.8    Given the foregoing, the question remains as to why counsel for Defendant Legion is demanding files already in his client's possession or control. The only conclusion to be reached is that Defendant Legion or its counsel simply hope to unduly burden the Plaintiffs with the unnecessary task of duplicating efforts to produce what Defendant Legion already has or controls. Defendant Legion has not filed any pleading refuting the assertion by CAS or Plaintiffs that Legion already has in its possession, custody and control the very documents it is seeking to compel from Plaintiffs.

3.9    It should also be noted that Defendant Legion's new claims paying entity, Brown & Brown, has these same files because on July 31, 2001, Brown & Brown paid to Plaintiffs on behalf of Legion a claim that had remained unpaid since May 20, 2000 which Legion and CAS had previously failed to pay. See Exhibit C, which is attached and incorporated herein by reference. This claim was paid at 100% of usual and customary.

3.10    It is manifestly unfair, a misuse of the discovery process, and an undue burden on Plaintiffs for Legion to insist upon receiving documents that it clearly already has in its possession or control and has in such completeness that its new claims administrator is able to pay at 100% based entirely on the information previously submitted by Plaintiffs and just as Plaintiffs have been arguing should be paid over the last two years.

3.11    The situation raises larger questions as to how Defendant Legion can be contesting claims that both its former claims administrator and its current claims administrator appear to believe are not at issue – specifically, how to properly pay the claims that are the subject of this suit and what information is needed to properly pay such claims.

3.12    Given the overly burdensome nature of the request, the issues pertaining to the patient confidentiality provisions of the Medical Practice Act need not be reached. Yet should the Court choose to consider the respective arguments in this regard, in light of the foregoing explanations of payments by Legion's claims administrators, the exception to the Medical Practice Act of Texas, V.T.C.A., Occupations Code, cited by Defendant Legion in its efforts to obtain additional patient information is not applicable under these circumstances. The exception cited by

Defendant Legion, §159.003 (a)(3), does contemplate disclosure of confidential information "in a proceeding to substantiate and collect on a claim for medical services provided to the patient." This exception only applies when the information is necessary to substantiate a claim. In the current instance, the claims can be substantiated based on the information already in the hands of Defendant Legion or its claims administrator as evidenced by Exhibits A and C. These exhibits reflect payments and payment rationales based on the information already disclosed to substantiate the claims. While this exception applies only in court or administrative proceedings, by way of further persuasive authority, the Court is invited to also consider the limitations on the even broader based exception for disclosures outside court or administrative proceedings as reflected in §159.004 (4). This exception allows for out of court disclosures of "those parts of the medical records reflecting charges and specific services *if necessary* in the collection of fees for medical services provided by a physician, professional association, or other entity qualified to provide or arrange for medical services (Emphasis added). In this instance, the "necessary" information has already been provided. Legion's efforts to procure additional information or duplicate information is improper and attempts to impose an undue burden on Plaintiffs through the costs and inconvenience associated with the repeated disclosure of information already submitted to the extent required or allowed by law.

## IV.
## Information Not in Defendant Legion's Possession

4.1    The other category of dispute appears to be Defendant Legion's efforts to obtain documents and information pertaining to *other* patients of Plaintiffs which are not the subject of this lawsuit and which are not claims at issue. Defendant Legion incorrectly asserts that under §159.004 (4) of the Medical Practice Act, documents and information pertaining to other patients not the subject of the suit are discoverable and have therefore demanded "all documents relating to" "*all of Plaintiffs' patients during the last five years*" including medical files disclosing diagnosis and treatment, accounting records, and agreements for payment of fees.

4.2    Plaintiffs objected to these various requests as vague, overly broad, unduly burdensome, designed to harass Plaintiffs, and not calculated to lead to the discovery of admissible or relevant evidence. Plaintiffs also objected on the grounds that such information is privileged and

confidential medical information, that absent an exception, is not subject to disclosure without patient consent. Plaintiffs' specifically asserted the privilege and confidentiality of such records under the Medical Practice Act of Texas, V.T.C.A., Occupations Code, §159.001 - §159.005. Defendant Legion appears to have conceded that the privilege and confidentiality protections of the Medical Practice Act do apply, but has argued that they can be addressed simply by redacting out everything but charges and specific services. See Defendant Legion's Motion to Compel at paragraph number 9 on page 5.

4.3    Such an approach, while perhaps theoretically possible, is neither practical nor within reason given the scope of Defendant Legion's request and the period in question. The unreasonableness of this request is particularly evident in light of the fact that such information would not be relevant for litigation of the current matters. Legion's attorney is asking for every claim over the last five years as if every claim were the same. Legion's policy is a 100% policy in that it purports to pay 100% of what is usual and customary. Plaintiffs have no way of knowing the rate at which the other policies may have been paid over the last five years even though Plaintiffs may, with a considerable and inordinate amount of effort and time, be able to ascertain what was paid and what was charged for literally thousands of procedures and claims. To require Plaintiffs to do so would be unduly burdensome and would yield information of no practical and relevant value for the matters at issue. On top of the already daunting burden of requiring Plaintiffs to do so would be the virtually impossible task of redacting out patient identifying information on thousands upon thousands of pages since it has been admitted that the confidentiality and privilege provisions of the Medical Practice Act do apply. See again paragraph 9 on page 5 of Defendant Legion's Motion to Compel.

4.4    Even without due consideration of the improper burden in regard to the time, money, and administrative inconvenience of imposing such a requirement, and even assuming that the privileged nature of the documents can be successfully protected, Defendant Legion does not need the information. Defendant Legion appears to be asserting that the information is needed to ascertain what is usual and customary payment for the care provided; however, Defendant Legion, by way of its claims paying entities, already knows what is usual and customary because both claims administrators have previously paid what is usual and customary. The Court's

attention is once again invited to Exhibits A and C. These documents reflect that both CAS, at least initially for almost one year, and most recently Brown & Brown, have paid these claims at 100%. It was not until after Legion's loss ratios presumably reached unacceptable levels that Defendant Legion filed an unwarranted fraud claim against Plaintiffs at the Texas Department of Insurance (later dismissed), stopped paying for several months, and then resumed payment at amounts far below the usual and customary rate previously paid. Any assertion by Defendant Legion that five years, or even one day, of other patient claims are needed to help them determine what is a proper value of a particular claim at issue is disingenuous at best. If Defendant Legion is hoping to determine what is usual and customary in the region, it need merely turned to its own claims administrator for that information or seek out expert testimony of a witness familiar with the industry standard for the area. To suggest that Defendant Legion needs five years of Plaintiffs' other patient files is ludicrous.

4.5     In short, Defendant Legion is attempting to use the discovery process to impose an unjustified burden on Plaintiffs while potentially jeopardizing confidentiality of privileged patient information in a misguided effort to avoid paying claims in a manner that even their own claims administrators have by their very payment actions established as usual and customary at 100%.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court uphold the objections of Plaintiffs' in regard to Defendant Legion Insurance Company's Requests for Production and Interrogatories, find that Defendant Legion Insurance Company's First Motion to Compel is without merit, and deny the motion and the requested relief in all respects.

Respectfully Submitted,

Timothy E. Weitz, Attorney-in-Charge
SBN 21117500
Jeff B. McDonald, Of Counsel
SBN 13548560
McDonald, Mackay & Weitz, L.L.P.

1411 West Avenue, Suite 200
Austin, Texas  78701
(512) 322-9202  Main Number
(512) 445-4995  Fax Number

Mark A. Weitz, Of Counsel
SBN 21116500
5520 North "C" Street
McAllen, Texas 78504
(956) 686-2663  Main Number
(956) 686-5289  Fax Number

Reynaldo Ortiz, Of Counsel
SBN 15324275
Federal ID. No. 3767
Law Office of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas  78504
(956) 687-4567  Main Number
(956) 631-1384  Fax Number

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of October, 2001, a true and correct copy of the foregoing Plaintiffs' Response to First Motion to Compel of Defendant Legion Insurance Company has been served on the following individuals and in the following manner:

Greg Pierce/Julie Springer
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas 78701-2589
(Certified Mail - Return Receipt Requested)

Charles M. Jefferson
One Riverwalk Place, Suite 1000
700 North St. Mary's Street
San Antonio, Texas 78205-5385
(Certified Mail - Return Receipt Requested)

_____
Timothy E. Weitz

**A S**  
*Administration Services, Inc.*  
P.O. Box ___, ___ 33427-3963  
1-561-241-5513

# Explanation of Benefits

| Insured: | | Claim Number: | 278727 | Sys #: | 135405 |
|---|---|---|---|---|---|
| ~~CHIRRIL GALAXY~~ ~~480 SCALAXY~~ | | Processor: | HMF | | |
| PHARR, TX 78577 | | Provider: | RGOI AMBULATORY SURGERY CENTER | | |
| S.S.N. ID: ~~_____~~ | | Provider ID: | 742891372-A | | |
| Patient: ~~GABRIELA GALAXY~~ | | Your Reference: | 311 | | |
| Loss/Incurred Date: | 09/10/1998 | Dates of Service: | 10/13/1998 to 10/13/1998 | | |

| Description of Service | Qty | Charge | Custor Dis | Oth Ins | Reduction | Limit | Deductible | Co-Pay | Amt Paid |
|---|---|---|---|---|---|---|---|---|---|
| AMBULATORY SURGICAL CENTER GENERAL | 1 | 7,095.00 | 1,000.00 | | | 0.00 | 0.00 | 0.00 | 6,095.00 |

| F.L. Dean Student Accident Program | | Total Amount Claimed | 7,095.00 |
|---|---|---|---|
| Policy Number: | AH2-133485 | LESS: Paid by Other Insurance | 0.00 |
| Date: | 02/17/1999 | LESS: Total Disallowed/Deducted/CoPay | 1,000.00 |
| Check Number: | CC4897 | Total Amount Paid/Check Amount | 6,095.00 |

**Explanations and Reasons**

PAID IN ACCORDANCE WITH CONTRACTS WITH A & G HEALTH PLANS.

RECEIVED  
FEB 2 2 1999

The value shown in Limit above is over the Maximum Benefits available under the Policy.  
The insured should not be held responsible for any PPO Discount that may be shown above.

Keep this record for tax purposes, no other record will be provided

EXHIBIT A

# C A S

**Claims Administration Services, Inc.**

P.O. Box 3968
Boca Raton, FL 33427-3968
1-561-241-9500

## Explanation of Benefits

| | |
|---|---|
| Insured: | ~~████████████~~ |
| | PHARR, TX 78577 |
| S.S.N./ID: | ~~████████ UNK~~ |
| Patient: | ~~████████████~~ |
| Loss/Incurred Date: | 08/06/1998 |

| | |
|---|---|
| Claim Number: | 278817    Sys #: 125591 |
| Processor: | HMF |
| Provider: | RCOI AMBULATORY SURGERY CENTER |
| Provider ID: | 742891372-A |
| Your Reference: | 0000941 |
| Dates of Service: | 11/21/1998 to 11/21/1998 |

| Service | Units | Billed Charges | Disallowed | Reason | Limits | Deductible | Co-Pay | Amt Paid |
|---|---|---|---|---|---|---|---|---|
| AMBULATORY SURGICAL CENTER GENERAL | 1 | 8,725.00 | 1,000.00 | | 0.00 | 0.00 | 0.00 | 7,725.00 |

| | | | |
|---|---|---|---|
| F.L.Dean Student Accident Program | | **Total Amount Claimed** | 8,725.00 |
| Policy Number: AH2-133485 | | LESS: Paid by Other Insurance | 0.00 |
| Date: 02/17/1999 | | ~~~~~~al Disallowed/Deducted/CoPay | 1,000.00 |
| Check Numbers: 004808 | | ~~~~unt Paid/Check Amount | 7,725.00 |

**Explanations and Reasons**

*Ticket #941*

THIS REI~~███~~ ~~██~~ ACCORDANCE WITH THE
CONTRACT ~~███~~ ~~██~~ PLANS.

The value shown in Limit above is over the Maximum Benefits available under the Policy.
The insured should not be held responsible for any PPO Discount that may be shown above.

Keep this record for tax purposes, no other record will be provided

**C A S**

Administration
Services, Inc.

P.O. Box 3764
Boca Raton, FL 33427-3968
1-561-241-9500

# Explanation of Benefits

| | |
|---|---|
| Insured: | ~~[redacted]~~ |
| | ALAMO, TX 78516 |
| S.S.N./AD: | ~~[redacted]~~ RK |
| Patient: | ~~[redacted]~~ |
| Loss/Incurred Date: | 09/03/1998 |

| | |
|---|---|
| Claim Number: | 278723    Sys #:    129930 |
| Processor: | HMF |
| Provider: | RGOI AMBULATORY SURGERY CENTE |
| Provider ID: | 742891372-A |
| Your Reference: | 454831 |
| Dates of Service: | 09/29/1998 to 09/29/1998 |

| Service | Units | Amount Billed | Limit | | | | | | Amt Paid |
|---|---|---|---|---|---|---|---|---|---|
| AMBULATORY SURGICAL CENTER GENERAL | 1 | 5,720.00 | 970.00 | | | 0.00 | 0.00 | 0.00 | 4,750.00 |

RECEIVED

| | | | |
|---|---|---|---|
| F.L.Dean Student Accident Program | | Total Amount Claimed | 5,720.00 |
| Policy Number: | AH2-133485 | LESS: Paid by Other Insurance | 0.00 |
| Date: | 02/17/1999 | LESS: Total Disallowed/Deducted/CoPay | 970.00 |
| Check Number: | 004698 | Total Amount Paid/Check Amount | 4,750.00 |

## Explanations and Reasons

PAID IN ACCORDANCE WITH CONTRACTS WITH A & G HEALTH PLANS.

*Ticket
105-1*

The value shown in Limit above is over the Maximum Benefits available under the Policy.
The Insured should not be held responsible for any PPO Discount that may be shown above.

Keep this record for tax purposes, no other record will be provided

**C A S**
**Claims Administration Services, Inc.**

P.O. Box 3968
Boca Raton, FL 33427-3968
1-561-241-9500

# Explanation of Benefits

| Insured: ███████████ ███████ ███████████ ALAMO, TX 78516 | Claim Number: | 278730 | Sys #: | 135401 |
|---|---|---|---|---|
| | Processor: | HMF | | |
| | Provider: | RGOJ AMBULATORY SURGERY CENTER | | |
| I.S.N./ID: ███████████ | Provider ID: | 742891372-A | | |
| Patient: ████████ | Your Reference: | 00000851 | | |
| Loss/Incurred Date:   10/14/1998 | Dates of Service: | 10/20/1998 to 10/20/1998 | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| AMBULATORY SURGICAL CENTER GENERAL | 1 | 5,370.00 | 1,000.00 | | | 0.00 | 0.00 | 0.00 | 4,370.00 |

| F.L.Dean Student Accident Program | | Total Amount Claimed | 5,370.00 |
|---|---|---|---|
| Policy Number: | AH2-133485 | LESS: Paid by Other Insurance | 0.00 |
| Date: | 02/10/1999 | LESS: Total Disallowed/Deducted/CoPay | 1,000.00 |
| Check Number: | 004582 | Total Amount Paid/Check Amount | 4,370.00 |

**Explanations and Reasons**

NETWORK DISCOUNT IN AGREEMENT WITH A & G HEALTH PLANS.

## RECEIVED
### FEB 1 9 1999

The value shown in Limit above is over the Maximum Benefits available under the Policy.
The Insured should not be held responsible for any PPO Discount that may be shown above.

Keep this record for tax purposes, no other record will be provided

# C A S

**Claims Administration Services, Inc.**

P.O. Box 3961
Boca Raton, FL 33427-3961
1-561-241-9500

## Explanation of Benefits

| Insured: | ~~REDACTED~~ | Claim Number: | 259695   Sys #:  138538 |
|---|---|---|---|
| | ~~REDACTED~~ LA | Processor: | VAB |
| | 1~~REDACTED~~ STREET | Provider: | RGOI AMBULATORY SURGERY CENTER |
| | SAN JUAN, TX 78589 | | |
| S.S.N.no: | 4~~REDACTED~~ UNK | Provider ID: | 742891372-A |
| Patient: | ~~REDACTED~~ | Your Reference: | 00001291 |
| Loss/Incurred Date: | 10/15/1998 | Dates of Service: | 11/14/1998 to 11/14/1998 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| AMBULATORY SURGICAL CENTER GENERAL | 1 | 6,620.00 | 1,000.00 | | | 0.00 | 0.00 | 0.00 | 5,620.00 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| F.L.Dean Student Accident Program | Total Amount Claimed | | 6,620.00 |
|---|---|---|---|
| Policy Number: AH2-133485 | LESS: Paid by Other Insurer | | 0.00 |
| Date: 02/11/1999 | LESS: Total Disallowed/T      CoPay | | 1,000.00 |
| Check Number: 004669 | Total Amount Paid/C* | | 5,620.00 |

## Explanations and Reasons

PAID IN ACCORDANCE WITH CONTRACTS WITH A & G HEALTH PLANS

*Ticket 129-1*

**RECEIVED**
FEB 2 2 1999

The value shown in Limit above is over the Maximum Benefits available under the Policy.
The Insured should not be held responsible for any PPO Discount that may be shown above.

Keep this record for tax purposes, no other record will be provided

# C A S
**Claims Administration Services, Inc.**

P.O. Box 3968
Boca Raton, FL 33427-3968
1-561-241-9300

## Explanation of Benefits

| | |
|---|---|
| sured: | ~~ANTONIO ALVARADO~~ |
| | ~~PO BOX 899~~ |
| | EDCOUCH, TX 78538 |
| .S.N./ID: | ~~XXXX-XXXX~~-UNK |
| atient: | ~~ANTONIO R ALVARADO~~ |
| ness/Incurred Date: | 09/07/1998 |

| | |
|---|---|
| Claim Number: | 234419    Sys #: 125440 |
| Processor: | HMF |
| Provider: | RGOI AMBULATORY SURGERY CENTER |
| Provider ID: | 742891372-A |
| Your Reference: | 251 |
| Dates of Service: | 10/17/1998 to 10/17/1998 |

| Description | | Amount Claimed | Limit | | | | | Amount Paid |
|---|---|---|---|---|---|---|---|---|
| AMBULATORY SURGICAL CENTER GENERAL | 1 | 12,215.00 | 1,000.00 | | 0.00 | 0.00 | 0.00 | 11,215.00 |

| | | | |
|---|---|---|---|
| F.L.Dean Student Accident Program | | Total Amount Claimed | 12,215.00 |
| Policy Number: | AH2-133461 | LESS: Paid by Other Insurance | 0.00 |
| Date: | 02/17/1999 | LESS: Total Disallowed/Deducted/Copay | 1,000.00 |
| Check Number: | 004694 | Total Amount Paid/Check Amount | 11,215.00 |

**RECEIVED FEB 2 0 1999**

— Explanations and Reasons —

AID IN ACCORDANCE WITH DISCOUNT AGREEMENT WITH A & G HEALTH PLANS.

**RECEIVED FEB 2 5 1999**

ACL

The value shown in Limit above is over the Maximum Benefits available under the Policy.
The Insured should not be held responsible for any PPO Discount that may be shown above.

Keep this record for tax purposes, no other record will be provided

**C A S**  *Claims Administration Services, Inc.*

P.O. Box 3968
Boca Raton, FL 33427-3968
1-561-241-9500

# Explanation of Benefits

| Insured: | ~~CHRISTOPHER NELSON~~ | Claim Number: | 234230  Sys #:  130069 |
|---|---|---|---|
| | ~~NELSON 23~~ | Processor: | HMF |
| | WESLACO, TX 78596 | Provider: | RGOI AMBULATORY SURGERY CENTER |
| S.S.N./ID: | ~~XXXXXXX~~ | Provider ID: | 742891372-A |
| Patient: | ~~CHRISTOPHER NELSON~~ | Your Reference: | 221 |
| Loss/Incurred Date: | 09/11/1998 | Dates of Service: | 10/15/1998 to 10/15/1998 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| AMBULATORY SURGICAL CENTER GENERAL | 1 | 6,360.00 | 1,000.00 | | 0.00 | 0.00 | 0.00 | 5,360.00 |

| F.L.Dean Student Accident Program | | Total Amount Claimed | 6,360.00 |
|---|---|---|---|
| Policy Number: | AH3-917285 | LESS: Paid by Other Insurance | 0.00 |
| Date: | 03/11/1999 | LESS: Total Disallowed/Deducted/CoPay | 1,000.00 |
| Check Number: | 006210 | Total Amount Paid/Check Amount | 5,360.00 |

**Explanations and Reasons**

PAID IN ACCORDANCE WITH A DISCOUNT AGREE        LTH PLANS.

*Ticket 81-1*

RECEIVED
MAR 1 6 1999

The value shown in Limit above is over    Maximum Benefits available under the Policy.
The insured should not be held responsible for any PPO Discount that may be shown above.

Keep this record for tax purposes, no other record will be provided

# C A S

**Claims Administration Services, Inc.**

P.O. Box 3944
Boca Raton, FL 33427-3944
1-561-241-9500

## Explanation of Benefits

| | | | |
|---|---|---|---|
| Insured: | ~~REDACTED~~ | Claim Number: | 278940   Sys #:  142055 |
| | SAN JUAN, TX 78589 | Processor: | VAB |
| S.S.N./ID: | ~~REDACTED~~ | Provider: | RGOI ASC LTD |
| Patient: | ~~REDACTED~~ | Provider ID: | 742891372-A |
| | | Your Reference: | 00002071 |
| Loss/Incurred Date: | 12/01/1998 | Dates of Service: | 01/14/1999 to 01/14/1999 |

| | | | | | | |
|---|---|---|---|---|---|---|
| AMBULATORY SURGICAL CENTER GENERAL | 1 17,920.00 | 1,000.00 | 03 | 3,514.66 | 0.00 | 0.00 | 13,405.34 |

| | | |
|---|---|---|
| F.L.Dean Student Accident Program | Total Amount Claimed | 17,920.00 |
| Policy Number:   AH2-133485 | LESS: Paid by Other Insurance | 0.00 |
| Date:                03/16/1999 | LESS: Total Disallowed/Deducted/CoPay | 4,514.66 |
| Check Number:   006862 | Total Amount Paid/Check Amount | 13,405.34 |

**Explanations and Reasons**

3  The maximum policy benefit per loss has been exhausted.

THIS REIMBURSEMENT IS IN ACCORDANCE WITH C*        * WITH A&G HEALTH PLANS

### RECEIVED

MAR 2 9 1999

*Ticket # 262-1*

The value shown in Limit abt.          ...um Benefits available under the Policy.
The insured should not be hel.        .. any PPO Discount that may be shown above.

.. ais record for tax purposes; no other record will be provided

# $A_S$ Administration Services, Inc.

P.O. Box 7047
Boca Raton, FL 33427-3948
(561) 141-1563

# Explanation of Benefits

| Insured: | ~~[REDACTED]~~ | Claim Number: | 471370 | Sys #: | 161329 |
| --- | --- | --- | --- | --- | --- |
| | PHARR, TX 78577 | Processor: | DFH | | |
| S.S.N./ID: | ~~[REDACTED]~~ | Provider: | RGOI ASC LTD | | |
| | | Provider ID: | 742891372-A | | |
| Patient: | ~~[REDACTED]~~ | Your Reference: | 4081 | | |
| Loss/Incurred Date: | 04/26/1999 | Dates of Service: | 07/22/1999 to 07/22/1999 | | |

| DESCRIPTION OF SERVICES | | AMOUNT CLAIMED | ALLOWED | | | | | | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| AMBULATORY SURGICAL CENTER GENERAL | 1 | 4,895.00 | 3,945.00 | | 0.00 | 0.00 | 0.00 | | 950.00 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| F.L.Dean Student Accident Program | | | |
| --- | --- | --- | --- |
| Policy Number: | AH2-133485 | Total Amount Claimed | 4,895.00 |
| Date: | 01/14/2000 | LESS: Paid by Other Insurance | 0.00 |
| Check Number: | 021615 | LESS: Total Disallowed/Deducted/CoPay | 3,945.00 |
| | | Total Amount Paid/Check Amount | 950.00 |

— Explanations and Reasons —

THE ALLOWANCE IS BASED UPON THE ST.ANTHONY'S GUIDE TO AMBULATORY SURGERY CENTER PAYMENT GROUPS.

The value shown in Limit above is over the Maximum Benefits available under the Policy.
The Insured should not be held responsible for any PPO Discount that may be shown above.

Keep this record for tax purposes, no other record will be provided.

# C A S
**Claims Administration Services, Inc.**
P.O. Box A
Boca Raton, FL 13427-3968
1-56:-241-9500

## Explanation of Benefits

| | |
|---|---|
| Insured: | Claim Number: 352404   Sys #: 159108 |
| | Processor: HM~ |
| SAN JUAN, TX 78589 | Provider: ROGI ASC LTD |
| S.S.N /ID: | Provider ID: 742391372-A |
| Patient: | You: Reference: 0003401 |
| Loss/Incurred Date:   02/23/1999 | Dates of Service:   05/05/1999 to 05/05/1999 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| AMBULATORY SURGICAL CENTER GENERAL | 1 | 17,045.00 | 15,470.05 | 0.00 | 0.00 | 0.00 | 1,574.95 |

| F.L. Dean Student Accident Program | | |
|---|---|---|
| Policy Number:   AH2-133485 | Total Amount Claimed | 17,045.00 |
| Date:   12/08/1999 | LESS: Paid by Other Insurance | 0.00 |
| Check Number:   020957 | LESS: Total Disallowed/Deducted/CoPay | 13,470.05 |
| | Total Amount Paid/Check Amount | 1,574.95 |

**Explanations and Reasons**

THE ALLOWANCE IS BASED UPON THE ST. ANTHONY'S GUIDE TO AMBULATORY SURGERY CENTER PAYMENT GROUPS.

DEC 13 1999

The value shown in Limit above is over the Maximum Benefits available under the Policy.
The insured should not be held responsible for any PPO Discount that may be shown above.

Keep this record for tax purposes, no other record will be provided

<u>REQUEST NO. 24</u>:  All documents, tangible things, reports, models, or data compilations, that have been provided to, reviewed by, or prepared by or for an expert in anticipation of the expert's testimony.

<u>RESPONSE:</u>  CAS does not have such documents yet.  It will make such documents available when they exist.

<u>REQUEST NO. 25</u>:  A copy of the Curriculum Vitae or resume for any testifying expert.

<u>RESPONSE:</u>  CAS does not have such documents yet.  It will make such documents available when they exist.

<u>REQUEST NO. 26</u>:  All indemnity agreements between any of the defendants in this case.

<u>RESPONSE:</u>  No such documents exist.

<u>REQUEST NO. 27</u>:  Copies of all internal memoranda of Legion Insurance Company pertaining to the policies and/or claims made the subject of this suit, including but not limited to, memoranda or other correspondence between Debra James Vance and the claims department for Legion Insurance Company.

<u>RESPONSE:</u>  CAS does not have such documents.

<u>REQUEST NO. 28</u>:  Copies of all internal memoranda of Claims Administration Services, Inc., pertaining to the policies and/or claims made the subject matter of this suit, including but not limited to, memoranda or other correspondence between Peter Holt and the claims department for Claims Administration Services, Inc.

<u>RESPONSE:</u>  CAS will make these documents available.

<u>REQUEST NO. 29</u>:  Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Oscar Sandoval, Policy #AH2-133461, on December 17, 1998, and paid on February 4, 1999.

<u>RESPONSE:</u>  CAS does not have such documents.  Legion Insurance Company has terminated CAS as its Third Party Administrator.  This file and all of its Legion Insurance claims files have been turned over to Legion Insurance's new Third Party Administrator,

8



Brown & Brown, 220 South Ridgewood Ave., Suite 410, Daytona Beach, Florida 32115 (800-323-4890. As such, they are under Legion Insurance's control.

REQUEST NO. 30: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Inc., for services rendered to Adan Delagarza, Policy #AH2-133485, on March 30, 1999, and paid on December 15, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 31: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Irene Cantu, Policy #AH2-133485, on October 21, 1998, and paid in two separate checks received by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., on December 8, 1998 and July 29, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 32: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Eduardo Perez, Policy #AH2-133485, on October 29, 1998, and paid on February 10, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 33: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Francisco Avalos, Policy #AH3-917285, on November 12, 1998, and paid on February 10, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 34: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery

Center, Ltd., for services rendered to Erik Diaz, Policy #AH2-133485, on October 20, 1998, and paid on February 10, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 35: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Donnie Quintanilla, Policy #AH2-133485, on November 14, 1998, and paid on February 11, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 36: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Antonio Alvarado, Policy #AH2-133461, on October 17, 1998, and paid on February 17, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 37: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Gabriella Garcia, Policy #AH2-133485, on October 13, 1998, and paid on February 17, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 38: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Yoana Guzman, Policy #AH2-133485, on November 21, 1998, and paid on February 17, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 39: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery

10

Center, Ltd., for services rendered to Juan Fernandez, Policy #AH2-133485, on September 29, 1998, and paid on February 17, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 40: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Christopher Raleigh, Policy #AH3-917285, on October 15, 1998, and paid on March 11, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 41: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Christina Martinez, Policy #AH2-133485, on January 14, 1999, and paid on March 16, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 42: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Rene Chavez, Policy #AH2-133485, on May 19, 1999, and paid on July 27, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 43: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Hugo Lopez, Policy #AH2-133485, on February 16, 1999, and paid on July 27, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 44: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery

Center, Ltd., for services rendered to Amanda Marin, Policy #AH3-917285, on February 25, 1999, and paid on August 6, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 45: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Armando Cano, Policy #AH2-133461, on March 19, 1999, and paid on August 11, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 46: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Rene Chavez, Policy #AH2-133485, on July 22, 1999, and paid on January 14, 2000.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 47: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Sarah Jimenez, Policy #AH3-197285, on May 15, 1999, and paid on December 10, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 48: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Susie Marroquin, Policy #AH2-133485, on January 16, 1999, and paid on December 8, 1999.

RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

REQUEST NO. 49: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery

Center, Ltd., for services rendered to Selbestre Gutierrez, Policy #AH2-133485, on May 5, 1999, and paid on December 8, 1999.

    RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

    REQUEST NO. 50: Copies of the claims file and/or any file that contains documents which evidence or show how Claims Administration Services, Inc., and/or Legion Insurance Company adjusted and paid the claim submitted by Rio Grande Orthopaedic Institute Ambulatory Surgery Center, Ltd., for services rendered to Rosa Rodriguez, Policy #AH2-133485, on October 29, 1998, and paid on December 3, 1998.

    RESPONSE: The Response to this Request is the same as the Response to Request No. 29.

    REQUEST NO. 51: Any and all documents that indicate claims incurred and claims paid for the policies made the subject of this lawsuit.

    RESPONSE: CAS believes that all of the documents that fall within this Request have already been covered by Requests No. 29-50. If any additional documents are being requested, please clarify.

    REQUEST NO. 52: All correspondence, regardless of form, between A&G Health Plans and Claims Administration Services, Inc., relating to any of the claims of the Plaintiffs for services rendered to students/employees under the policies which form the subject matter of this suit.

    RESPONSE: All such documents are contained in the claims files. See Response to No. 29 above.

    REQUEST NO. 53: All correspondence, regardless of form, between A&G Health Plans and Legion Insurance Company, relating to any of the claims of the Plaintiffs for services rendered to students/employees under the policies which form the subject matter of this suit.

    RESPONSE: CAS does not have such documents.

    REQUEST NO. 54: All correspondence, regardless of form, between A&G Health Plans and John Little, relating to any of the claims of the Plaintiffs for services rendered to students/employees under the policies which form the subject matter of this suit.

    RESPONSE: CAS does not have such documents.

13



**BROWN & BROWN BENEFITS**
P.O. Box 2480
220 S. Ridgewood Ave. Ste. 410
Daytona Beach FL 32115-2480

Forwarding Service Requested

ALL FOR AADC 783

51525 0-7808 AB 0-260
RGOI AMBULATORY SURGERY CENT 212
5520 NORTH C STREET
MCALLEN, TX 78504-2222

If you have questions please call

(386) 239-5710
or contact us at www.bbbenefits.com

Employee Name: ████████ ██████
Patient: ████████████
I.D. Number: 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
Group #: K1298
Location #: 001
Location Name: 001
Claim #: 0101902-02
Patient #: 00003662
Adjuster Code: JLR
Date: 07/31/2001

Patient Responsibility

Explanation of Benefits for Services Provided By:
RGOI AMBULATORY SURGERY CENTER

| Service Date | Service Code | Charges Submitted | Ineligible Amount | Remark Code** | Discount | Covered Expenses | Deductible(s) Applied | CoPay Applied | Balance Remaining | % Plan Pays | Plan Payment |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/20-05/20/1999 | HO | 7,995.00 | 0.00 | | 0.00 | 7,995.00 | 0.00 | 0.00 | 7,995.00 | 100% | 7,995.00 |
| TOTALS | | 7,995.00 | 0.00 | | 0.00 | 7,995.00 | 0.00 | 0.00 | 7,995.00 | | 7,995.00 |

Other Credits or Adjustments 0.00
Total Plan Payment 7,995.00

Service Code
HO HOSPITAL OUTPATIENT

**Explanation of Remark Code(s)

Messages
Your 1999 deductible has been satisfied

*** Please refer to your Summary Plan Description for your rights under ERISA.

AUG 11 2001



TO THE ORDER OF: RGOI AMBULATORY SURGERY CENTER

DAYTONA BANK
DAYTONA BEACH, FL
VOID 12 MONTHS FROM ISSUE DATE

#000007296# ⑆063105308⑆053000195663⑆

EXHIBIT
C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIO GRANDE ORTHOPAEDIC<br>INSTITUTE, AND RIO GRANDE<br>ORTHOPAEDIC INSTITUTE<br>AMBULATORY SURGERY CENTER,<br>LTD., PLAINTIFFS | §<br>§<br>§<br>§<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO.  B-00-037 |
| LEGION INSURANCE COMPANY,<br>ET AL., DEFENDANTS | §<br>§ | |

## ORDER

Came on to be considered before the Court, Legion Insurance Company's First Motion to Compel.  Upon review of the motion and a hearing, the Court finds that the motion is without merit and should in all respects be denied.

IT IS THEREFORE ORDERED that Defendant Legion Insurance Company's First Motion to Compel is hereby **DENIED** in all respects.

DONE in Brownsville, Texas on this the _____ day of _____, 2001.

_____
Filemon B. Vela
United States District Court Judge